UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

IN RE:

JON CHRISTOPHER EVANS          CASE NO. 09-03763-NPO

DEBTOR                          CHAPTER 7

*Jointly Administered with Related Cases*

---

G&B INVESTMENTS, INC.          PLAINTIFF

versus                          ADV. PROC. NO. 10-00040-NPO

DEREK A. HENDERSON, TRUSTEE FOR
THE BANKRUPTCY ESTATE OF JON
CHRISTOPHER EVANS, et al.       DEFENDANTS

---

**BANK OF FOREST'S AMENDED NOTICE OF RULE 30(b)(6) DEPOSITION
OF OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY**

---

PLEASE TAKE NOTICE that Cross-Claimant, the Bank of Forest, pursuant to Federal Rule of Bankruptcy Procedure 7030, et seq., and Federal Rule of Civil Procedure 30(b)(6), will take the deposition of Old Republic National Title Insurance Company before a notary public or some other officer authorized to administer oaths, as follows:

Date:      December 2, 2010

Time:      9:00 o'clock A.M.

Location:  Boardroom 813
           Embassy Suites Minneapolis Airport
           7901 34th Avenue South
           Bloomington, Minnesota 55425
           Tel. (952) 854-1000

Pursuant to Rule 30(b)(6), the deponent shall designate one or more officers, agents or other persons who consent to testify to the extent of deponent's knowledge and on its behalf to the following areas of inquiry:

1. The legal and/or corporate relationship existing between MVT and Old Republic, including common offices, officers, operating rules, and/or accounting or financial procedures.

2. Identification and description of the various departments or divisions within Old Republic, their functions, and the persons in charge of each department or division.

3. Old Republic's relationship with Charles Evans, Jon C. Evans, and/or any debtor entity jointly administered with the Estate of Jon C. Evans.

4. Identification and description of any agency or approved attorney designation which Old Republic granted to Charles Evans, including Old Republic's contentions as to the extent of Charles Evans' authority to act on its behalf.

5. Identification, authenticity, substance and content of all documents which reflect Charles Evans' status as an agent for Old Republic, as an approved attorney for Old Republic, or which reflect any other relationship with Old Republic, and any Old Republic standards pertinent to such position held by Evans.

6. Identification, authenticity, substance and content of any notice or document which Old Republic gave to BoF which reflected any restrictions on Charles Evans' authority to act for Old Republic or to make representations on behalf of Old Republic.

7. The factual basis of any contention by Old Republic that Charles Evans was not acting within the course and scope of any agency or other position which Evans held with Old Republic in connection with the 2008 White Oak loan, with the 2009 White Oak loan, or with any dealings involving BoF.

8. Identification, authenticity, substance and content of all contracts,

agreements, notices, licenses, agency agreements, approved attorney agreements, or certificates issued by you to Charles Evans or other documents of any type which address the legal or other relationship between Old Republic and Charles Evans.

9. Identification and description of all acts which Charles Evans typically performed on Old Republic's behalf or performed with its consent and/or permission in any real property transaction for which Old Republic collected or intended to collect a premium, including but not limited to, title research; title opinions or certifications; preparation and/or transmittal of applications; submission of information for issuance of title commitments and/or title insurance policies; delivery of title commitments and/or title insurance policies; premium collection and/or transmittal of premiums to Old Republic; transmittal of communications to and from insureds or prospective insureds; and preparation and recording of deeds and other documents of transfer.

10. Identification and description of all acts which Charles Evans performed on Old Republic's behalf or performed with Old Republic's consent and/or permission in the real property transactions which are the subject of this action, including but not limited to, the 2008 White Oaks loan and the 2009 White Oaks loan.

11. The factual basis of any contention by Old Republic that BoF was not entitled to reasonably rely on the acts and/or representations of Charles Evans in connection with the 2008 White Oak loan and 2009 White Oak loan.

12. The amount of income, in the form of premiums or otherwise, which Old Republic received through transactions involving Charles Evans since the inception of Old Republic's relationship with Evans, regardless of Old Republic's contentions as to the legal status of its relationship with Evans.

13. The manner in which Old Republic compensated Charles Evans for any work done in connection with the 2008 White Oaks loan and/or the 2009 White Oaks loan.

