## RULE 26 REPORT OF GEORGE M. PIERSON

On Wednesday, November 24, 2010 I was asked to review certain information, and to offer my professional opinion relative to the actions or lack of action of Mississippi Valley Title Insurance Company and Old Republic Insurance Company, based on the facts set forth below. I have also been asked to review and respond to any expert opinions from any expert designated by any other party. Due to the fact that discovery is ongoing, all depositions are not currently available, and the amount of time I have been provided to date for review, I reserve the right to supplement and/or amend this opinion based on the review of other such information, documents and discovery which I am provided the opportunity to review. The conclusions which I am prepared to offer to the Court under Oath are based on my initial review of the following:

1. Examination Under Oath of Donald Joseph Brata, dated November 5, 2010;

2. Deposition of Mississippi Valley Title Insurance Company, through its representative, Parrish Fortenberry, dated November 19, 2010 and all exhibits;

3. Affidavit of Robert B. Jones, dated November 17, 2009;

4. Answers by Bank of Forest to 1st Set of Interrogatories, dated November 10, 2010;

5. Answers by Bank of Forest to 1st Set of Requests for Production, dated November 10, 2010;



6. Responses by Bank of Forest to 2nd Set of Requests for Production, dated November 29, 2010;

7. 1st Supplemental Responses by G&B Investments, Inc.'s to Interrogatories and Requests for Production, dated November 12, 2010;

8. Responses by Heritage Bank to 1st Set of Requests for Production, dated November 12, 2010;

9. Supplemental production by Heritage Bank to 1st Set of Requests for Production, un-dated;

10. Responses by Heritage Banking Group to 1st Set of Interrogatories, un-dated

## I. BACKGROUND AND QUALIFICATIONS

**Legal Experience and Professional Accomplishments:**

Licensed Attorney at Law in the State of Louisiana since 1976

Licensed Title Insurance Agent in the State of Louisiana since 1977, representing The Security Title Guarantee Corporation of Baltimore and First American Title Insurance Company

Attorney in private practice from 1976 until 1994 concentrating in the area of real estate law and closings, then again in private practice from September, 2000 to the present, while continuing to concentrate in the area of real estate law and closings began providing consulting services to the title insurance industry in Louisiana

From August, 1994 until September, 2000 first appointed by The Security Title Guarantee Corporation of Baltimore as its Assistant Vice President and Regional Manager, then its Regional Vice President for the States of Alabama, Louisiana and Mississippi

Former Member since 1976 of the Baton Rouge Bar Association

Member and Past Chairman of the Uniform Title Standards Section of the Baton Rouge Bar Association

Member since 1976 of the Louisiana State Bar Association

1979 and 1980 appointed as an At-Large Delegate to the Louisiana State Bar Association

Former Member of the Sole Practitioner and Small Firm Section of the Louisiana State Bar Association

Member and Treasurer of Executive and Steering Committees of the Committee on Alcohol and Drug Abuse of the Louisiana State Bar Association, operated cooperatively with the Lawyers Assistance Program, Inc.

Recipient of the 2000 Justice James L. Dennis Award presented by the Louisiana State Bar Association Committee on Alcohol and Drug Abuse

Former Member of the Louisiana Land Title Association

Served from 1994 to 2006 on the Board of Directors of the Louisiana Land Title Association

2002-2003 served as President of the Louisiana Land Title Association

Past Co-Chairman of the Louisiana Department of Insurance and Louisiana Land Title Association Industry Task Force formed in 1997

Recipient of the 1999 and 2000 Title Person of the Year Award presented by the Louisiana Land Title Association

2000 graduate of the American Land Title Association Land Title Institute Management Development Program

**Education:**

1964 graduate of University High School, Baton Rouge, Louisiana

1968 graduate of Louisiana State University, Baton Rouge, Louisiana with a Bachelor of Science Degree in Business Administration and Law

1976 graduate of The Louisiana State University Law School, Baton Rouge, Louisiana receiving a Juris Doctorate Degree

    I am being compensated for this report at an hourly rate of $175.00 an hour. I have testified as an expert in one case in the last four years. This case was styled MARTIN WOOLFOLK dba WOOLFOLK AGENCY VERSUS BARRON RUSH, PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA. The cause number was 548726 SEC./DIV. 8, 19th Judicial District Court. I have not written any articles in the last ten years.

