# RULE 26 REPORT OF HUGH HOGUE

I was asked to review certain information, and to offer my professional opinion concerning the "market value" of certain real property known as parcel T-1 as of the foreclosure in October 2009. I was personally familiar with this particular property, as well as the market in the surrounding area pertaining to sales, listings, and pending sales. I have also been asked to review and respond to the opinions of any expert appraisers designated by any other party. Due to the fact that discovery is ongoing, and that all reports and depositions are not currently available, I reserve the right to supplement and/or amend this opinion based on the review of other such information, documents and discovery which I am provided the opportunity to review. The conclusions which I am prepared to offer to the Court under Oath are given to a reasonable degree of probability as well as my review of the following documents produced during discovery:

1. Summary Appraisal Report for Parcels 4C and 4E dated March 4, 2010, and prepared by Van A. Duncan, Jr.

2. Summary Appraisal Report for Parcels 4A and 4B dated March 4, 2010, and prepared by Van A. Duncan, Jr.

3. Summary Appraisal Report for Parcels 4D dated January 2, 2010, and prepared by Van A. Duncan, Jr.

4. Letter from Harvey Little to Terry Levy dated December 1, 2010

## I. BACKGROUND AND QUALIFICATIONS



QUALIFICATIONS

HUGH HOGUE, MAI
President,
Real Estate Consultants, Inc. and GreenTree Properties, LLC
5339 Interstate 55 North, Suite 25
Jackson, Ms. 39206
Telephone: (601)982-1060; Fax: (601)366-8202; Email: hughhogue@aol.com

EDUCATION

    Mississippi State University - 1969
        Bachelor of Arts Degree:        Political Science - Major
                                                      General Business - Minor

APPRAISAL EDUCATION

    American Institute of Real Estate Appraisers
        Course IA - Principles of Real Estate, Monroe, LA
        Course IB - Capitalization Theory & Techniques,
                University of Mississippi
        Course 3 - Rural Properties, University of Houston
        Course 6 - Case Studies in Real Estate, Jackson, MS
        Course 8 - Single Family Residential, Belhaven College

    Society of Real Estate Appraisers
        Course 201 - Income Producing Properties, Jackson, MS

    Appraisal Institute
        Standards of Professional Practice-Part A, Jackson, MS
        Standards of Professional Practice-Part B, Jackson, MS
        Standards of Professional Practice-Part C, Jackson, MS
        Standards of Professional Practice-Course 420, Jackson, MS
        Litigation Appraising- Jackson, MS

Educational Seminars:

    American Society of Farm Managers & Rural Appraisers

    Special Seminars: Transitional Lands, Jackson, MS
    Forest Lands, Biloxi, MS

    Mississippi Realtors Institute: GRI- Course I and Course II

    Mississippi Forestry Commission:    Special Seminars
        Jackson, Ms. and Kosciusko, Ms.

Mississippi State Highway Department:
 Condemnation Seminar

Society of Real Estate Appraisers:
 41C and the Appraiser
 Special Financing Considerations
 Calculator Use - HP12C
 Income Property Developments
 URAR
 Professional Practice
 Depreciation Analysis
 Market Abstraction

Appraisal Institute:
 Standards of Professional Practice
 Appraisal Theory Review
 Appraiser's Liability
 Comprehensive Workshop
 Appraisal Office Management
 USPAP Compliance
 Fair Lending
 Limited Appraisals
 Real Estate Appraising and the Internet
 Timberland Valuation
 Highest and Best Use
 Alternative Residential Reporting Forms
 Discounted Cash Flow Analysis
 The Appraiser and the Internet
 Appraisal Experience Review
 Appraising Distressed Properties
 Litigation Preparation
 Pre-merchantable Pine Plantation Valuation
 Forestlands Analysis
 Argus DCF Analysis
 Mathematically Modeling Real Estate Data
 REO Appraisals
 Code of Ethics for Appraisers

Whitmer Seminars:
 Comprehensive Real Estate Appraisal Review Seminar

Marshall Valuation Service:
 Cost Approach Seminar

Teaching Experience:

        Condemnation Course for the American Society of Farm
        Managers and Rural Appraisers; Jackson, Ms.
        Condemnation Seminar for MUW; Columbus, Ms.

