## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:                                           BANKRUPTCY PROCEEDING

JON CHRISTOPHER EVANS                            CASE NO. 09-03763 NPO
JOINTLY ADMINISTERED WITH RELATED CASES

---

G&B INVESTMENTS, INC.                                          PLAINTIFF

V.                              ADVERSARY PROCEEDING NO. 10-00040 NPO

DEREK A. HENDERSON, TRUSTEE FOR THE
BANKRUPTCY ESTATE OF JON CHRISTOPHER
EVANS, ET AL                                                  DEFENDANT

---

### MOTION TO APPROVE COMPROMISE AND SETTLEMENT REGARDING
### PARCEL T-6 AND PARCELS T-2 AND T-3

---

COMES NOW Derek A. Henderson, the duly appointed Chapter 7 Trustee for the bankruptcy

estate of Jon Christopher Evans, and Jointly Administered Related Cases, including but not limited

to Hanover Investments, LLC ("Hanover"), Landsdowne Group, LLC ("Landsdowne"), Town Park

of Madison, LLC ("Town Park"), White Oaks Investment Company ("White Oaks"), Twinbrook

Run Development Company, LLC ("Twinbrook") (referred to herein as the "Trustee"), and files this

his Motion to Approve Compromise and Settlement Regarding Parcel T-6 and Parcels T-2 and T-3,

and in support thereof the Trustee would show unto the Court the following:

1.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334, 28 U.S.C. §157,

11 U.S.C. §105, and Rule 9019 of the Federal Rules of Bankruptcy Procedure. This matter is a core

Motion to Approve Compromise and Settlement
Regarding Parcel T-6 and Parcels T-2 and T-3
Page 1

proceeding.

## 2.

On October 26, 2009, Jon Christopher Evans filed his petition under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Mississippi (Case No. 09-03763 NPO).  Derek A. Henderson was appointed the Chapter 7 Trustee.

## 3.

On November 21, 2009, Hanover Investments, LLC filed its petition under Chapter 7 of the United States Bankruptcy Code before the United States Bankruptcy Court for the Southern District of Mississippi (Case No. 09-04126 NPO). Derek A. Henderson was appointed the Chapter 7 Trustee.

## 4.

On November 19, 2009, Town Park of Madison, LLC filed its petition under Chapter 7 of the United States Bankruptcy Code before the United States Bankruptcy Court for the Southern District of Mississippi (Case No. 09-04105 NPO). Derek A. Henderson was appointed the Chapter 7 Trustee.

## 5.

On November 20, 2009, White Oak Investment Company, LLC filed its petition under Chapter 7 of the United States Bankruptcy Code before the United States Bankruptcy Court for the Southern District of Mississippi (Case No. 09-04118 NPO). Derek A. Henderson was appointed the Chapter 7 Trustee.

## 6.

On December 22, 2009, Twinbrook Run Development Company, LLC filed its petition under

Motion to Approve Compromise and Settlement
Regarding Parcel T-6 and Parcels T-2 and T-3
Page 2

Chapter 7 of the United States Bankruptcy Code before the United States Bankruptcy Court for the

Southern District of Mississippi (Case No. 09-04492 NPO). Derek A. Henderson was appointed the

Chapter 7 Trustee.

7.

On January 14, 2010, Landsdowne Group, LLC filed its petition under Chapter 7 of the

United States Bankruptcy Code before the United States Bankruptcy Court for the Southern District

of Mississippi (Case No. 10-00123 NPO). Derek A. Henderson was appointed the Chapter 7 Trustee.

8.

On December 21, 2009, an Order Granting Motion for Joint Administration of Cases was

entered (Docket No. 161). On February 8, 2010, a Second Order Granting Motion for Joint

Administration of Cases was entered (Docket No. 298). On April 6, 2010, a Third Order Granting

Motion for Joint Administration was entered (Docket No. 513).

9.

