**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

IN RE:

JON CHRISTOPHER EVANS    Case No. 09-03763-NPO
AND JOINTLY ADMINISTERED
RELATED CASES

DEBTORS    Chapter 7

---

G&B INVESTMENTS, INC.    PLAINTIFF

VS.    ADV. PROC. NO. 10-00040-NPO

DEREK A. HENDERSON, TRUSTEE
FOR THE BANKRUPTCY ESTATE OF
JOHN CHRISTOPHER EVANS, ET AL    DEFENDANTS

---

**TITLE COMPANIES' MOTION FOR SUMMARY JUDGMENT
AS TO HERITAGE BANKING GROUP'S CROSS-CLAIM**

---

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Mississippi Valley Title Insurance Company and Old Republic National Title Insurance Company ("Title Companies") respectfully move this Court for summary judgment against Heritage Banking Group ("Heritage Bank") for the following reasons:

1.    The Title Companies issued a lender's title insurance policy to Heritage Bank. The Title Companies did not insure any bank loans; rather, the Title Companies simply agreed to indemnify Heritage Bank of loss arising from a defect in title under the terms, conditions, exceptions, exclusions and limitations of the title insurance policy.

2.    After receiving a claim from Heritage Bank, the Title Companies determined that the title as insured under the lender's title insurance policy to Heritage Bank was defective.

1

Therefore, the Title Companies paid Heritage Bank $430,000.00—the appraised value of the property insured.

3. Heritage Bank filed a Cross-Claim against the Title Companies asserting various breach of contract claims, vicarious liability for the acts of Charles Evans, and a tort-liability theory not recognized in Mississippi.

4. Through its claims, Heritage Bank seeks to expand the terms of the insurance contract in an effort to get more money. Such a result would effectively re-write the clear and unambiguous terms of the <u>title insurance</u> policy and create a <u>loan</u> insurance policy.

5. Heritage Bank's first claim is for breach of contract claim under a title insurance commitment. This argument fails as a matter of law because it is undisputed that the Title Companies did not issue a commitment to Heritage Bank. Heritage Bank admits that it mistakenly believed a certificate of title provided by Charles Evans to Heritage Bank was a title commitment. The undisputed facts establish that certificate of tile was not a title commitment.

6. Heritage Bank's second breach of contract claim is under the lender's title insurance policy issued by the Title Companies. This claims also fails as a matter of law because the undisputed facts confirm that Title Companies have fully complied with the terms of the insurance contract by paying Heritage Bank's claim under the lender's title insurance policy. The sole issue in dispute was whether the $430,000.00 paid by the Title Companies to Heritage Bank was the proper value of Tract T-6 (also known as 4D). Because Heritage Bank failed to designate an expert on the issue of valuation, there are no remaining genuine issues of material fact. The only relevant and admissible evidence before the Court on the issue of valuation for Tract T-6 is the expert opinion of Van Duncan, designated by the Title Companies. Mr. Duncan

valued Tract T-6 at $430,000.00, which is the exact amount the Title Companies paid Heritage Bank.

7. Because the Title Companies did not, as a matter of law, breach the lender's title insurance policy, Heritage Bank's claims for bad faith and breach of the covenant of good faith and fair dealing necessarily fail.

8. Heritage Bank's claims under vicarious liability fail as a matter of law because the undisputed facts establish that Charles Evans was neither an employee nor an agent for the Title Companies with regard to any transaction involving Heritage Bank.

9. The issue of whether a title insurance company may be liable in tort to its insured is an issue of first impression in Mississippi. The overwhelming majority of jurisdictions hold that a title insurance company cannot be liable in tort (absent other evidence of bad faith) to its insureds because their relationship is purely contractual. Under the twin-aims of *Erie*, this Court should adopt the majority rule and enter judgment as a matter of law in favor of the Title Companies on all negligence claims asserted by Heritage Bank.

10. The Title Companies incorporate into this Motion the reasons, arguments, and law addressed in its Memorandum in Support, which is filed separately.

11. In addition, the Title Companies provide the following exhibits in support:

    Exhibit A – *Promissory Note Executed by Heritage Bank and Twinbrook Run Development Company, LLC*;

    Exhibit B – *Excerpts from Transcript of Heritage Bank's Rule 30(b)(6) Deposition*;

    Exhibit C – *Certificate of Title from Charles Evans to Heritage Bank*;

    Exhibit D – *Title Insurance Application and Attorney's Final Certificate from Charles Evans to the Title Companies*;

    Exhibit E – *Lender's Title Insurance Policy issued by the Title Companies to Heritage Bank*;

    Exhibit F – *Letter from Charles Evans to Heritage Bank on November 4, 2008*;

    Exhibit G – *Appraisal by Duncan & Associates pertaining to Tract T-6*; and

    Exhibit H – *Affidavit of Parrish Fortenberry*.

FOR THESE REASONS, the Title Companies respectfully request that this Court grant their motion for summary judgment in favor of the Title Companies on all claims by Heritage Bank, award expenses and attorneys' fees to Title Companies, and grant any additional relief deemed appropriate by this Court.

**RESPECTFULLY SUBMITTED,** this the 22nd day of December 2010.

    MISSISSIPPI VALLEY TITLE INSURANCE
    COMPANY and OLD REPUBLIC TITLE
    INSURANCE COMPANY

    BY: /s/ *William C. Brabec*
        William C. Brabec (MSB No. 4240)
        M. Scott Jones (MSB No. 102239)
        Lindsey N. Oswalt (MSB No. 103329)
        Benjamin B. Morgan (MSB No. 103663)
        **ADAMS AND REESE LLP**
        111 E. Capitol Street, Suite 350 (39201)
        Post Office Box 24297
        Jackson, MS 39225-4297
        Telephone: 601-353-3234
        Facsimile: 601-355-9708

## CERTIFICATE OF SERVICE

      I hereby certify that on this day, a copy of the foregoing has been served by electronic filing through the ECF System, which provides electronic notice to all parties of record, including the following:

| | |
|---|---|
| William Liston<br>wlist3@aol.com | Terry Levy<br>tlevy@danielcoker.com |
| Lawrence Deas<br>ldeas@aol.com | Richard Bradley<br>rbradley@danielcoker.com |
| Kristina Johnson<br>kjohnson@watkinsludlam.com | Jeffrey Tyree<br>jktyree@harrisgeno.com |
| Dale Danks<br>ddanks@dmc-law.net | Jeff Rawlings<br>rrm_h@bellsouth.net |
| Michael Cory<br>mc@dmc-law.net | Mike MacInnis<br>mikems@bellsouth.net |
| Michael Simmons<br>mike@cs-law.com | Derek Henderson<br>d_henderson@bellsouth.net |

      This the 22nd day of December, 2010.

/s/ *M. Scott Jones*
M. Scott Jones