**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

IN RE:

JON CHRISTOPHER EVANS                                    Case No. 09-03763-NPO
AND JOINTLY ADMINISTERED
RELATED CASES

DEBTORS                                                          Chapter 7

---

G&B INVESTMENTS, INC.                                            PLAINTIFF

VS.                                                  ADV. PROC. NO. 10-00040-NPO

DEREK A. HENDERSON, TRUSTEE
FOR THE BANKRUPTCY ESTATE OF
JOHN CHRISTOPHER EVANS, ET AL                                    DEFENDANTS

---

**TITLE COMPANIES' MOTION FOR PARTIAL**
**SUMMARY JUDGMENT AGAINST G&B INVESTMENTS, INC.**

---

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Mississippi Valley Title Insurance Company and Old Republic National Title Insurance Company (the "Title Companies") respectfully move this Court for summary judgment against G&B Investments, Inc., ("G&B") for the following reasons:

1.      The claims of G&B against the Title Companies differ greatly from all other claims before this Court. While Charles Evans was an approved attorney on all other transactions before this Court, he was not an approved attorney for the G&B transaction with Hanover Investment, Inc. ("Hanover"). Rather, Charles Evans acted solely in the capacity of a purchaser (or a representative of the purchaser) with regard to G&B.

2.      Hanover entered into a purchase agreement with G&B to obtain approximately 105 acres of property. The agreement required Hanover to pay $5 million at closing and to

1

execute a deed of trust with regard to approximately 77 acres to secure a promissory note from Hanover to G&B for $11 million. G&B got exactly what it bargained for. It is undisputed that Hanover fully performed under the purchase agreement. The only agreement breached by Hanover was on the $11 million promissory note executed by Hanover in favor of G&B.

3. The Title Companies issued an owner's title insurance policy to G&B which insured against any defects in the title conveyed from G&B to Hanover.

4. The Title Companies did not insure the note between G&B and Hanover.

5. The undisputed facts establish that no defects exist in the title conveyed by G&B to Hanover. Because no defects exist, the Title Companies have contemporaneously filed a motion for declaratory judgment on G&B's contractual claims.

6. G&B's tort and agency claims attempt to circumvent the owner's title insurance policy to reach the perceived "deep pockets" of the Title Companies by manufacturing unprecedented and baseless tort claims. In essence, G&B claims that if the Title Companies had caught Charles Evans earlier, it would not have closed the sale to Hanover. Therefore, G&B claims that the Title Companies should be liable to it in tort for all losses incurred in the Hanover transaction. The undisputed facts and law, however, establish that G&B's claims fail.

7. The Title Companies seek summary judgment on all tort-based claims asserted by G&B in its Second Amended Complaint against the Title Companies.[1] These claims include allegations of negligence (Counts Three and Four) and agency (Count Seven). G&B's sworn testimony and the indisputable facts make clear that no genuine issue of material fact remains on these respective claims.

---

[1] G&B's remaining claims are contractual in nature and are addressed separately in a motion for declaratory judgment filed by the Title Companies. The motion for declaratory judgment and this motion for partial summary judgment address all claims asserted by G&B against the Title Companies.

8. G&B's tort claims raise an issue of first impression in Mississippi. The majority of other jurisdictions and the modern trend hold that a title insurance company, as a matter of law, cannot be liable in tort to its insureds. The majority rule is supported by basic Mississippi insurance and contract principles and provides the most well-reasoned approach. Under the twin-aims of *Erie*, this Court should adopt the majority rule and enter judgment as a matter of law in favor of the Title Companies on all negligence claims asserted by G&B.

9. Even if this Court elects to adopt a rule permitting tort-based claims against a title insurance company, G&B's tort claims fail as a matter of law. The undisputed facts fail to establish that the Title Companies owed any legal duty to G&B beyond the terms of the owner's title insurance policy.

