IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

JON CHRISTOPHER EVANS
AND JOINTLY ADMINISTERED
RELATED CASES

Case No. 09-03763-NPO

DEBTORS.

Chapter 7

G&B INVESTMENTS, INC.

PLAINTIFF

VS.

ADV. PROC. NO. 10-00040-NPO

DEREK A. HENDERSON, TRUSTEE
FOR THE BANKRUPTCY ESTATE OF
JOHN CHRISTOPHER EVANS, ET AL

DEFENDANTS

### TITLE COMPANIES' MOTION FOR SUMMARY JUDGMENT ON MERCHANTS & FARMERS BANK'S CROSS-CLAIM

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Mississippi Valley Title Insurance Company and Old Republic National Title Insurance Company ("Title Companies") respectfully move this Court for summary judgment against Merchant & Farmers Bank ("M&F") for the following reasons:

1. The Title Companies issued a lender's title insurance policy to M&F that insured against title defects on the property identified in the policy. M&F admits it has a "valid first lien and security interest as against" that property. *See* M&F's Cross-Claim [Dkt. No. 62] at ¶ 29.

2. Although M&F concedes there is no title defect, M&F filed a Cross-Claim against the Title Companies, alleging that (1) "M&F is entitled to determination, allowance, and immediate payment in full of all its claims against the Title Companies"; and (2) the Title Companies "negligently supervised" Charles Evans, whose only connection with the Title Companies was as an approved attorney. *See* Cross-Claim at ¶¶ 41-44. M&F also claims that

the Title Companies, "through theories of *respondeat superior* and/or by vicarious liability," are liable for the wrongful acts of Charles Evans, against whom M&F alleges fraud, negligent misrepresentation, breach of contract, and breach of duty of good faith and fair dealing. *See* Cross-Claim at ¶¶ 32, 34.

3. M&F seeks to expand to terms of the insurance contract in an effort to get more than it bargained for with the Title Companies. Such a result would effectively rewrite the clear and unambiguous terms of the title insurance policy and, instead, create a loan insurance policy. The Title Companies did not insure any bank loan; rather, the Title Companies simply agreed to either cure any title defect or indemnify M&F of any loss arising from a defect in title under the terms, conditions, exceptions, exclusions and limitations of the title insurance policies. There is no title defect, and the Title Companies, thus, have no obligation.

4. As set forth more fully in the Title Companies' Memorandum in Support, which is specifically incorporated into this Motion by reference, the Title Companies are entitled to summary judgment for a number of reasons.

5. M&F's contractual claims under the title insurance policy fail as a matter of law because M&F and the Title Companies agree that there is no title defect. The policy insures against title defects. If a defect exists, then, the policy allows the Title Companies to either cure the defect or pay for the loss. Here, there is no defect and, thus, nothing to pay or cure.

6. Because the Title Companies did not, as a matter of law, breach the title insurance policy, M&F's claim of breach of duty of good faith and fair dealing necessarily fails.

7. M&F's claims under vicarious liability fail as a matter of law because the Charles Evans was neither an employee nor an agent for the Title Companies with regard to any

2

4/230041.1

transaction involving M&F. Similarly, M&F's claim of negligent supervision fails because Charles Evans was never an employee of the Title Companies.

8. The issue of whether a title insurance company may be liable in tort to its insured is an issue of first impression in Mississippi. The overwhelming majority of jurisdictions hold that a title insurance company cannot be liable in tort (absent evidence of bad faith) to its insureds because their relationship is purely contractual. Under the twin-aims of *Erie*, this Court should adopt the majority rule and enter judgment as a matter of law in favor of the Title Companies on the tort claims asserted by M&F. Even if this Court were to depart from the majority rule, however, M&F's fraud and negligence claims would fail because M&F could not have possibly detrimentally relied on any statement by the Title Companies when M&F made the loan to Town Park over five months prior to when the Title Companies issued the title insurance policy.

