UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

IN RE:

    JON CHRISTOPHER EVANS,                                  CAUSE NO. 09–03763–NPO

    DEBTOR                                                                 CHAPTER 7

*Jointly Administered with Related Cases*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

G&B INVESTMENTS, INC.                                           PLAINTIFF
VS.                                                 ADV. PROC. NO. 10–00040–NPO
DEREK A. HENDERSON, TRUSTEE FOR THE
BANKRUPTCY ESTATE OF JON CHRISTOPHER
EVANS, Et Al.                                                      DEFENDANTS

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

MISSISSIPPI VALLEY TITLE INSURANCE
COMPANY And OLD REPUBLIC NATIONAL
TITLE INSURANCE COMPANY                      THIRD PARTY PLAINTIFF

VS.

CHARLES H. EVANS, JR., INDIVIDUALLY,
And THE EVANS FIRM                                      THIRD PARTY DEFENDANT

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

MEMORANDUM OF AUTHORITIES IN SUPPORT OF
MOTION OF DEFENDANT CHARLES H. EVANS, JR.,
FOR SUMMARY JUDGMENT AGAINST G&B INVESTMENTS, INC.

      Defendant Charles H. Evans, Jr., hereinafter ("Movant"), submits this Memorandum of

Authorities in support of his Motion for Summary Judgment against plaintiff G&B

Investments, Inc. (G&B") (AP Dkt # 286).

1.

      Movant relies upon the following to support his motion:

  a. The allegations against him in G&B's Second Amended Complaint filed in this Adversary Proceeding (hereinafter "Complaint"). (AP Dkt # 88)

  b. The statement of facts in the Motion to Approve Compromise And Settlement Between G&B Investments, Inc., and Derek Henderson, Trustee (hereinafter, "Motion" or "Motion to Approve Settlement"). (AP Dkt # 141)

  c. The Order Granting Motion to Approve Compromise And Settlement Between G&B Investments, Inc., and Derek Henderson, Trustee (Hereinafter "Order"). (AP Dkt # 176)

2.

G&B has sued Movant individually for fraud in the inducement of the sale and purchase on July 23, 2008, of a tract of land of approximately 105 acres (sometimes referred to as "Tract 4") in Madison County, Mississippi, as set forth in the allegations of the Complaint. The alleged fraud is set forth primarily in the allegations of Paragraph Nos. 18 - 34, 40 - 41, 44 - 50 of the Complaint. G&B details its damages in Paragraph 80 of the Complaint. In brief, G&B alleges in the Complaint that: Charles H. Evans, Jr., acting through 463 Development Company, LLC, and Hanover Investments, Inc. ("Hanover"), fraudulently induced G&B to sell the 105 acres to Hanover for $16,000,000.00; that G&B received at closing a cash payment of $5,000,000.00 and a promissory note from Hanover for the $11,000,000.00 balance secured by a deed of trust on 77 of the approximately 105 acres; that G&B subsequently learned that the $5,000,000.00 down payment came from loans secured by portions of the 28 acres of the 105 acres which G&B had released at closing from the lien of the its deed of trust from Hanover; that G&B would not have closed on the sale if it had

known that Hanover had obtained the funds for the $5,000,000.00 down payment by borrowing against the 28 acres; that Hanover and Charles Evans had defrauded G&B; and that G&B was entitled to rescind the sale of the entire 105 acres and to regain superior title to the entire tract of 105 acres. However, in the Motion to Approve Settlement which G&B filed jointly with Derek A. Henderson, Bankruptcy Trustee for Hanover, as granted by this Court in the above referenced Order on said Motion, G&B elected to affirm the transaction between itself and Hanover for the purchase and sale of the 105 acres and to retain the $5,000,000 down payment which G&B received at closing and to retain the 77 acres which had secured the promissory note from Hanover for $11,000,000.00 and on which Hanover had foreclosed. The Motion to Approve Settlement, as implemented by the Order, purportedly reserved G&B's fraud claim against Charles H. Evans, Jr., separately from G&B's settlement of its fraud claim against Hanover arising out of the same transaction.

3.

Assuming for purposes of argument only that the allegations by G&B against Charles H. Evans, Jr., and Hanover, if proven, would constitute fraud in the purchase and sale of the 105 acres, and without conceding that Movant or anyone else committed fraud against G&B, then it is undisputed that G&B has elected to ratify the transaction for the purchase and sale of the property in question. As a matter of law, G&B simultaneously waived its claim for damages in fraud arising out of the ratified contract. The Mississippi law on this point is set forth in the case of *Turner vs. Wakefield, 481 So.2d 846, 848-849, 1985 Miss. Lexis 2334 (Miss. 19185),* citing *Stoner v. Marshall, 145 Colo. 352, 358 P. 2d 1021 (1961)).* In the *Turner* case, Turner, the seller, sought appellate review of a directed verdict for Wakefield,

-3-

the buyer, for the balance due on a promissory note for the purchase of a chiropractic practice. By way of defense, Wakefield affirmatively alleged that Turner had misrepresented the value of the equipment and the expected income from the practice. However, Wakefield had continued making payments on the promissory note for the balance owed on the practice for eleven months even after he had questioned the validity of the seller's representations about the practice. At trial, Turner moved for a directed verdict on the ground that Wakefield's payments on the promissory notes after charging Turner with fraud waived the affirmative defenses of fraud, deceit and misrepresentation and thereby ratified the validity of the note. The trial court denied the motion. On appeal, the Mississippi Supreme Court reversed the ruling of the trial court and held that the buyer had ratified the contract by making payments on the note after discovering the alleged fraud.

