IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE: JON CHRISTOPHER EVANS                                          CHAPTER 7
                                                                       CASE NO: 09-03763-NPO

*Jointly Administered with Related Cases*

G & B INVESTMENTS, INC.                                               PLAINTIFF

V.                                          ADVERSARY PROCEEDING NO. 10-00040-NPO

DEREK A. HENDERSON, CHAPTER 7 TRUSTEE
FOR THE BANKRUPTCY ESTATE OF JON
CHRISTOPHER EVANS, ET AL.                                             DEFENDANTS

## MOTION TO DISMISS TITLE COMPANIES' MOTION FOR DECLARATORY JUDGMENT

Cross-Claimant Bank of Forest ("BOF") hereby moves this Court to dismiss as procedurally improper the Motion for Declaratory Judgment (Dkt. No. 280) filed in this matter by Mississippi Valley Title Insurance Company and Old Republic National Title Insurance Company (the "Title Companies").  In support of its motion, BOF states:

1.  On December 22, 2010, the Title Companies filed a motion seeking a declaratory judgment regarding the rights and obligations existing between BOF and the Title Companies pursuant to the title commitment issued by the Title Companies prior to the closing of the 2009 White Oaks Loan.

2.  Bankruptcy Rule 7001 includes actions seeking declaratory relief among the types of actions that must be brought as adversary proceedings, rather than as contested matters. *See* Federal Rule of Bankruptcy Procedure 7001(9).

3.  The Fifth Circuit Court of Appeals, as well as numerous bankruptcy courts nationwide, have repeatedly held that the filing of an adversary proceeding is the exclusive procedural mechanism by which a party may pursue the types of actions enumerated in

Bankruptcy Rule 7001. *See In re Haber Oil Co., Inc.,* 12 F.3d 426, 437-38 (5th Cir. 1994); *In re Commercial Financial Services, Inc.,* 268 B.R. 579, 591-92 (Bankr.N.D.Okla. 2001); *In re Kimmel*, 367 B.R. 166, 174 (Bankr.N.D.Cal. 2007); *Matter of Perkins,* 902 F.2d 1254, 1258 (7th Cir. 1990); *In re DBSI, Inc.,* 432 B.R. 126, 134-35 (Bankr.D.Del. 2010).

4. "A motion seeking relief that which the rules require to be sought through an adversary proceeding should be dismissed." *In re Viney,* 369 B.R. 392, 393 (Bankr.N.D.Ind. 2007)(citing *Matter of Perkins*, 902 F.2d 1254, 1258 (7th Cir. 1990)). Where the relief sought by a party through "falls clearly within the types of proceedings specified by Bankruptcy Rule 7001 to be adversary proceedings", the motion "will be denied as procedurally improper." *In re DBSI, Inc.,* 422 B.R. 126, 135. (Bankr.D.Del. 2010).

WHEREFORE, PREMISES CONSIDERED, BOF respectfully requests that the Court dismiss the Title Companies' Motion for Declaratory Judgment or, alternatively, deny the motion as procedurally improper.

Dated this the 30th day of December, 2010.

/s/ W. Lawrence Deas, Esq.
W. Lawrence Deas, Esq., MSBN: 100227
DEAS & DEAS, LLC
353 NORTH GREEN STREET
P.O. BOX 7282
TUPELO, MS 38802
PHONE: (662) 842-4546
FACSIMILE: (662) 842-5449
Lawrence@deaslawfirm.com

OF COUNSEL:

WILLIAM LISTON, III (MSB #8482)
LISTON/LANCASTER PLLC
Post Office Box 14127
Jackson, Mississippi 39236
Tel. (601) 981-1636
Fax. (601) 982-0371
Email:  wlist3@aol.com

## **CERTIFICATE OF SERVICE**

  I, W. Lawrence Deas, hereby certify that on December 30, 2010, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the parties set forth in the Electronic Mail Notice List as of the date hereof, including the following:

    R. Michael Bolen, U.S. Trustee
    USTPRegion05.JA.ECF@usdoj.gov

    Derek A. Henderson
    111 E. Capitol Street
    Suite 455
    Jackson, MS 39201
    D_henderson@bellsouth.net

              */s/W. Lawrence Deas*
              W. Lawrence Deas