14. The amount of premium or other money which Old Republic charged BoF for title work, the title commitment and/or the title insurance policy issued to BoF in connection with the 2008 White Oaks loan.

15. The amount of premium or other money which Old Republic charged BoF for the title work and the title commitment issued to BoF and the amount of premium or other money which Old Republic charged BoF in anticipation of the issuance of a title insurance policy in connection with the 2009 White Oaks loan.

16. The purposes of a title commitment, including reasons for issuance of the same, and whether Old Republic believes that its insureds or prospective insureds have a right to rely thereon.

17. The purposes of a title insurance policy, including the risks or causes of loss covered therein, and whether Old Republic believes that its insureds have a right to rely on Old Republic's performance of its contractual obligations set forth therein.

18. Identification, authenticity, substance and content of Old Republic's internal rules, manuals, policies or procedures relating to:

    a. Any mandates or requirements of Old Republic with which MVT, its offers, directors, agents or employees must comply.

    b. Title commitments, including the purposes served by the same, and Old Republic's internal processes and requirements for the issuance of title commitments by Old Republic or related entities.

  c. Due diligence activities of Old Republic or its related entities in connection with the issuance of title commitments and title insurance policies.

  d. Underwriting actions, processes or requirements prior the issuance of title commitments and title insurance policies by Old Republic or its related entities.

  e. Claims handling or adjustment actions, processes or requirements pertinent to any insured to which Old Republic or its related entity issued a title insurance policy.

  f. Attorneys serving as Old Republic's agents, approved attorneys, or any attorney performing services in any real property transaction in which Old Republic contemplates the issuance of a title commitment or title insurance policy by Old Republic or its related entities, including but not limited to, rules, manuals, policies or procedures relating to the supervision, direction, instruction or audit of such persons.

  g. Issuance of title commitments and/or title insurance policies on real property in which any employee, officer, agent, approved attorney, attorney performing any title work, or any relative of such persons owns or will own any interest, either directly or indirectly.

  h. Allowing the performance of title work or certification by an attorney who owns or will own, or whose relative owns or will own, an interest, directly or indirectly, in any real property which is the subject of the title work and pending real property transaction.

  i. Investigation of or inquiry about the persons or entities, including their owners or principals, who own or will own any interest, directly

or indirectly, in any real property for which Old Republic or a related entity issues a title commitment or title insurance policy.

      j.     Investigation or detection of fraud or other misfeasance in connection with any real property transaction submitted to Old Republic or a related entity for issuance of a title commitment or title insurance policy, including but not limited to, fraud or misfeasance in connection with title research, title opinions or certificates, surveys, applications for issuance of commitments or policies, or the preparation or recording of property transfer instruments.

      k.     The manner or method, if any, by which Old Republic or a related entity confirms or attempts to confirm the validity and legitimacy of a real property transaction for which it contemplates the issuance of a title commitment or title insurance policy.

19.     Identification of any employee, agent or officer of Old Republic having responsibility for supervision, direction, instruction, or audit of Charles Evans or for communications with Charles Evans.

20.     The date, manner and result of all audits of Charles Evans by Old Republic, including the identity of all persons who conducted such audits on behalf of Old Republic.

21.     Identification, authenticity, substance and content of all documents reflecting any supervision, direction, instruction or audit of Charles Evans or any communications between Old Republic and Charles Evans.

22.     The nature, extent and substance of any investigation or inquiry made by Old Republic into Charles Evans' personal or professional history, training,

qualifications or certifications, including but not limited to, any civil, criminal or disciplinary actions to which he was a party.

23. All transactions or communications between Old Republic and Jon C. Evans or any employee or agent of Hanover Investments, LLC; 463 Development Company, LLC; Town Park of Madison, LLC; Landsdowne Group, LLC; and/or White Oaks Investment Company, LLC, which relate in any manner to the allegations of BoF's Cross-Claim against Old Republic or Old Republic's defenses thereto.

24. Identification, authenticity, substance and content of all documents relating to any transactions or communications between Old Republic and Jon C. Evans or any debtor entity jointly administered with the Estate of Jon C. Evans, including but not limited to, those real property transactions which are the subject of this action.