3

## II. UNDERLYING FACTS

In the fall of 2007, G&B Investments, Inc ("G&B") was negotiating with Charles H Evans, Jr, and Jon C. Evans, regarding the sale of an approximate hundred acre tract of land located in Madison County, Mississippi and referred to generally in this litigation as Tract 4. Theses negations led to the signing of a contract in December 2007, whereby Charles Evans, on behalf of 463 Development Company, LLC, agreed to purchase Tract 4 from G&B. The contract price was $16,000,000.00, with $5,000,000.00 to be paid in cash at closing and the balance to be owner financed by G&B. Both Charles Evans and his brother, Jon C Evans were present at the closing. William Smith, a local attorney and approved attorney for Mississippi Valley Title was also present at the closing and represented Hanover and sold an owner's policy to G&B

Both at this closing and prior to the closing Charles Evans, William Smith and Jon Evans represented and affirmed that Charles Evans was paying $5,000,000.00 in cash as equity at the closing. Based on these representations, G&B agreed that it would release approximately 30 acres and only secure approximately 77 acres of Tract 4 with a Deed of Trust. The closing of Tract 4 occurred on July 23, 2008, with $5,000,000.00 in cash being paid to G&B. Prior to the closing, the original purchaser, 463 Development Company, executed an Assignment and Assumption of Agreement of Sale and Purchase of Property to Hanover Investments, Inc., LLC.

G&B subsequently learned that the $5,000,000.00 in purported cash equity paid by Charles Evans was actually acquired by Charles Evans via what appears to be a fraudulent scheme which involved and required his status as an approved attorney for Mississippi Valley Title and Old Republic; which depended on the reputation of

4

Mississippi Valley Title and Old Republic; and which would not have been possible but for Charles Evans status as an approved attorney and knowledge of the lack of oversight, audit processes and procedures, and any other meaningful supervision of him and his activities as an approved attorney of Mississippi Valley Title and/or Old Republic.

Charles Evans used his position of trust as an approved attorney for Mississippi Valley Title and/or Old Republic on and before July 18, 2008 when Jon C. Evans (through a special purpose entity known as Town Park of Madison, LLC) executed a Promissory Note and Deed of Trust to Merchants and Farmers Bank for approximately 21.5 acres of the land owned by G&B and referred to as Tract 4, in return for a loan of approximately $3,000,000.00 from Merchants and Farmers Bank. However, the Deed of Trust was not recorded until January 6, 2009, at which time a lenders policy was issued to Merchants and Farmers Bank by Mississippi Valley Title. Merchants and Farmers Bank relied on the promise and representation of Charles Evans as an approved attorney that he would provide a Mississippi Valley Title lenders policy to Merchants and Farmers Bank at the time the loan was funded to Town Park of Madison, LLC.

On July 21, 2008, Charles Evans again used his position of trust as an approved attorney for Mississippi Valley Title and/or Old Republic to fraudulently obtain a loan in the amount of $1,296,500.00 from Bank of Forrest. This was accomplished by giving a Deed of Trust and Promissory Note executed by Jon C. Evans from another special purpose entity (White Oaks Investment Company, LLC) to Bank of Forrest along with a promise and representation that Charles Evans would deliver a lenders insurance policy from Mississippi Valley Title to Bank of Forrest. The Note and Deed of Trust was for another 4.5 acres portion of the real property known as Tract 4 which was still owned by

5

G&B At the time of closing, Charles Evans procured from Mississippi Valley Title a Binder to Bank of Forrest. Mississippi Valley Title and/or Old Republic subsequently issued a lenders title policy to Bank of Forrest on September 17, 2008 Jon C Evans was disclosed in this transaction as a member White Oaks Investment Company.