Professional Affiliations and Memberships:
    **MAI Member, Appraisal Institute**, Appraisal Institute
    Passed Comprehensive Exam-August 1991
    Continuing Education Requirements met through
    12/31/2011

    Prior to the merger of the Society of Real Estate Appraisers and the American Institute of Real Estate Appraisers on January 1, 1991, held the Senior Real Property Appraiser, SRPA, designation with the Society of Real Estate Appraisers

Past President of the Mississippi Chapter of the Appraisal Institute

Past officer in the Jackson Chapter of the Society of Real Estate Appraisers

Past member of the Board of Directors of the Mississippi Chapter of the Appraisal Institute

Past Chairperson of the Education Committee of the Mississippi Chapter of the Appraisal Institute

Served as Fourth Congressional District Commissioner until October 23, 2008 and Past Chairman of the Real Estate Appraiser and Licensing and Certification Board

License #GA-38: Mississippi Real Estate Appraiser Licensing and Certification Board

License #5401: Real Estate Broker, Mississippi Real Estate Commission

Realtor®: Member: Jackson Board of Realtors®, Multiple Listing Service, Mississippi and National Association of Realtors®

Appraisal Experience:
    Staff Appraiser for Mississippi State Highway Department, 1973 - 1977
    Self-employed as an independent Real Estate Appraiser from September 1977 to present.

Appraisal and Consulting Assignments have included:

| | |
|---|---|
| Shopping Centers | Vertically Integrated Agri-business Highest |
| and Best Use Studies | Facilities |
| Manufacturing Plants | Office Buildings |
| Forest Lands | Single-Family Residences |
| Apartments | Leased Fee and Leasehold Properties |
| Plantations | Transitional Lands |

| | |
|---|---|
| Various Processing Plants | Grain Elevators |
| Residential and Commercial Subdivisions | Sand and Gravel Operations |
| | Warehouses |
| Condominium Projects | Restaurants |
| Auto Dealerships | Conservation Easements |
| Banking Facilities - Branch and Main Office | Environmentally Sensitive Properties |
| | Pollution and Contamination Assessment on Real Property |
| Zoning Impact and Valuation | |
| Hotel/Motel Properties | Convenience Stores |
| Various Retail Properties | Governmental Properties |
| Churches | Schools, Museums, Special Use Facilities |

Governmental and Institutional Clients:

U. S. Government:
    Department of Justice, Mobile and Vicksburg Districts-Corps of Engineers, General Services Administration, Department of Interior, U. S. Fish and Wildlife Service

State of Mississippi:
    Secretary of State, Highway Department, Bureau of Natural Resources, Governor's Office, Bureau of Buildings and Grounds Maintenance

Institutional Clients:
    Federal Land Bank, City of Jackson, BankPlus, AmSouth Bank, Deposit Guaranty National Bank, Trustmark National Bank, Bancorp South, Community Bank, Union Planters National Bank, Hibernia National Bank, Bank of America, the Mellon Bank, Federal Deposit Insurance Corporation, Resolution Trust Corporation, General Motors Corporation, Resolution Trust Corporation

Eminent Domain Experience:

    Federal Rules:
        U. S. Department of Justice, Vicksburg District, Corps of Engineers, and Mobile District of Corps of Engineers, Department of the Interior

    State Rules:
        Cities of Jackson, Brandon, Flowood, Ridgeland, Madison, Biloxi, and Clinton; Hinds, Madison, Rankin, Desoto, Harrison, Lauderdale, Leflore, Lee, Newton, Leake, Lowndes, Warren, Washington, Sunflower, Yazoo, Winston, Copiah Counties; Department of Transportation, Entergy, Mississippi Valley Gas, Koch Pipeline Co., U. S. Environmental Protection Agency

Courts Qualified Before as Expert Witnesses:

U. S. District Court:
Greenville, MS; Aberdeen, MS; Jackson, MS, Hattiesburg,
   Shreveport, LA; and Dallas, TX.

County and Chancery Courts - State of Mississippi:
   Copiah County, Desoto County, Harrison County, Hinds County,
   Lauderdale County, Leflore County, Rankin County, Lee County,
   Madison County, Newton County, Leake County, Lowndes County,
   Warren County, Washington County, Simpson County Sunflower
   County, Yazoo County, Winston County, MS.