As a result the following cases are being jointly administered:

| | |
|---|---|
| Colony Developers, Inc. | 09-04016 NPO |
| Highland of Ridgeland, Inc. | 09-04017 NPO |
| Twin City Commons Development Company, LLC | 09-04091 NPO |
| Old Agency Business Park, Inc. | 09-04101 NPO |
| Cedar Lake Investors, LLC | 09-04102 NPO |
| Colony Construction Ltd. | 09-04104 NPO |
| Town Park of Madison, LLC | 09-04105 NPO |
| Madison Avenue Development Co., LLC | 09-04109 NPO |
| White Oak Investment Company, LLC | 09-04118 NPO |
| Woodgreen Development Corporation | 09-04120 NPO |
| Nottaway Pointe, LLC | 09-04124 NPO |
| Ridgeland Recreational Corp. | 09-04125 NPO |
| Hanover Investments, LLC | 09-04126 NPO |
| Highland of Madison Development, Inc. | 09-04214 NPO |

Motion to Approve Compromise and Settlement
Regarding Parcel T-6 and Parcels T-2 and T-3
Page 3

| | |
|---|---|
| Highland Colony Group, LLC | 09-04215 NPO |
| Paloma Ridge, LLC | 09-04216 NPO |
| Riverbend Group, LLC | 09-04217 NPO |
| Sawbridge Development, LLC | 09-04218 NPO |
| Westfield Way, LLC | 09-04219 NPO |
| JCE Construction | 09-04369 NPO |
| CE Development, Inc. | 09-04396 NPO |
| Oakmont Mill, LLC | 09-04398 NPO |
| Snowden Lane Investments, LLC | 09-04488 NPO |
| C&L, Inc. | 09-04489 NPO |
| Canton Oaks Investment & Redevelopment Company, LLC | 09-04490 NPO |
| Westwood Investments, LLC | 09-04491 NPO |
| Twinbrook Run Development Company, LLC | 09-04492 NPO |
| Brashear Heath, LLC | 09-04494 NPO |
| 463 Development Company, LLC | 09-04505 NPO |
| Park Place Commons, LLC | 09-04508 NPO |
| Parkway Crossing, LLC | 09-04510 NPO |
| Marner Park, LLC | 09-04511 NPO |
| Greenwood Place, LLC | 10-00117 NPO |
| Lake Harbor Development Company, LLC | 10-00118 NPO |
| Windsor Pass, LLC | 10-00120 NPO |
| Clear Creek Development | 10-00121 NPO |
| Brisbane Centre, LLC | 10-00122 NPO |
| Landsdowne Group, LLC | 10-00123 NPO |
| Snowden Grove Investors, LLC | 10-00124 NPO |

(Collectively referred to as "Related Cases").

10.

This Settlement Agreement relates to the adversary proceeding styled *G&B Investments, Inc.*

*v. Derek A. Henderson, Trustee for the Estate of Jon Christopher Evans, et al*, Adversary Proceeding

No. 10-00040 NPO (the "Adversary Proceeding").

11.

This cause of action arises from a dispute regarding property located in Madison County,

Mississippi. The property has been referred to and is identified as "Tract 4" during the bankruptcy

Motion to Approve Compromise and Settlement
Regarding Parcel T-6 and Parcels T-2 and T-3
Page 4

proceedings.

12.

On July 23, 2008, G&B sold approximately 105 acres (Tract 4) to Hanover for $16 million.

G&B received $5 million to release approximately 28 acres ("Released Parcels"). G&B owner

financed the remaining 77 acres with a note and deed of trust for $11 million.

13.

Other commercial lenders including Merchants & Farmers Bank, Bank of Forest, Heritage

Banking Group and BankFirst Financial made loans to Jon Christopher Evans related entities, which

were purportedly to be secured by parts of the Released Parcels.

14.

As to one or more of the above referenced commercial loans, Mississippi Valley Title

Insurance Company and/or Old Republic National Title Insurance Company (the "Title Companies")

allegedly issued title insurance policies to the various lenders.

15.

For purposes of this Motion, the Trustee identifies the certain Released Parcels within Tract

4 as follows:

T-2     15 Acres of the Released Parcels (a/k/a Tract 4C)

T-3     5.5 Acres of the Released Parcels (a/k/a Tract 4E)

T-6     3.0 Acres of the Released Parcels (a/k/a Tract 4D)

A diagram of the parcels is attached hereto and marked as <u>Exhibit "1"</u>.

Motion to Approve Compromise and Settlement
Regarding Parcel T-6 and Parcels T-2 and T-3
Page 5

16.