10. G&B's agency claim fails because the undisputed facts establish that no agency relationship existed between Charles Evans and the Title Companies with regard to any transactions with G&B. During the transaction between G&B and Hanover, Charles Evans acted solely in his capacity as a purchaser (or representative of the purchaser). Charles Evans did not act as an approved attorney or title agent on behalf of the Title Companies for any transactions for which G&B was involved.

11. It is undisputed that G&B contractually agreed to sell the property long before any of the transactions complained of, and nothing the Title Companies could have done would have erased G&B's obligation to sell the property to Hanover.

12. The Title Companies incorporate into this Motion the reasons, arguments, and law addressed in its Memorandum in Support, which is filed separately.

13. In addition, the Title Companies provide the following exhibits in support:

> Exhibit A – *Contract of Sale between G&B and 463 Development Company, LLC*;

Exhibit B – *Assignment from 463 Development Company, LLC to Hanover Investments, LLC*;

Exhibit C – *Closing Statement of G&B Transaction*;

Exhibit D – *Promissory Note Executed by Hanover in favor of G&B*;

Exhibit E – *Purchase Money Deed of Trust executed by Hanover in favor of G&B*;

Exhibit F – *Owner's Title Insurance Policy issued to G&B by the Title Companies*;

Exhibit G – *Excerpts of Transcript from G&B's Rule 30(b)(6) Deposition*;

Exhibit H – *Excerpts of Transcript from G&B's Examination Under Oath*;

Exhibit I – *2008 Title Commitment issued by the Title Companies to Bank of Forest*;

Exhibit J – *Lender's Title Insurance Policy issued by the Title Companies to Heritage Bank*;

Exhibit K – *Lender's Title Insurance Policy issued by the Title Companies to Bank of Forest*;

Exhibit L – *Lender's Title Insurance Policy issued by the Title Companies to Merchants & Farmers Bank*; and

Exhibit M – *2009 Title Commitment issued by the Title Companies to Bank of Forest*.

FOR THESE REASONS, the Title Companies respectfully request that this Court grant their motion for summary judgment in favor of the Title Companies on each of the claims above, award expenses and attorneys' fees to the Title Companies, and grant any additional relief deemed appropriate by this Court.

**RESPECTFULLY SUBMITTED,** this the 22nd day of December 2010.

        MISSISSIPPI VALLEY TITLE INSURANCE
        COMPANY and OLD REPUBLIC TITLE
        INSURANCE COMPANY

        BY:  /s/ *William C. Brabec*
             William C. Brabec (MSB No. 4240)
             M. Scott Jones (MSB No. 102239)
             Lindsey N. Oswalt (MSB No. 103329)
             Benjamin B. Morgan (MSB No. 103663)
             **ADAMS AND REESE LLP**
             111 E. Capitol Street, Suite 350 (39201)
             Post Office Box 24297
             Jackson, MS  39225-4297
             Telephone:   601-353-3234
             Facsimile:    601-355-9708

**CERTIFICATE OF SERVICE**

      I hereby certify that on this day, a copy of the foregoing has been served by electronic filing through the ECF System, which provides electronic notice to all parties of record, including the following:

| | |
|---|---|
| William Liston<br>wlist3@aol.com | Terry Levy<br>tlevy@danielcoker.com |
| Lawrence Deas<br>ldeas@aol.com | Richard Bradley<br>rbradley@danielcoker.com |
| Kristina Johnson<br>kjohnson@watkinsludlam.com | Jeffrey Tyree<br>jktyree@harrisgeno.com |
| Dale Danks<br>ddanks@dmc-law.net | Jeff Rawlings<br>rrm_h@bellsouth.net |
| Michael Cory<br>mc@dmc-law.net | Mike MacInnis<br>mikems@bellsouth.net |
| Michael Simmons<br>mike@cs-law.com | Derek Henderson<br>d_henderson@bellsouth.net |

      This the 22nd day of December, 2010.

                                      /s/ *M. Scott Jones*
                                      M. Scott Jones