9. In further support of this Motion, the Title Companies attach the following exhibits:

> Exhibit 1: The lender's title insurance policy issued by the Title Companies to M&F, policy no. LP107073 (the "Lender's Policy")
>
> Exhibit 2: A January 8, 2009 letter from Charles Evans to M&F, enclosing the Lender's Policy (the "Letter")
>
> Exhibit 3: Affidavit of Parrish Fortenberry
>
> Exhibit 4: Certificate of Title from Charles Evans to M&F

WHEREFORE, for the reasons set forth in this Motion and the accompanying memorandum in support, which is incorporated in this motion by reference, the Title Companies respectfully request that this Court grant their motion for summary judgment, award expenses

3

4/230041.1

and attorney fees to Title Companies, and grant any additional relief deemed appropriate by this Court.

RESPECTFULLY SUBMITTED, this the 22nd day of December, 2010.

        **MISSISSIPPI VALLEY TITLE INSURANCE COMPANY and OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY**

        /s/ Mason E. Lowe
        David W. Clark (MSB# 6112)
        Mason E. Lowe (MSB# 102393)

OF COUNSEL
Bradley Arant Boult Cummings LLP
One Jackson Place,
188 East Capitol Street, Suite 400
Jackson, MS 39215-1789
Telephone: (601) 948-8000
Facsimile: (601) 948-3000

4/230041.1

## CERTIFICATE OF SERVICE

I hereby certify that on this day, a copy of the foregoing has been served by electronic filing through the ECF System, which provides electronic notice to all counsel of record, including:

M. Scott Jones, Esq.
Adams and Reese, LLP
111 East Capitol Street, Ste. 350
Jackson, MS 39225-4297

William C. Brabec
Adams and Reese LLP
111 E Capitol St Ste 350
Jackson, MS 39201

R. Michael Bolen, Esq.
Office of the United States Trustee A. H.
McCoy Federal Building
100 West Capitol Street, Suite 706
Jackson, Mississippi 39269

Derek A. Henderson, Trustee
111 East Capitol Street, Suite 455
Jackson, Mississippi 39201

Kristina M. Johnson, Esq.
WATKINS LUDLAM WINTER & STENNIS, P.A.
190 East Capitol Street, Suite 800
Jackson, Mississippi 39205-0427

John G. Holaday, Esq.
Holaday & Moorehead, Attorneys
220 West Jackson Street
Ridgeland, Mississippi 39157-1406

Michael V. Cory, Jr., Esq.
Post Office Box 1759
Jackson, Mississippi 39205-0629

Richard A. Montague, Jr.
Post Office Box 1970
Jackson, Mississippi 39205-1970

Tylvestor O. Goss, Esq.
Davis Goss & Williams
1441 Lakeover Road
Jackson, Mississippi 39213

G. Todd Burwell, Esq.
618 Crescent Boulevard, Suite 200
Ridgeland, Mississippi 39157

Gene D. Berry, Esq.
Post Office Box 1631
Madison, Mississippi 39130

John G. Corlew, Esq.
Corlew Munford & Smith, PLLC
4450 Old Canton Road, Suite 111
Jackson, Mississippi 39211

Jeff D. Rawlings, Esq.
Post Office Box 1789
Madison, Mississippi 39130-1789

Terry R. Levy, Esq.
Post Office Box 1084
Jackson, Mississippi 39215-1084

Michael D. Smith, Esq.
Post Office Box 22626
Jackson, Mississippi 39225-2626

Stephen Smith, Trustee
Shelton & Smith, P. C.
5 Old River Place, Suite 107
Jackson, Mississippi 39202

Jeffrey K. Tyree, Esq.
Post Office Box 3380
Ridgeland, Mississippi 39158-3380

Community Bank
Patrick F. McAllister, Esq.
Williford McAllister & Jacobus
303 Highland Park Cove, Suite A
Ridgeland, Mississippi 39157-6059

Dodd Enterprises, LLC
R. Paul Randall, Jr.
Randall, Segrest & Weeks, PLLC
992 Northpark Drive, Suite A
Ridgeland, Mississippi 39157

Thomas R. Hudson, Esq.
BankPlus
1068 Highland Colony Parkway, Suite 200
Ridgeland, Mississippi 39157-8807

Michael S. MacInnis
Rawlings & MacInnis, P.A.
P.O. Box 1789
Madison, MS  39130-1789

This the 22nd day of December, 2010.

                                        /s/ Mason E. Lowe
                                        MASON E. LOWE