> Where one is induced through false and fraudulent representations to enter into an agreement upon discovery thereof, he has an election to either rescind, in which event he must tender back that which he has received, or he may affirm the agreement, and maintain his action in damages for deceit, but his election must be promptly made, and, and when once made, is final. If one elects to affirm the agreement, after full knowledge with the truth respecting the false and fraudulent representation, and thereafter continues to carry it out and receive its benefits, he may not thereafter maintain an action in damages for deceit, because this would constitute a ratification of the agreement and condemnation of the fraud; otherwise one might, with knowledge of fraud, speculate upon the advantages or disadvantages of an agreement, receive its benefits, and thereafter repudiate all its obligations. *[Stoner] at 1022-23.*

Thus, stated in general terms, the law of this case is that, assuming the fact of fraud, a contract obligation obtained by fraudulent representation is not void, but [*849] voidable. Upon discovery thereof, the one defrauded must act promptly and finally to repudiate the agreement; however, a continuance to ratify the contract terms constitutes a waiver. *Stoner, supra.*

The holding in the *Turner* case was reaffirmed in the case of *Lee vs. Thompson, 43 So.3d*

*1104, 2010 Miss. LEXIS 465 (Miss. 2010)*.

> The trial court held that in signing the settlement-disbursement sheet, the plaintiffs became aware that Lee was retaining forty-five percent of their recovery as attorney's fees and agreed to let him do so. The trial court based its ruling on this Court's holding in *Turner v. Wakefield, 481 So. 2d 846, 848 (Miss. 1985)*, wherein this Court adopted that appellants' reasoning:
>
>> Where one is induced through false and fraudulent representations to enter into an agreement upon discovery thereof, he has an election to either rescind, in which event he must tender back that which he has received, or he may affirm the agreement, and maintain his action in damages for deceit, but his election must be promptly made, and, and when once made, is final. If one elects to affirm the agreement, after full knowledge with the truth respecting the false and fraudulent representation, and thereafter continues to carry it out and receive its benefits, he may not thereafter maintain an action in damages for deceit, because this would constitute a ratification of the agreement and condemnation of the fraud; otherwise one might, with knowledge of fraud, speculate upon the advantages or disadvantages of an agreement, receive its benefits, and thereafter repudiate all its obligations.
>
> *Id.* (citing *Stoner v. Marshall, 145 Colo. 352, 358 P.2d 1021 (1961)*). The Court restated this rule by saying, "assuming the fact of fraud, a contract obligation obtained by fraudulent representation is not void, but voidable. Upon discovery thereof, the one defrauded must act promptly and finally to repudiate the agreement; however, a continuance to ratify the contract terms constitutes a waiver." *Id. at 848-49*.

*Lee vs. Thompson, 43 So.3d at 1115*.

In this case, G&B Investments, Inc., after discovering the alleged fraud, ratified the transaction in which it agreed to sell the 105 acres to Hanover Investments, Inc. As a result of the ratification, G&B is allowed to retain both the $5,000,000.00 down payment and the 77 acre tract which secured Hanover's promissory note for $11,000,000.00 and on which G&B foreclosed before Hanover filed bankruptcy. Although the Motion to Approve Settlement attempted to reserve G&B's fraud claim against Charles Evans separately from its fraud claim against Hanover, the fact remains that G&B has elected between the inconsistent remedies of

fraud and ratification of the contract. Under the law of Mississippi applicable to the dealings between the parties, G&B is not entitled to keep the benefits of the contract and simultaneously pursue damages in fraud. As a matter of law. Charles H. Evans, Jr., is entitled to judgment against G&B Investments, Inc., on G&B's allegations of fraud against him in Adversary Proceeding 10-00040.

This the 22nd day of December, 2010.