25. All communications between MVT and Old Republic or between Old Republic's employees, agents and/or officers which pertain to the real property transactions which are the subject of this action; which pertain to BoF; which pertain to Charles Evans or Jon C. Evans; or which pertain to any debtor entity jointly administered with the Estate of Jon C. Evans.

26. Identification, authenticity, substance and content of all documents relating to any communications between MVT and Old Republic or between Old Republic's employees, agents and/or officers which pertain to the real property transactions which are the subject of this action; which pertain to BoF; which pertain to Charles Evans or Jon C. Evans; or which pertain to any debtor entity jointly administered with the Estate of Jon C. Evans.

27. All communications between Old Republic and any other person or

entity relating to the real property transactions which are the subject of this action; which pertain to Charles Evans or Jon C. Evans; or which pertain to any debtor entity jointly administered with the Estate of Jon C. Evans.

28. Identification, authenticity, substance and content of all documents relating to the property known as Tract 4 in this action.

29. Identification, authenticity, substance and content of all documents relating to the 2008 White Oaks loan and the 2009 White Oaks loan.

30. Identification, authenticity, substance and content of any title commitments and/or title insurance policies, applications for the same, title opinions or certificates, or other documents referencing title that are related to the 2008 White Oaks loan and the 2009 White Oaks loan.

31. Old Republic's interpretation and construction of the terms and provisions contained within any title commitment and/or title insurance policy issued to BoF in connection with the 2008 White Oaks loan and the 2009 White Oaks loan, including but not limited to, identification of Old Republic's contractual obligations therein; the coverages afforded therein; any coverage exclusions or conditions therein; any exclusions or exceptions therein; and any ambiguities contained in any such documents.

32. The manner in which Old Republic contends it has performed or is performing any contractual obligations set forth in any title commitment or title insurance policy issued to BoF in connection with the 2008 White Oaks loan and the 2009 White Oaks loan, including an explanation of how Old Republic's actions constitute any performance.

33. Identification of all legal actions which Old Republic instituted, directly

or on behalf of BoF, for the purpose of curing BoF's interest in or title to any real property involved in the 2008 White Oaks loan or the 2009 White Oaks loan, including Old Republic's strategy for achieving cure and the likelihood of cure through such legal action.

34. All instructions, communications or directions given by Old Republic to attorneys retained by it to prosecute any cure actions on behalf of BoF, including identification, authenticity, substance and content of all documents reflecting such instructions, communications or directions.

35. All reasons why Old Republic has not paid BoF's claim for the contract amount under the title insurance policy issued to BoF in connection with the 2008 White Oaks loan, including the factual basis for such reasons, the identify of persons having knowledge of such facts, and identification of all documents which evidence such facts.

36. All reasons why Old Republic did not issue a policy of title insurance to BoF in connection with the 2009 White Oaks loan, including the factual basis for such reasons, the identity of persons having knowledge of such facts, and identification of all documents which evidence such facts.

37. The factual basis of all claims for declaratory relief made by Old Republic in any action it filed against BoF relating to the 2008 White Oak loan and/or the 2009 White Oak loan.

38. Old Republic's contention as to its first notice of any fraud, misfeasance or wrongful conduct by Charles Evans in connection with any transaction involving MVT or Old Republic, including the identity of all persons who received such notice, the content of such notice, the source of such notice, and the method of transmittal of

such notice to Old Republic.

39. The details of any investigation or inquiry undertaken by Old Republic with regard to Charles Evans, including the identify of the persons undertaking the same, its inclusive dates, the results of the investigation or inquiry, and identification of all documents reflecting such investigation or inquiry.

40. Old Republic's financial condition and net worth, including identification, authenticity, substance and content of all financial records evidencing the same, and whether its financial records are consolidated with those of any other entity.

41. The factual basis of all defenses and/or affirmative defenses pled or asserted by Old Republic in response to BoF's Cross-Claim filed in this matter.

42. Identification, authenticity, substance and content of all documents produced by Old Republic in this matter.

43. All facts supporting Old Republic's answers to interrogatories and/or responses to requests for production propounded by BoF in this matter.