Also on July 21, 2008, Charles Evans again used his position of trust as an approved attorney for Mississippi Valley Title and/or Old Republic to obtain another loan, this time in the amount of $781,980.00 from Heritage Banking Group This was accomplished by Jon C. Evans giving a Promissory Note and Deed of Trust from another special purpose entity known as, Twin Brook Road Development Company, LLC, to Heritage Bank, for approximately a 3.0 acre portion of the real property known as Tract 4, which was still owned by G&B. This transaction was reportedly closed by Charles H Evans, and Heritage Banking Group relied on the promise and representation of Charles H Evans that he would provide a lenders policy from Mississippi Valley Title Company to Heritage Banking Group Mississippi Valley Title ultimately issued a lenders policy to Heritage Banking Group on October 28, 2008

The loan proceeds fraudulently secured by Charles Evans as an approved attorney for Mississippi Valley Title and/or Old Republic were used to fraudulently close the G&B transaction which apparently would not have been consummated had the source of the funds been discovered or disclosed.

Thereafter, on April 27, 2009, Charles Evans again used his position of trust as an approved attorney of Mississippi Valley Title and Old Republic to defraud Bank First out of a loan in the amount of $828,750.00. The Promissory Note and Deed of Trust from Landsdowne Group, LLC (another special purpose entity) was signed by Jon C Evans

6

and conveyed the approximately 3 more acre portion of the real property known as Tract 4. This fraudulent transaction was also enabled and made possible by Charles Evans role as an approved attorney for Mississippi Valley Title and the promise and representation that Mississippi Valley Title would issue a lenders policy to Bank First.

Then again on August 27, 2009, Charles Evans again used his position of trust as an approved attorney for Mississippi Valley Title and/or Old Republic to obtain another fraudulent loan for $451,450.00 from Bank of Forrest. The fraud in this case was accomplished by Jon C. Evans giving Bank of Forrest a Promissory Note and Deed of Trust from Whiteoaks in return for another 5.54 more acre portion of the land known as Tract 4 along with a commitment for Title Insurance.

Ultimately, Hanover Investments defaulted on the promissory note with G&B. As a result of this default, on or around October 23, 2009, G&B purchased the 77 acres at foreclosure for the total sum of $7,000,000.00. As a result of the intervening decline in property values, the expenses and costs of the foreclosure, and the unpaid accrued interest, the loss to G&B was $4,556,717.40.

### III. SUMMARY OF OPINIONS AND CONCLUSIONS

Based on the information I have reviewed to date, it is my opinion that:

1. Based on my experience, title companies in the exercise of reasonable care should have policies and procedures that provide for the monitoring, auditing, and supervising of their Approved Attorneys and Authorized Agents. These policies and procedures should provide for things like the inspection of escrow accounts; regular audits of files; production of vesting documents prior to issuance of policies; and copies of abstracts. Had these such policies and procedures been in place, then more likely than

not the wrongful activities and ongoing fraudulent schemes carried out by Charles Evans would have been discovered, and he would have been removed as an Approved Attorney prior to the transactions involving Tract IV.

2. It is well known in the title insurance industry that the general public, specifically including banks and other insured's under policies issued by Mississippi Valley Title and/or Old Republic, routinely rely on the stamp of approval of a title commitment and/or title insurance policy and/or promise of a title insurance policy in going forward with the financing and closing of land transactions

3. Mississippi Valley Title and/or Old Republic had a duty to properly monitor, supervise and audit its Approved Attorneys, such as Charles Evans, in connection with the issuance of title commitments and policies, and failed to do so.

4. Mississippi Valley Title and/or Old Republic failed to have reasonably prudent underwriting procedures that would have allowed them to timely detect and discover the ongoing fraudulent activities and various fraudulent schemes of its Approved Attorney, Charles Evans. This would include a general prohibition against approved attorneys working on transactions whereby the approved attorney or a close family relation has a financial interest in the transaction.

5. Title insurance companies, such as Mississippi Valley Title and/or Old Republic, have a general duty to ensure that their approved attorneys properly manage their business accounts through which funds are handled to fund loan closings; to regularly conduct onsite inspections and audits; to properly supervise and oversee the work of their authorized agents who are dealing with the general public;

8

6. Had Mississippi Valley Title and/or Old Republic provided for appropriate supervision and audits of its approved attorneys and authorized agents, the fraudulent conduct of its Approved Attorney, Charles Evans would have been discovered prior to the closing of the G&B property known as Tract IV.

This the 1st day of December, 2010

_____
GEORGE M. PIERSON