I am being compensated for this report at an hourly rate of $185.00 an hour. I have not authored any publications in the previous ten years. I have testified as an expert in the last five years in the following cases by trial or by deposition:

### Testimony in Last Five Years of Hugh Hogue

February 2005- MS Dept. of Transportation vs. McLemore Estate- Desoto County Court

October 2005- City of Jackson vs. The Philly Group- Madison County

August 2006- MS Dept. of Transportation vs. T. E. Trowbridge et al- Madison County

March 2007- Gulf South Pipeline vs. Heather Ash Martin- Hinds County

April 2007- Gulf South Pipeline vs. Robert King- Hinds County

May 2008- Gulf South Pipeline vs. Dixon Estate- Simpson County

All cases were eminent domain cases

Other more recent testimony has been before the city Zoning Boards and City Councils, including Jackson-McDonald's Restaurant; Ridgeland, Butler Snow office building and Hyatt Place Hotel; and Pearl- Miskelly's Furniture and before the Public Service Commission for Entergy

## II. UNDERLYING FACTS

In the fall of 2007, G&B Investments, Inc. ("G&B") was negotiating with Charles H. Evans, Jr., and Jon C. Evans, regarding the sale of an approximately 100 acre tract of land located in Madison County, Mississippi and referred to generally in this litigation as Tract 4. These negotiations led to the signing of a contract in December 2007, whereby Charles Evans, on behalf of 463 Development Company, LLC, agreed to purchase this land from G&B. The contract price was $16,000,000.00, with $5,000,000.00 to be paid in cash at closing and the balance to be owner financed by G&B.

The closing occurred on July 23, 2008, with $5,000,000.00 in cash being paid to G&B. Prior to the closing, the original purchaser, 463 Development Company, executed an Assignment and Assumption of Agreement of Sale and Purchase of Property to Hanover Investments, Inc., LLC.

G&B subsequently learned that the $5,000,000.00 in purported cash equity paid by Charles Evans was actually acquired by Charles Evans via what appears to be a fraudulent scheme which involved and required his status as an approved attorney for Mississippi Valley Title and Old Republic.

Ultimately, Hanover Investments defaulted on the promissory note with G&B. As a result of this default, on or around October 23, 2009, G&B foreclosed on the property and purchased the approximately 72 +/- acres tract secured by the Deed of Trust for the total sum of $7,000,000.00 (the "Subject Property"). Prior to the foreclosure sale, G&B contacted me to obtain my opinion as to the market value of the Subject Property. I advised at that time that it was my professional opinion that the market value was between 6 & 7 million dollars.

Generally speaking, people had been successfully speculating in real estate known generally as the "Highland Parkway Area", and/or the South Madison County Area since early 1990's. Beginning in the 2006-2007, there were some signs of a softening of the market for larger vacant commercial tracts, generally tracts larger than 50 acres; by the late summer of 2008, and continuing to today, there has been a nationwide recession that has caused, among other things, speculation in vacant commercial properties in this area, as well in all the Metro Jackson Area, to virtually cease. One effect of this is that the larger the tract, the less likely it is to sell. This has also caused all lenders to impose much tighter lending standards with respect to financing purchases of larger undeveloped commercial tracts of land and some lenders to not even consider financing speculative land financing. This property recession is also commonly referred to as being a part of a nationwide real estate bubble that affected many parts of the housing and commercial real estate markets in the United States. The result has been some of the largest real estate demand and price drops in our nation's post depression history.

### III. SUMMARY OF OPINIONS AND CONCLUSIONS

Based on my education, training, experience, familiarity with the subject land, and familiarity with the land and usage in the surrounding area, it is my opinion that:

1. there has not been a recovery in the market price for vacant large tracts of commercial property in the subject area;

2. the market price for the Subject Property in October 2009 was between 6-7 million dollars;

3. the market value given for the Subject Property (Tract T-1) in the letter from Harvey R. Little is contrary to the limited relevant comparable sales data as well as the current financing environment.

This the 10th day of December, 2010.

_____
HUGH HOGUE, MAI