In chronological order, the sequence of events and pertinent facts related to the transactions

to this Motion are as follows:

16.1

December 17, 2007
- Real Estate Agreement (Watkins & Eager Bates #WE 12-24)
- Seller - G&B Investments, Inc. ("G&B")
- Purchaser - 463 Development Company, LLC ("463 DC")
- Agreement signed by Charles H. Evans as "Authorized Agent"

16.2

July 18, 2008
- Town Park of Madison, LLC ("Town Park") executes Note and Deed of Trust to Merchants & Farmers Bank ("M&F") (15.912 acres - **Parcel T-2** and 5.541 acres - **Parcel T-3**)
- Note - $3,000,028.00 signed by "Jon C. Evans, Managing Member"
- Deed of Trust signed by "Jon C. Evans Managing Member"

Note: Deed of Trust not recorded until January 6, 2009
Deed from Hanover Investments, LLC ("Hanover") to Town Park not recorded until September 11, 2009

- M&F Check No. 872415654 in amount of $3,000,017.00 deposited to Charles H. Evans Trust Account at BankPlus (BankPlus Bates #362)

16.3

July 21, 2008
- Twinbrook Run Development Company, LLC ("Twinbrook") executes Note and Deed of Trust to Heritage Banking Group ("Heritage") (3.0 acres - **Parcel T-6**)
- Note - $781,980.00 signed by "Jon C. Evans, Managing Member"
- Deed of Trust signed by "Jon C. Evans Member - Manager"

Note: Deed of Trust not recorded until October 29, 2008
No Deed from Hanover to Twinbrook ever recorded

Motion to Approve Compromise and Settlement
Regarding Parcel T-6 and Parcels T-2 and T-3
Page 6

16.4

<u>July 22, 2008</u>
- Heritage Check No. 7035 in the amount of $780,000 deposited to Charles H. Evans Trust Account at BankPlus (BankPlus Bates #364)
- Wire transfer from Charles H. Evans Trust Account at BankPlus to Watkins & Eager Trust Account at Trustmark National Bank in the amount of $2,900,000.00 (BankPlus Bates #357 and Watkins & Eager Bates #WE 113)

16.5

<u>July 23, 2008</u>
- Wire transfer from Charles H. Evans Trust Account at BankPlus to Watkins & Eager Trust Account at Trustmark National Bank in the amount of $2,100,000.00 (BankPlus Bates #357 and Watkins & Eager Bates #WE 111)
- Assignment and Assumption of Agreement of Sale and Purchase of Property / 463 DC to Hanover (Watkins & Eager Bates #WE 135) executed by "Charles H. Evans, Member" for 463 DC executed by "Charles H. Evans, Member" for Hanover
- Consent and Resolution of the Members of Hanover Investments, LLC signed by Charles H. Evans and Jon C. Evans as members (Watkins & Eager Bates #WE 153-161)
- Hanover formed with Secretary of State (Watkins & Eager Bates #WE 162-163)
- Closing statement on sale of property from G&B to Hanover (Watkins & Eager Bates #WE 97-110)

Note:    Total sale was $16 million of which $5 million was paid at closing

- Note from Hanover to G&B in the amount of $11,000,000 signed by "Charles H. Evans, Member" (Watkins & Eager Bates #WE 132). Deed from G&B to Hanover includes 105 acres (Watkins & Eager Bates #WE 254). Deed of Trust from Hanover to G&B is for same real property as deed *less and except* about 28 acres (Watkins & Eager Bates #WE 264). Parcels released at closing (Watkins & Eager Bates #WE 164-172).
- Deed of Trust signed by "Charles H. Evans, Member" for Hanover

16.6

<u>July 25, 2008</u>
- Deed from G&B to Hanover recorded in Book 2338, Page 304 (Watkins & Eager Bates #WE 254)
- Deed to Trust from Hanover to G&B recorded in Book 2338, Page 374 (Watkins & Eager Bates #WE 264)

Motion to Approve Compromise and Settlement
Regarding Parcel T-6 and Parcels T-2 and T-3
Page 7

16.7

October 29, 2008
- Deed of Trust from Twinbrook to Heritage recorded in Book 2365, Page 0001

16.8

January 6, 2009
- Deed of Trust from Town Park to M&F recorded in Book 2382, Page 30