>Respectfully submitted,
>
>CHARLES H. EVANS, JR.
>
>BY:   /s/ Terry R. Levy
>      OF COUNSEL
>
>BY:   /s/ Richard C. Bradley III
>      OF COUNSEL

TERRY R. LEVY - BAR # 1225
tlevy@danielcoker.com
RICHARD C. BRADLEY III - BAR # 4269
rbradley@danielcoker.com
DANIEL COKER HORTON AND BELL, P.A.
4400 OLD CANTON ROAD, SUITE 400
POST OFFICE BOX 1084
JACKSON, MISSISSIPPI 39215-1084
TELEPHONE: (601) 969-7607
FACSIMILE: (601) 969-1116

## CERTIFICATE OF SERVICE

      I hereby certify that, on December 22, 2010, I electronically filed the foregoing Memorandum of Authorities with the Clerk of the Court using the ECF system which will send notification of such filing to all parties receiving electronic notice:

M. Scott Jones, Esq.
Adams and Reese LLP
scott.jones@arlaw.com
Attorneys for Miss. Valley Title Ins. Co.
and Old Republic Nat'l Title Ins. Co.

William C. Brabec, Esq.
Adams & Reese LLP
bill.brabec@arlaw.com
Attorneys for Miss. Valley Title Ins. Co.
and Old Republic Nat'l Title Ins. Co.

Mason E. Lowe, Esq.
Bradley Arant Boult Cummings LLP
mlowe@babc.com
Attorney for Miss Valley Title Ins. Co.

Derek A. Henderson, T1
d_henderson@bellsouth.net
Trustee for Jon Christopher Evans and the
Jointly Administered Estates

Stephen Smith, Ch. 7 Trustee
stephen@smithcpafirm.com
Trustee for Charles H. Evans, Jr.

Jeffrey Kyle Tyree, Esq.
Harris Jernigan & Geno, PLLC
jktyree@harrisgeno.com
Attorney for Trustee Stephen Smith

Tylvester O. Goss, Esq.
Davis Goss & Williams
bankruptcy@dgwlaw.com
Attorney for Jon Christopher Evans,
Debtor

R. Michael Bolen, U.S. Trustee
USTPRegion05.JA.ECF@usdoj.gov

J. Mark Franklin III, Esq.
McKay Simpson Lawler
mfranklin@mckaysimpson.com
Attorney for Bank First Financial Services

W. Lawrence Deas, Esq.
Deas & Deas
lawrence@deaslawfirm.com
Attorney for Bank of Forest

William Liston, III
Liston/Lancaster PLLC
Wlist3@aol.com

Kristina M. Johnson, Esq.
kjohnson@watkinsludlam.com
Attorney for Bank of Forest

John G. Corlew, Esq.
Corlew, Munford & Smith, PLLC
jcorlew@cmslawyers.com
Attorney for Bank of Forest

Kathy K. Smith, Esq.
Corlew, Munford & Smith, PLLC
ksmith@cmslawyers.com
Attorney for Bank of Forest

G. Todd Burwell, Esq.
tburwell@gtbpa.com
Attorney for Bank of Forest

| | |
|---|---|
| Janet McMurtray, Esq.<br>Watkins Ludlam Winter & Stennis, PA<br>jmcmurtray@watkinsludlam.com<br>Attorney for Bank of Forest | Michael V. Cory, Jr., Esq.<br>Danks Miller & Cory<br>mcory@dmhclaw.com<br>Attorney for G&B Investments, Inc. |
| Patrick F. McAllister, Esq.<br>Williford, McAllister & Jacobus, LLP<br>pmcallister@wmjlaw.com<br>Attorney for Community Bank<br>  of Mississippi | Dale Danks, Jr.<br>Danks Miller & Cory<br>ddanks@dmhclaw.com<br>Attorney for G&B Investments, Inc. |
| Richard Montague, Esq.<br>Wells, Moore, Simmons & Hubbard, PLLC<br>rmontague@wellsmoore.com<br>Attorney for G & B Investments, Inc. | Jeff D. Rawlings, Esq.<br>jeffdrawlings@bellsouth.net<br>Attorney for Merchants & Farmers Bank |
| Ashlee Ellis Hederman<br>Wells, Moore, Simmons & Hubbard, PLLC<br>hederman@wellsmoore.com<br>Attorney for G & B Investments, Inc. | Michael S. MacInnis<br>Rawlings & MacInnis, P.A.<br>mikems@bellsouth.net<br>Attorney for Merchants & Farmers Bank |
| John G. Holaday, Esq.<br>Holaday Moorehead & Eaton<br>john@msattys.com<br>Attorney for G&B Investments, Inc. | Michael D. Simmons, Esq.<br>Cosmich, Simmons & Brown, PLLC<br>mike@cs-law.com<br>Attorney for Heritage Banking Group |
| Lucy Elizabeth Johnson, Esq.<br>Holaday Moorehead & Eaton<br>elizabeth@msattys.com<br>Attorney for G&B Investments, Inc. | Gene D. Berry Esq.<br>genedberry@berryfirm.net<br>Attorney for BankFirst Financial Services |
| | Rory Paul Randall, Jr., Esq.<br>Randall Segrest & Weeks, PLLC<br>prandall@randallsegrest.com<br>Attorney for Dodd Enterprises |

This, the 22nd day of December, 2010.

/s/ Richard C. Bradley III