44. All areas and subjects of inquiry set forth in the Notice of 30(b)(6) Deposition of Old Republic filed by G&B Investments, Inc. on or about October 25, 2010.

45. The identity, job title and duties, and employment history of any agent, officer or person giving testimony on behalf of Old Republic.

In connection with the foregoing areas or subject of inquiry and as used herein, the following words or phrases shall have the following meanings:

(1) "MVT" means Mississippi Valley Title Insurance Company, including its employees, agents and officers.

(2)  "Old Republic" means Old Republic National Title Insurance Company, including its employees, agents and officers.

(3)  "Document" or "documents" mean any written, typed, printed, drawn, graphic, or electronically created or stored information or data.

(4)  "Communication" or "communications" mean any communications, messages or transmittals of information, whether in verbal, telephonic, written, typed, printed, drawn, graphic, or electronic format or form.

(5)  "BoF" means the Bank of Forest.

(6)  The "2008 White Oaks loan" and/or the "2009 White Oaks loan" are those loans made by BoF to White Oaks Investment Company, LLC that are referenced in BoF's Cross-Claim filed against MVT and/or Old Republic in this matter.

Said deposition may be video recorded in addition to being stenographically recorded and shall continue from day to day until completed. You are invited to attend and examine the deponent.

Dated: November 18, 2010.

s/William Liston, III
WILLIAM LISTON, III (MSB#8482)
LISTON/LANCASTER PLLC
P. O. Box 14127
Jackson, MS 39236
Tel. (601) 981-1636
Fax. (601) 982-0371
Email: wlist3@aol.com

ATTORNEY FOR CROSS-CLAIMANT,
BANK OF FOREST

Of Counsel:

W. LAWRENCE DEAS
DEAS & DEAS
P. O. Box 7282
Tupelo, MS 38802
Tel. (662) 842-4546
Fax. (662) 844-4551
Email: Ldeas@aol.com

## Certificate of Service

  I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the parties set forth in the Electonic Mail Notice List as of the date hereof, including the following:

R. Michael Bolen, Esq.
USTPRegion05.JA.ECF@usdoj.gov

Derek A. Henderson, Trustee
d henderson@bellsouth.net

M. Scott Jones, Esq.
scott.jones@arlaw.com

David W. Clark, Esq.
dclark@babc.com

Gene D. Berry, Esq.
genedberry@berryfirm.net

William C. Brabec, Esq.
bill.brabec@arlaw.com

G. Todd Burwell, Esq.
tburwell@gtbpa.com

John G. Corlew, Esq.
jcorlew@cmslawyers.com

Michael V. Cory, Esq.
mc@dmc-law.net

Kristina M. Johnson, Esq.
kjohnson@watkinsludlam.com

Tylvestor O. Goss, Esq.
bankruptcy@dgwlaw.com

John G. Holaday, Esq.
john@msattys.com

Lucy Elizabeth Johnson, Esq.
bankruptcy@msattys.com

Michael S. MacInnis, Esq.
Mikems@bellsouth.net

Richard A. Montague, Esq.
rmontague@wellsmoore.com

Jeff D. Rawlings, Esq.
rrm_h@bellsouth.net

Kathy K. Smith, Esq.
ksmith@cmslawyers.com

R. Paul Randle, Jr., Esq.
prandall@randallsegrest.com

Michael D. Simmons, Esq.
mike@cs-law.com

  Additionally, I mailed by United States mail, postage prepaid, a true and correct copy of the foregoing document to:

Stephen Smith, Trustee
Shelton & Smith, PC
5 Old River Place, Suite 107
Jackson, MS 39202

Terry R. Levy, Esq.
P. O. Box 1084
Jackson, MS 39215-1084

Community Bank
Patrick F. McAllister, Esq.
Williford McAllister & Jacobus
303 Highland Park Cove, Suite A
Ridgeland, MS 39157-6059

Thomas R. Hudson, Esq.
BankPlus
1068 Highland Colony Parkway, Suite 200
Ridgeland, MS 39157-8807

Jeffrey K. Tyree, Esq.
P. O. Box 3380
Ridgeland, MS 39158-3380

So certified this the 18th day of November, 2010.

s/William Liston, III
William Liston, III