16.9

April 27, 2009
- Landsdowne Group, LLC ("Landsdowne") executes Note and Deed of Trust to BankFirst (3.0 acres - **Parcel T-6**)
- Note - $828,750.00 signed by "Jon C. Evans, Managing Member"
- Deed of Trust signed by "Jon C. Evans Managing Member"

Note:  Deed of Trust recorded May 6, 2009

- Deposit to Charles H. Evans Trust Account at BankPlus in the amount of $828,750.00 (BankPlus Bates #420, 422 and 428)
- Deed from Hanover to Landsdowne executed by "Jon C. Evans, Manager"

Note:  Deed not recorded until September 10, 2009

16.10

May 6, 2009
- Deed of Trust from Landsdowne to BankFirst recorded in Book 2424, Page 715

16.11

August 27, 2009
- White Oaks executes Note and Deed of Trust to BOF (5.541 acres - **Parcel T-3**)
- Note - $451,450.00 signed by "Jon C. Evans, Member"
- Deed of Trust signed by "Jon C. Evans, Member"

Note:  Deed of Trust recorded September 18, 2009
       No Deed from Hanover to White Oak ever recorded

Motion to Approve Compromise and Settlement
Regarding Parcel T-6 and Parcels T-2 and T-3
Page 8

16.12

<u>August 31, 2009</u>
- BOF Check No. 009319 in the amount of $450,000.00 deposited to Charles H. Evans Trust Account at BankPlus (BankPlus Bates #459)

16.13

<u>September 10, 2009</u>
- Deed from Hanover to Landsdowne recorded in Book 2467, Page 494 (**Parcel T-6**)

16.14

<u>September 11, 2009</u>
- Deed from Hanover to Town Park recorded in Book 2467, Page 905 (**Parcels T-2 and T-3**)
- M&F files Lis Pendens recorded in Book 2467, Page 950
- G&B files Lis Pendens recorded in Book 2468, Page 985

16.15

<u>September 18, 2009</u>
- Deed of Trust from White Oaks to BOF recorded in Book 2469, Page 497

Note:  No deed from Hanover to White Oaks ever recorded

16.16

<u>November 19, 2009</u>
- Town Park of Madison, LLC files Chapter 7

16.17

<u>November 20, 2009</u>
- White Oaks Investments Company files Chapter 7

16.18

<u>November 21, 2009</u>
- Hanover Investments, LLC files Chapter 7
- 

Motion to Approve Compromise and Settlement
Regarding Parcel T-6 and Parcels T-2 and T-3
Page 9

17.

As a result of these transactions, the various parcels in Tract 4 related to this Motion were affected as follows:

17.1

Parcel T-2

Parcel T-2 is approximately 15.912 acres. It is a Released Parcel which was deeded from G&B to Hanover but was not included in G&B's deed of trust.

On July 18, 2008, Town Park executed a note and deed of trust to M&F. The amount of the note was $3,037,276.04 and the deed of trust was signed by "Jon C. Evans, Managing Member". This deed of trust purportedly gave M&F a lien against Parcel T-2. The deed of trust was not recorded until January 6, 2009. The deed from Hanover to Town Park was not recorded until September 11, 2009.

17.2

Parcel T-3

The same note and deed of trust from Town Park to M&F that covered Parcel T-2 also included 5.541 acres, which is identified here as Parcel T-3. Thus, as stated above, the deed of trust was not recorded until January 6, 2009 and the deed from Hanover to Town Park was not recorded until September 11, 2009.

In between M&F's deed of trust and deed recording, on August 27, 2009, the BOF was granted a deed of trust on Parcel T-3 from White Oaks in the amount of $451,450.00. This deed of trust was not filed until September 18, 2009 and recorded in Book 2469 at Page 497. No deed from

Motion to Approve Compromise and Settlement
Regarding Parcel T-6 and Parcels T-2 and T-3
Page 10

Hanover to White Oaks was ever recorded.

17.3

Parcel T-6

Parcel T-6 is a 3 acre tract which was carved out of the 8.541 acre parcel released from G&B's deed of trust. On July 21, 2008, Twinbrook executed a note and deed of trust to Heritage in the amount of $781,980.00 to be secured by Parcel T-6. The deed of trust was signed by "Jon C. Evans, Member-Manager". The deed of trust was not recorded until October 29, 2008. No deed from Hanover to Twinbrook was ever recorded.

On April 27, 2009, Landsdowne executed a note and deed of trust to BankFirst in the amount of $828,750.00 to be secured by Parcel T-6. The deed of trust was signed by "Jon C. Evans, Managing Member". The deed of trust was recorded on May 6, 2009 in Book 2424 at Page 715. Also on April 27, 2009, Hanover executed a deed to Landsdowne but the deed was not recorded until September 10, 2009 in Book 2467 at Page 494.

18.

In summary, on July 23, 2008, Charles H. Evans, Jr. and/or Jon C. Evans, by and through one or more entities, paid $5 million to G&B for a release of approximately 28 acres. G&B owner financed the remaining 77 acres with a note and deed of trust for $11 million. Charles H. Evans, Jr. executed the note and deed of trust as a member of Hanover. Prior to the closing with G&B, Charles H. Evans, Jr. and/or Jon C. Evans, by and through one or more entities, borrowed $3,037,276.04 from M&F, $1,296,500.00 from BOF and $781,980.00 from Heritage. These three (3) lenders allegedly were receiving liens on parts of the Released Parcels even before the Released Parcels were

Motion to Approve Compromise and Settlement
Regarding Parcel T-6 and Parcels T-2 and T-3
Page 11

sold by G&B being, M&F - Parcels T-2 and T-3, BOF - Parcels T-4 and T-5 and Heritage - Parcel

T-6. These funds were deposited to Charles H. Evans, Trust Account and then wired to the Watkins

& Eager Trust Account for the closing with G&B.

19.

Later in April 2009, Charles H. Evans, Jr. and/or Jon C. Evans, by and through one or more

entities, borrowed $828,750.00 from BankFirst which allegedly received a lien on part of the

Released Parcels (**Parcel T-6**).

20.

Then, in August 2009, Charles H. Evans, Jr. and/or Jon C. Evans, by and through one or

more entities, borrowed $451,450.00 from BOF which allegedly received a lien on part of the

Released Parcels (**Parcel T-3**).

21.

In the Adversary Proceeding, the Trustee has requested the Court to determine the extent and

validity of liens as to Parcels T-2, T-3 and T-6. The Trustee's causes of action also include

preference claims, fraudulent transfers, liability of transferee and disallowance of claims. It is noted

that the Trustee has settled its claims with G&B and the Court entered its Order Motion to Approve

Compromise and Settlement Between G&B Investments, Inc. and Derek A. Henderson, Trustee (AP

Docket No. 176) and Final Judgment (AP Docket No. 177). Also, the issues related to Parcel T-4

and T-5 (a/k/a as 4A and 4B) have been resolved by Order Granting Request for Further

Consideration of Motion to Approve Title Resolution Agreement as it Relates to Tract 4A and 4B

(Docket No. 927) and Final Judgment (Docket No. 926).

Motion to Approve Compromise and Settlement
Regarding Parcel T-6 and Parcels T-2 and T-3
Page 12

<u>Parcel T-6 Issues</u>

22.

From the Trustee's prospective, the only persons having any claim to Parcel T-6 are Heritage, BankFirst, the Title Companies and the Trustee. As to Heritage, Twinbrook executed a note an deed of trust on July 21, 2008. The deed of trust was recorded October 29, 2008. No deed from Hanover to Twinbrook was ever recorded. As to BankFirst, Landsdowne executed a note and deed of trust on April 27, 2009. The deed of trust was recorded May 6, 2009. A deed from Hanover to Landsdowne was recorded September 10, 2009.

The Trustee asserts that Heritage does not have a perfected lien against Parcel T-6 and that no consideration was given to Hanover when Parcel T-6 was transferred to Landsdowne. As a result, in theory, the Trustee could recover Parcel T-6 from Landsdowne which could arguably void BankFirst's lien. If that were to happen, Heritage may assert an equitable lien based upon the funds Heritage provided to purchase Parcel T-6 in July 2008. The Title Companies issued title polices to both Heritage and BankFirst as to Parcel T-6. It is the Trustee's understanding that the Title Companies have settled the claim of Heritage and thus, the Title Companies are now subrogated into the shoes of Heritage and its lien claim.

After review of the transactions and claims, it is possible that BankFirst may loose its lien against Parcel T-6. The Title Companies may have to resolve a claim for BankFirst as a result. At the same time the Title Companies (through its subrogation of Heritage's rights) may be the party that is entitled to Parcel T-6. If the Title Companies acquire Parcel T-6, they could convey the property back to BankFirst and cure the BankFirst lien issue. It appears that the parties could spend

Motion to Approve Compromise and Settlement
Regarding Parcel T-6 and Parcels T-2 and T-3
Page 13

significant time and money litigating with the end result being of little difference to the bankruptcy estate.

23.

BankFirst asserts that it is a bona fide mortgagee for value with perfected legal rights in Parcel T-6. BankFirst further asserts that its rights are superior to all other parties in that BankFirst exchanged fair value for a first deed of trust. In short, BankFirst believes that because it has a recorded deed of trust, it's lien is valid and can not be set aside.

24.

If Parcel T-6 is returned to Hanover, the Title Companies may assert that the equitable lien of the Title Companies (through Heritage) would be valid and recognized as of July 2008 due to the Heritage loan proceeds being used to purchase Parcel T-6.

Parcel T-2 Issues

25.

From the Trustee's prospective, the only persons having any claim to Parcel T-2 are M&F and the Trustee. As to M&F, Town Park executed a note and deed of trust on July 18, 2008. The deed of trust was not recorded until January 6, 2009. The deed from Hanover to Town Park was not recorded until September 11, 2009. The Trustee asserts that no consideration was given to Hanover when Parcel T-2 was transferred to Town Park. Thus, the transfer and resulting lien of M&F on Parcel T-2 was either a preference and/or a fraudulent transfer.

26.

On the other hand, M&F asserts that the deed from Hanover to Town Park was neither a

Motion to Approve Compromise and Settlement
Regarding Parcel T-6 and Parcels T-2 and T-3
Page 14

preference nor a fraudulent transfer. Further, even if the Trustee were successful in his preference

or fraudulent transfer claims, when Parcel T-2 is returned to the Hanover bankruptcy estate, M&F

would be entitled to an equitable lien based upon M&F's funding of the purchase money for

acquiring Parcel T-2.

27.

The Trustee believes that the parties could spend significant time and money litigating over

Parcel T-2 with the end result being of little difference to the bankruptcy estates. If M&F has a valid

equitable lien based upon its purchase money of Parcel T-2, it makes no difference as to whether

there is a preference and/or fraudulent transfer claim.

Parcel T-3 Issues

28.

From the Trustee's prospective, the only persons having any claim to Parcel T-3 are M&F,

Bank of Forest ("BOF") and the Trustee. As to M&F, Parcel T-3 was pledged at the same time and

under the same loan documents as Parcel T-2.  Town Park executed a note and deed of trust on July

18, 2008. The deed of trust was not recorded until January 6, 2009. The deed from Hanover to Town

Park was not recorded until September 11, 2009. As to BOF, White Oak executed a note and deed

of trust on August 27, 2009 as to Parcel T-3. No deed from Hanover to White Oak was ever

recorded.

29.

The Trustee asserts that no consideration was given to Hanover when Parcel T-3 was

transferred to Town Park. Thus, the transfer and resulting lien of M&F on Parcel T-3 was either a

Motion to Approve Compromise and Settlement
Regarding Parcel T-6 and Parcels T-2 and T-3
Page 15

preference and/or a fraudulent transfer. On the other hand, M&F asserts that the deed from Hanover

to Town Park was neither a preference nor a fraudulent transfer. Further, even if the Trustee were

successful in his preference or fraudulent transfer claims, when Parcel T-3 is returned to the Hanover

bankruptcy estate, M&F would be entitled to an equitable lien based upon M&F's funding of the

purchase money for acquiring Parcel T-3. The Trustee believes that the parties could spend

significant time and money litigating over Parcel T-3 with the end result being of little difference to

the bankruptcy estates. If M&F has a valid equitable lien based upon its purchase money of Parcel

T-3, it makes no difference as to whether there is a preference and/or fraudulent transfer claim.

30.

The Trustee asserts that BOF does not have a perfected lien against Parcel T-3. BOF asserts

that it's lien should be recognized and allowed.

31.

The Trustee, Heritage, BankFirst, M&F and the Title Companies have reached a compromise

and settlement regarding Tract T-6 and Tracts T-2 and T-3.  The terms of the settlement are as

follows:

A)    As to Parcel T-6, the title of the property shall remain in the name of Landsdowne

and the lien of BankFirst (deed of trust recorded May 6, 2009) and the deed from

Hanover to Landsdowne recorded September 10, 2009 shall both be recognized as

valid;

B)    The Trustee's claims against Heritage, BankFirst and the Title Companies

concerning Parcel T-6 shall be dismissed with prejudice from the Adversary

Motion to Approve Compromise and Settlement
Regarding Parcel T-6 and Parcels T-2 and T-3
Page 16

Proceeding;

C)    Heritage's claims against Parcel T-6 and the Hanover bankruptcy estate shall be dismissed with prejudice from the Adversary Proceeding. Heritage shall reserve its claims against Twinbrook bankruptcy estate, Charles Evans, Jon Christopher Evans, and the Title Companies;

D)    BankFirst's claims against the Hanover bankruptcy estate shall be dismissed with prejudice from the Adversary Proceeding. BankFirst shall reserve its claims against Landsdowne bankruptcy estate, Charles Evans, Jon Christopher Evans and the Title Companies;

E)    The Title Companies claims (through Heritage) against the Trustee shall be dismissed with prejudice from the Adversary Proceeding. The Title Companies shall reserve all rights and claims against Charles H. Evans, Jr. and Jon Christopher Evans and their respective debtor estates;

F)    As to Parcel T-2, the title of the property shall remain in the name of Town Park and the lien of M&F (deed of trust recorded January 6, 2009) and the deed from Hanover to Town Park recorded September 11, 2009 shall be recognized as valid;

G)    The Trustee's claims against M&F and the Title Companies concerning Parcel T-2 shall be dismissed with prejudice from the Adversary Proceeding;

H)    M&F's claims against the Hanover bankruptcy estate as to Parcel T-2 shall be dismissed with prejudice from the Adversary Proceeding. M&F shall reserve its claims against Town Park bankruptcy estate, Charles Evans, Jon Christopher Evans

Motion to Approve Compromise and Settlement
Regarding Parcel T-6 and Parcels T-2 and T-3
Page 17

and the Title Companies;

I)      As to Parcel T-3, the title of the property shall remain in the name of Town Park and the lien of M&F (deed of trust recorded January 6, 2009) and the deed from Hanover to Town Park recorded September 11, 2009 shall be recognized as valid, subject to the reservation of rights of BOF as set forth in Paragraph L below;

J)      The Trustee's claims against M&F and the Title Companies concerning Parcel T-3 shall be dismissed with prejudice from the Adversary Proceeding;

K)      M&F's claims against the Hanover bankruptcy estate as to Parcel T-3 shall be dismissed with prejudice from the Adversary Proceeding. M&F shall reserve its claims against Town Park bankruptcy estate, Charles Evans, Jon Christopher Evans and the Title Companies. M&F shall further reserve its rights as to BOF as set forth in Paragraph L below;

L)      As to Parcel T-3 both M&F and BOF reserve all their claims, rights and defenses. This settlement agreement is not and shall not be construed as a release of claims between M&F and BOF; and

M)      The §362 automatic stay shall be terminated as to Parcels T-6, T-2 and T-3. Heritage, BankFirst, M&F, BOF and the Title Companies may proceed against the property. In the event any funds are recovered by Heritage, BankFirst, M&F, BOF and/or the Title Companies in excess of their total indebtedness related to Parcels T-6, T-2 and/or T-3, the excess funds shall be paid to the Trustee.

Motion to Approve Compromise and Settlement
Regarding Parcel T-6 and Parcels T-2 and T-3
Page 18

32.

The settlement is fair and reasonable and is in the best interest of the parties and the bankruptcy estate.

33.

The settlement complies with the Fifth Circuit standards for approving compromise and settlements.

34.

A basic policy in bankruptcy cases is that compromise is favored. 10 Lawrence P. King, Collier on Bankruptcy, ¶9019.01 at 9019-2 (15th ed. Revised 1997). Courts have built on this policy by adopting the standards set forth in the U.S. Supreme Court decision, *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968). In *TMT*, the Supreme Court held that a compromise would be approved by the bankruptcy court only after it

> apprise[s itself] of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated. Further, the judge should form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties in collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.

*Id.* at 424.

35.

The Fifth Circuit standard has been stated in *Official Comm. of Unsecured Creditors v. Cajun Electric Power Coop., Inc.*:

> (1)    [t]he probability of success in the litigation, with due consideration for the uncertainty in fact and law,
>
> (2)    [t]he complexity and likely duration of the litigation and any attendant

Motion to Approve Compromise and Settlement
Regarding Parcel T-6 and Parcels T-2 and T-3
Page 19

expense, inconvenience and delay, and

(3)     [a]ll other factors bearing on the wisdom of the compromise.

119 F.3d 349 (5th Cir. 1997). *Id.* at 356. These factors have been summarized as requiring the

compromise to be "fair and equitable" and "in the best interests of the estate." *TMT*, 390 U.S. at 424;

*Cajun Elec.*, 119 F.3d at 355.

36.

The settlement is in the best interest of the bankruptcy estate and is fair and equitable. The

Adversary Proceeding as to the Trustee as to Parcels T-6, T-2 and T-3 shall be dismissed without

further litigation expense. Any continued litigation would be lengthy and costly to the estate. The

Adversary Proceeding is currently set for trial in February, 2011. Viewing the circumstances of the

case, the settlement is in the best interest of the estate.

37.

The Trustee requests the Court to approve the settlement. The Trustee requests the Court to

authorize the Trustee to execute the appropriate documentation to consummate the terms of the

settlement.

WHEREFORE, the Trustee requests the Court to find that his Motion to Approve

Compromise and Settlement Regarding Parcel T-6 and Parcels T-2 and T-3 is well taken and should

be granted.

Respectfully submitted,

BY:     s/ Derek A. Henderson
        DEREK A. HENDERSON, TRUSTEE
        AND ATTORNEY FOR THE TRUSTEE

**DEREK A. HENDERSON, MSB #2260**
**111 East Capitol Street, Suite 455**
**Jackson, Mississippi 39201**
**(601) 948-3167**

Motion to Approve Compromise and Settlement
Regarding Parcel T-6 and Parcels T-2 and T-3
Page 20

## CERTIFICATE OF SERVICE

I, DEREK A. HENDERSON, do hereby certify that I have this date served the foregoing Trustee's Motion to Approve Compromise and Settlement Regarding Parcel T-6 and Parcels T-2 and T-3 on December 13, 2010, via the ECF Notification Service, which provides electronic notice to the following parties of record:

Laura Henderson-Courtney
laura@ringerlawfirm.com

B. Blake Teller
bteller@tellerlaw.com

R. Spencer Clift, III
sclift@bakerdonelson.com

William J. Little, Jr.
littlewj@bellsouth.net

Don O. Rogers
wilbournrogers@hotmail.com

James Eldred Renfroe
jrenfroe@mslawfirm.biz

Douglas C. Noble
dnoble@mmqlaw.com

Eileen N. Shaffer
enslaw@bellsouth.net

M. Scott Jones
scott.jones@arlaw.com

Patrick F. McAllister
pmcallister@wmjlaw.com

Les Alvis
lalvis@tsixroads.com

Eric F. Hatten
ehatten@burr.com

Stephen M. Corban
legal.ECF@renasant.com

Stephen W. Rosenblatt
steve.rosenblatt@butlersnow.com

Kathy W. Smith
ksmith@cmslawyers.com

Robert S. Mink
rmink@wyattfirm.com

Lucy Elizabeth Johnson
bankruptcy@msattys.com

Thomas R. Hudson
TomHudson@BankPlus.net

J. Mark Franklin, III
mfranklin@mckaylawler.com

Kristina M. Johnson
kjohnson@watkinsludlam.com

D. Andrew Phillips
aphillips@mitchellmcnutt.com

Michael D. Simmons
mike@cs-law.com

William H. Leech
bleech@cctb.com

Jeff Rawlings
rrm_h@bellsouth.net

s/ Derek A. Henderson
DEREK A. HENDERSON

Motion to Approve Compromise and Settlement
Regarding Parcel T-6 and Parcels T-2 and T-3
Page 21