## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| IN RE: | ) | Case No. 09-03763-NPO |
| | ) | |
| JON CHRISTOPHER EVANS, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |

### AFFIDAVIT OF ROBERT B. JONES

STATE OF MISSISSIPPI

COUNTY OF MADISON

PERSONALLY APPEARED BEFORE ME, the undersigned authority, Robert B. Jones, who, being by me first duly sworn deposes and says that:

1.   I am a person of the full age of majority and make this affidavit of my own personal knowledge.

2.   I am the claims counsel for Mississippi Valley Title Insurance Company ("Mississippi Valley Title").

3.   Jon Christopher Evans and his brother, Charles H. Evans, Jr., are defendants in a lawsuit filed by Mississippi Valley Title asserting that both Jon Christopher Evans and Charles H. Evans, Jr. engaged in fraudulent, intentional, and/or negligent conduct to the detriment of Mississippi Valley Title and lenders.  This lawsuit is currently pending in the Madison County Chancery Court, cause no. 2009-1311 (the "State Court Action").  However, MVT is stayed from proceeding against Jon Christopher Evans, Colony Developers, Inc. and Highland of Ridgeland, Inc. because they have filed bankruptcy proceedings.

4.   Both Charles H. Evans, Jr. and Jon Christopher Evans are licensed attorneys in the State of Mississippi, although Jon Christopher Evans is currently on inactive status.





5.    Charles H. Evans, Jr. was an approved attorney for Mississippi Valley Title, although not retained, hired or employed by Mississippi Valley Title.

6.    Approved attorneys provide title certificates to Mississippi Valley Title which are intended to represent the true status of title on a particular property.

7.    Mississippi Valley Title relies on the diligence, accuracy, honesty and representations of its approved attorneys, such as Charles H. Evans, Jr., in title certificates before issuing title insurance policies.

8.    Mississippi Valley Title relied on the title certificates provided by Charles H. Evans, Jr. to issue over 100 title insurance policies to various lenders (the "Lenders").

9.    Charles H. Evans, Jr. misrepresented the true ownership of and encumbrances upon certain land in title certificates provided to Mississippi Valley Title for the benefit of Jon Christopher Evans and/or other entities who borrowed funds from the Lenders.

10.    Each of the business entities obtaining loans based on these title insurance policies and to whom loan proceeds were disbursed was owned and/or controlled by Jon Christopher Evans and/or Charles H. Evans, Jr. and/or participated in the common scheme and enterprise of Jon Christopher Evans and/or Charles H. Evans, Jr.

11.    Jon Christopher Evans, Charles H. Evans, Jr. and others have entered in concert in a fraudulent and/or criminal scheme to defraud Mississippi Valley Title and Lenders by borrowing funds from Lenders using certain land as collateral when title to the collateral was not of record in the landowner.

12.    As a part of the fraudulent scheme Jon Christopher Evans and/or Charles H. Evans, Jr. would misrepresent to the Lenders and Mississippi Valley Title that the land was owned by an entity controlled by Jon Christopher Evans and/or Charles H. Evans, Jr.

13.   Based on the false title certificates provided by Charles H. Evans, Jr. and title insurance commitments issued by Mississippi Valley Title, Lenders would advance funds to Jon Christopher Evans, Charles H. Evans, Jr. and/or others.

14.   Based on the false title certificates provided by Charles H. Evans, Jr., Mississippi Valley Title would issue title insurance policies that insured the Lenders for certain defects in title.

15.   Contrary to the representations made by Charles H. Evans, Jr. in title certificates, record title to the subject property was never transferred into the entity that actually borrowed the funds and whose title was insured. Rather, record title remained in the name of one of the other defendants in the State Court Action, although equitable title passed from the record title holder to the entity borrowing funds and executing a deed of trust in favor of the affected Lender.

16.   As of this date, Mississippi Valley Title has received 65 claims on title policies issued in reliance upon title certificates provided by Charles H. Evans, Jr. These claims have a total value of $41,415,242.35. A summary of the claims received by Mississippi Valley Title is attached as Exhibit "A".

17.   As evidence of this fraudulent scheme, Mississippi Valley Title Insurance Company provides the following examples of real property involved in the apparent fraudulent activity:

### 38 Acre Parcel of Property on Highland Colony Parkway

a.   On October 17, 2003, Old Agency Business Park, Inc. (an entity controlled by Jon Christopher Evans) obtained title to a 38.57 acre parcel of property located on the Highland Colony Parkway in Madison County, Mississippi.

b.   Title to this property is evidenced by that certain Warranty Deed recorded in Book 1702 at Page 224 (amended in Book 1749 at Page 585) in the Office of the Chancery Clerk of Madison County Mississippi.

Case 10-00040-NPO   Doc 339-11   Filed 01/04/11   Entered 01/04/11 16:44:53   Desc
Exhibit 11   Affidavit of Robert B. Jones   Page 4 of 32

Case 09-03763-NPO   Doc 78   Filed 11/17/09   Entered 11/17/09 16:43:54   Desc Main
Document   Page 4 of 7

*Lot 1G: Fraudulent Title Certificates Beginning with*
*Madison Avenue Development Company, LLC*

c.  On November 15, 2006, Charles H. Evans, Jr. signed a Final Certificate of Title certifying that title to 3 acres of the 38.57 acres of title was vested in Madison Avenue Development Company, LLC (an entity controlled by Jon Chris Evans) and that Community Bank held the First Mortgage on that Property by virtue of a Deed of Trust recorded in the office of the Chancery Clerk of Madison County, Mississippi. See attached Exhibit "B".

d.  In reliance on Charles H. Evans, Jr.'s representation made in the Final Certificate of Title, Mississippi Valley Title issued Policy M-306708 in the amount of $776,129.50 insuring that Community Bank held a first mortgage on the subject 3 acre parcel of property.

e.  After learning of the possible fraud, Mississippi Valley Title recently searched the General Index in the Office of the Chancery Clerk in Madison County, Mississippi and confirmed that a deed has never been recorded vesting title to the subject 3 acre parcel of property into Madison Avenue Development Company, LLC.

f.  Upon information and belief, the Community Bank loan secured by the Deed of Trust still has an outstanding balance owing on it.

g.  On June 2, 2008, Charles H. Evans, Jr. signed another Final Certificate of Title certifying that the same subject 3 acre parcel of property was vested in Westwoods Investments, LLC (an entity controlled by Jon Chris Evans) and that Metropolitan Bank held a first lien on the same subject 3 acre parcel of property. See Exhibit "C".

h.  In reliance on Charles H. Evans, Jr.'s representation made in the Final Certificate of Title, Mississippi Valley Title issued Policy LP107014 in the amount of $577,180.00 insuring that Metropolitan Bank held a first mortgage on the subject 3 acre parcel of property.

i.  After learning of the possible fraud, Mississippi Valley Title searched the General Index in the Office of the Chancery Clerk in Madison County, Mississippi and confirmed that no deed has ever been recorded vesting title to the subject 3 acre parcel of property into Westwoods Investments, LLC.

j.  Upon information and belief, the Metropolitan Bank loan secured by the Deed of Trust still has an outstanding balance owing on it.

k.  On July 8, 2008, Charles H. Evans, Jr. signed another Final Certificate of Title certifying that the same subject 3 acre parcel of property was vested in Park Place Commons, LLC (an entity controlled by Jon Chris Evans) and that Holmes

4

County Bank & Trust Company held a first lien on the same subject 3 acre parcel of property. See Exhibit "D".

l.  In reliance on Charles H. Evans, Jr.'s representation made in the Final Certificate of Title, Mississippi Valley Title issued Policy LP107019 in the amount of $780,127.00 insuring that Holmes County Bank & Trust Company held a first mortgage on the subject 3 acre parcel of property.

m. After learning of the possible fraud, Mississippi Valley Title searched the General Index in the Office of the Chancery Clerk in Madison County, Mississippi and confirmed that no deed has ever been recorded vesting title to the subject 3 acre parcel of property into Park Place Commons, LLC.

n.  Upon information and belief, the Holmes County Bank & Trust loan secured by the Deed of Trust still has an outstanding balance owing on it.

> *Lot 1F: Fraudulent Title Certificates Beginning with Nottaway Pointe, LLC*

o.  On July 8, 2008, Charles H. Evans, Jr. signed a Final Certificate of Title certifying that title to 3 acres of the 38.57 acres was vested in Westwoods Investments, LLC (an entity controlled by Jon Chris Evans) and that Renasant Bank held the First Mortgage on that Property by virtue of a Deed of Trust recorded in the office of the Chancery Clerk of Madison County, Mississippi. See attached Exhibit "E".

p.  In reliance on Charles H. Evans, Jr.'s representation made in the Final Certificate of Title, Mississippi Valley Title issued Policy LP107023 in the amount of $781,950.00 insuring that Renasant Bank held a first mortgage on the subject 3 acre parcel of property.

q.  After learning of the possible fraud, Mississippi Valley Title searched the General Index in the Office of the Chancery Clerk in Madison County, Mississippi and confirmed that a deed has never been recorded vesting title to the subject 3 acre parcel of property into Westwoods Investments, LLC. Moreover, the land records revealed that on November 14, 2003, Old Agency Business Park, Inc. granted Bank First Financial Services a deed of trust on the subject property securing a loan in the amount of $480,420.50.

r.  Upon information and belief, the Renasant Bank loan secured by the Deed of Trust still has an outstanding balance owing on it.

s.  On February 12, 2009, Charles H. Evans, Jr. signed a Final Certificate of Title certifying that title to 3 acres of the 38.57 acres of title was vested in Nottaway Pointe, LLC (an entity controlled by Jon Chris Evans) and that Holmes County Bank & Trust held the First Mortgage on that Property by virtue of a Deed of

Case 10-00040-NPO   Doc 339-11   Filed 01/04/11   Entered 01/04/11 16:44:53   Desc
- Exhibit 11   Affidavit of Robert B. Jones   Page 6 of 32

Case 09-03763-NPO   Doc 78   Filed 11/17/09   Entered 11/17/09 16:43:54   Desc Main
Document   Page 6 of 7

Trust recorded in the office of the Chancery Clerk of Madison County, Mississippi. See attached Exhibit "F".

t.   In reliance on Charles H. Evans, Jr.'s representation made in the Final Certificate of Title, Mississippi Valley Title issued Policy LP107085 in the amount of $800,292.00 insuring that Holmes County Bank & Trust Company held a first mortgage on the subject 3 acre parcel of property.

u.   After learning of the possible fraud, Mississippi Valley Title searched the General Index in the Office of the Chancery Clerk in Madison County, Mississippi and confirmed that no deed has ever been recorded vesting title to the subject 3 acre parcel of property into Nottaway Pointe, LLC.

v.   Upon information and belief, the Holmes County Bank & Trust loan secured by the Deed of Trust still has an outstanding balance owing on it.

### 84 Acre Parcel of Property on Park Place Boulevard

w.   On July 23, 2008, Hanover Investments, LLC (an entity controlled by Charles Evans) obtained title to an 84.56 acre parcel of property located on Park Place Boulevard in Madison County, Mississippi.

x.   Title to this property is evidenced by that certain Warranty Deed recorded in Book 2338 at Page 304 in the Office of the Chancery Clerk of Madison County Mississippi.

*Lots 4A and 4B: Fraudulent Title Certificates Beginning with White Oaks Investment Company, LLC*

y.   On September 17, 2008, Charles H. Evans, Jr. signed a Final Certificate of Title certifying that title to 4.5 acres of the 84.56 acres of title was vested in White Oaks Investment Company, LLC (an entity controlled by Jon Chris Evans) and that Bank of Forest held the First Mortgage on that Property by virtue of a Deed of Trust recorded in the office of the Chancery Clerk of Madison County, Mississippi. See attached Exhibit "G".

z.   In reliance on Charles H. Evans, Jr.'s representation made in the Final Certificate of Title, Mississippi Valley Title issued Policy LP107024 in the amount of $1,296,500.00 insuring that Bank of Forest held a first mortgage on the subject 4.5 acre parcel of property.

aa.   After learning of the possible fraud, Mississippi Valley Title searched the General Index in the Office of the Chancery Clerk in Madison County, Mississippi and confirmed that no deed has ever been recorded vesting title to the subject 4.5 acre parcel of property into White Oaks Investment Company, LLC.

bb. Upon information and belief, the Bank of Forest loan secured by the Deed of Trust still has an outstanding balance owing on it.

18.    Jon Christopher Evans and Charles H. Evans, Jr. repeated this common scheme on many other properties in Madison County, Desoto County, Rankin County, and Hinds County in Mississippi.

19.    Recognizing the probability of fraudulent and/or criminal activity, Mississippi Valley Title immediately attempted to contact Jon Christopher Evans and Charles H. Evans, Jr. to attempt to cure certain title defects. Neither Jon Christopher Evans nor Charles H. Evans, Jr. has responded to Mississippi Valley Title's requests to cooperate or agreed to meet in an effort to merge the legal and equitable title problems created by this fraudulent scheme. Rather, Jon Christopher Evans filed a bankruptcy petition on October 26, 2009, on the eve of the State court preliminary injunction hearing.

AND AFFIANT FURTHER SAITH NOT

_Robert B. Jones_
Robert B. Jones

Sworn to and Subscribed Before Me,
Notary, this 17th day of November, 2009.

_Barbara M. Cargill_
Notary Public
Printed Name: Barbara M. Cargill
Notary No. 49447
My Commission Expires: 8-11-2012

ID # 49447
BARBARA M. CARGILL
STATE OF MISSISSIPPI NOTARY PUBLIC
Commission Expires
Aug. 11, 2012
RANKIN COUNTY

MISSISSIPPI STATEWIDE NOTARY PUBLIC
MY COMMISSION EXPIRES AUGUST 11, 2012
BONDED THRU STEGALL NOTARY SERVICE

Case 10-00040-NPO    Doc 339-11    Filed 01/04/11    Entered 01/04/11 16:44:53    Desc
Exhibit 11    Affidavit of Robert B. Jones    Page 8 of 32

Case 09-03763-NPO    Doc 78-1    Filed 11/17/09    Entered 11/17/09 16:43:54    Desc
Exhibit A    Page 1 of 2

| Policy No. | Borrower | Lender | Amount |
|---|---|---|---|
| M-306873 | 463 Development Co, LLC | State Bank & Trust Company | 1,302,914.50 |
| M-306818 | 463 Development Company, LLC | Community Bank of Mississippi | 520,129.50 |
| LP-107030 | Brashear Heath, LLC | First Security Bank | 900,165.00 |
| LP-107020 | Brashear Heath, LLC | Britton & Koontz Bank | 904,666.00 |
| LP-107074 | Brisbane Centre, LLC | Guaranty Bank & Trust Company | 808,304.50 |
| LP-107066 | C E Development, Inc. | First Bank | 227,407.26 |
| M-306065 | C E Development, Inc. | First Bank of McComb | 227,348.27 |
| LP-104007 | CE Development, Inc. | First Bank | 700,000.00 |
| M-306461 | Cedar Lake Investors, LLC | BankFirst Financial Services | 760,000.00 |
| LP-107067 | Cedar Lake Investors, LLC | State Bank & Trust Company | 311,255.53 |
| M-306474 | Cedar Lake Investors, LLC | Citizens National Bank of Meridian | 712,179.50 |
| M-306468 | Cedar Lake Investors, LLC | First Bank | 416,167.50 |
| M-306462 | Cedar Lake Investors, LLC | Merchants & Farmers Bank | 613,964.15 |
| M-306537 | Cedar Lake Investors, LLC | Merchants & Farmers Bank | 324,274.24 |
| M-306472 | Cedar Lake Investors, LLC | National Bank of Commerce | 760,241.99 |
| LP-107046 | Clear Creek Development, LLC | Cadence Bank | 825,000.00 |
| M-306705 | Colony Construction Ltd. | BankPlus | 338,122.15 |
| M-306043 | Colony Construction, Ltd. | BancorpSouth Bank | 250,000.00 |
| M-306035 | Colony Construction, Ltd. | BankPlus | 183,695.77 |
| LP-107017 | Colony Developers, Inc. | Merchants and Farmers Bank | 169,680.30 |
| M-306032 | Colony Developers, Inc. | Madison County Bank | 245,211.25 |
| M-306067 | Highland CE Corporation | First Commercial Bank | 304,000.00 |
| M-306072 | Highland of Madison Development, Inc. | Community Bank of Mississippi | 350,000.00 |
| M-306582 | Highland of Ridgeland, Inc. | Consumer National Bank | 191,702.93 |
| M-306010 | Highland of Ridgeland, Inc. | Southtrust Bank, NA | 228,461.43 |
| M-306074 | J C E Highland Corporation | Citizens National Bank | 221,667.46 |
| LP-107055 | Jon C. Evans | Community Bank of Mississippi | 170,169.00 |
| RP-141868 | Jon Christopher Evans | Merchants & Planters Bank | 130,000.00 |
| M-306040 | Jon Cris Evans | Merchants and Farmers Bank | 287,200.00 |
| LP-116296 | Landsdowne Group, LLC | BankFirst Financial Services | 828,750.00 |
| M-306804 | Madison Avenue Development Co, LLC | Renasant Bank | 600,200.00 |
| M-306708 | Madison Avenue Development Company, LLC | Community Bank | 776,129.40 |
| M-306758 | Madison Avenue Development Company, LLC | OmniBank | 740,769.50 |
| M-306737 | Madison Avenue Development Company, LLC | OmniBank | 775,804.50 |
| M-306803 | Madison Avenue Development Company, LLC | Cadence Bank | 596,529.50 |
| M-306718 | Madison Avenue Development Company, LLC | Cadence Bank | 1,614,402.04 |
| M-306816 | Madison Avenue Development Company, LLC | Merchants & Farmers Bank | 1,360,529.00 |
| LP-107085 | Nottaway Pointe, LLC | Holmes County Bank & Trust Company | 800,292.00 |
| M-306229 | Old Agency Business Park, Inc. | National Bank of Commerce | 600,200.00 |



EXHIBIT

A

Case 09-03763-NPO    Doc 78-1    Filed 11/17/09    Entered 11/17/09 16:43:54    Desc
Exhibit A    Page 2 of 2

| Policy No. | Borrower | Lender | Amount |
|---|---|---|---|
| M-306226 | Old Agency Business Park, Inc. | Community Bank of Mississippi | 464,057.50 |
| M-306291 | Old Agency Business Park, Inc. | BankFirst Financial Services | 480,420.50 |
| M-306292 | Old Agency Business Park, Inc. | Citizens National Bank of Meridian | 500,170.50 |
| M-306717 | Old Agency Business Park, Inc. | Citizens National Bank of Meridian | 585,530.00 |
| LP-107025 | Park Place Commons LLC | BancorpSouth Bank | 1,500,081.00 |
| LP-107019 | Park Place Commons, LLC | Holmes County Bank & Trust Company | 780,127.00 |
| M-306876 | Parkway Crossing, LLC | BancorpSouth Bank | 860,080.00 |
| M-305980 | Ridgeland Recreational, Corp | Union Planters Bank | 243,064.80 |
| M-306425 | Snowden Grove Investors, LLC | First Alliance Bank | 380,000.00 |
| M-306426 | Snowden Grove Investors, LLC | First Alliance Bank | 380,000.00 |
| M-306382 | Snowden Lane Investments, LLC | Bankfirst Financial Services | 800,418.00 |
| LP-107064 | Snowden Lane Investments, LLC | BancorpSouth Bank | 555,585.53 |
| M-307874 | Snowden Lane Investments, LLC | Merchants & Farmers Bank | 616,874.81 |
| M-306380 | Snowden Lane Investments, LLC | Community Bank of Mississippi | 800,000.00 |
| LP-107073 | Town Park of Madison, LLC | Merchants & Farmers Bank | 3,037,264.04 |
| M-306430 | Twin City Commons Development Company LLC | Peoples Bank & Trust Company (nka Renasant Bank) | 400,000.00 |
| M-306369 | Twin City Commons Development Company, LLC | Trust One Bank | 584,000.00 |
| LP-107087 | Twin City Commons Development Company, LLC | Commercial Bank & Trust Company | 572,000.00 |
| M-306366 | Twin City Commons Development Company, LLC | The Peoples Bank & Trust Company (nka Renasant Bank) | 392,000.00 |
| LP-107084 | Twin City Commons Development Company, LLC | First Security Bank | 801,128.00 |
| LP-104028 | Westwoods Investments, LLC | Bank of Yazoo City | 800,188.00 |
| LP-106999 | Westwoods Investments, LLC | Bank of the South | 700,680.00 |
| LP-107014 | Westwoods Investments, LLC | Metropolitan Bank | 577,180.00 |
| LP-107023 | Westwoods Investments, LLC | Renasant Bank | 781,950.00 |
| LP-107024 | White Oaks Investment Company, LLC | Bank of Forest | 1,296,500.00 |
| M-306150 | Woodgreen Development Corporation | BankFirst Financial Services | 448,408.50 |
| | | Total Claim Value | 41,015,242.35 |

200612280 *Reissue*    M-302 220    M. 306 708
$ 525,000.00

*** MISSISSIPPI VALLEY TITLE Insurance Company

OLD REPUBLIC National Title Insurance Company

~~REQUEST FOR UPDATED TITLE ENDORSEMENT~~
APPLICATION AND ATTORNEY'S FINAL CERTIFICATE

Use this form for all cases where transaction is closed and papers recorded.
If new construction within statutory period for liens, attach an Owner's and Contractor's affidavit.

The undersigned certifies that he does not know of any unrecorded liens or claims affecting the title, and based on a personal examination of all applicable public records (or of abstracts described below), undersigned certifies that the title is out of the coverage and beginning with a good deed not less than fifty years ago, and subject to the exceptions noted in Schedule "B" hereof, the marketable fee simple title to the real estate described herein is vested in:

Madison Avenue Development Company, LLO

Complete Sections I and II if both mortgagee's and owner's policy desired

I. FOR MORTGAGEE'S POLICY:
  1. Is a Short Form Policy to be issued? ___yes___ . If so, what is the Street Address? _4660 Office Park Dr._
     Zip Code? _39208_ , Loan Number _____ . _Jackson, MS_
  2. Is loan Conventional? _yes_ _____ FHA? _no_ _____ VA? _no_ _____
  3. Is Instrument deed of trust or mortgage? _Deed of Trust_ _____ dated _11-15-08_ ____
  4. Does it secure construction financing? _no_ _____ or permanent financing? _yes_ ____
  5. Mortgagors _Madison Avenue Development Company, LLO_ _____
  6. Trustee _Wyman Jones_ _____
  7. Mortgagee _Community Bank_ _____
  8. Filed for record in the office of the _____ Chancery Clerk ____ of ____ Madison ____ County,
     State of _MS_ ____ on ____ 11-15 ____ , _08_ at ____ 4:45 ____ o'clock ___P_ M.,
     recorded Book ____ 2122 ____ Page ____ 866 _865_ ____
  9. Amount of debt $ ____ 778,129.50 ____ , Final Maturity _11-15-12_ ____
  10. Assigned by instrument dated _n/a_ _____ , executed by _____
     _____ to _____
     filed for record _____ , at _____ o'clock ____ M., recorded in said
     County in Book _____ , Page _____ .

II. FOR OWNER'S POLICY:
  (a) Kind of Instrument ____ n/a _____ dated _M-302 220_
  (b) Grantors _____ _200 3192__
  (c) Grantees _____
     Filed for record in office of _____ of _____
     County, State of _____ on _____ at _____ o'clock ____ M.,
     recorded in Book _____ Page _____ .
  (d) Consideration $ _____ , Estate of Grantees _____ (fee, years, leasehold)

SCHEDULE A

Insert below verbatim copy of description as contained in deed or mortgage to be insured.

Situated in _City of Ridgeland_ _____ County of _Madison_ , State of _MS_ ____ to-wit:

(See Exhibit A)

(old 2003/936)

EXHIBIT
B

MVT 02 33

IMAGED COPY

FINAL CERTIFICATE

SCHEDULE "B"
(Attach rider if space is not sufficient)

1. TAXES AND SPECIAL ASSESSMENTS:
   (a) All paid through year ___2005___
   (b) Unpaid taxes _2008_
   (c) Special Assessments payable in future ___no___
   (d) Are there improvements declared necessary or begun for which no assessment has been made?_no_
   (e) Is land located in a drainage district? ___none___ _____ Name: _n/a_
     If so, bonds outstanding $ ____n/a____

2. MORTGAGES, DEEDS OF TRUST, VENDORS LIENS AND UNREDEEMED TAX SALES:
(Give names of all parties, amounts, dates, book and page, where recorded, with like information about any assignments)

   Mortgagor: Madison Avenue Development Company, LLC
   Mortgagee: Community Bank of Mississippi
   Trustee: Wyman Jones
   Amount: $776,129.60
   Date of Deed of Trust: 11-16-06
   Book 2122 Page 865

3. RESTRICTIONS AND COVENANTS:
   Are there any? _no_ (Attach verbatim copy), Recorded Book _____ Page _____ Filed _____
   (a) State whether violated or not _____
   (b) Do restrictions contain a reversionary or forfeiture clause? _____
   (c) If so, has above been released? _____ (Attach release instrument showing book and page where recorded).

4. BUILDING RESTRICTION LINES OR EASEMENTS SHOWN ON RECORDED PLAT:
   If any define:

   none

5. OIL AND MINERAL RIGHTS AND LEASES OUTSTANDING:
   If any list:

   n/a

   (a) Have you examined the title to minerals beginning with the date of original entry? _no_
     If not, our commitment and policy will contain an appropriate exception.
   (b) Mineral interests, if any, to be reserved by seller ___no___

6. OTHER DEFECTS, LIENS AND OBJECTIONS:
(Where any, check items and describe below or on rider attached). Undersigned certifies liens not checked are clear.

   (a) ____ Mechanic's and Materialmen's Liens of record
   (b) ____ Judgments
   (c) ____ Estates and Decedent's Debts
   (d) _X_ Easements and Party Wall Agreements
   (e) ____ Bankruptcy Proceedings
   (f) ____ Lis Pendens of Record

   (g) ____ Federal Tax Liens
   (h) ____ Recorded or known unrecorded leases
   (i) ____ Encroachments
   (j) ____ Matters not listed
   (k) ____ Violation of zoning ordinances
   (l) ____ Violation of Building setback lines

   (See Exhibit B)

The undersigned certifies that the title does not depend upon the sale of the property for either taxes or assessments and so far as known there is no dispute among attorneys as to validity of title.

This title certified down to ___November 16___ _____ _2008_ at ___4:45___ P. M.

Approved Attorney _____ Charles N. Evans _____

By _Charles N Evans_ _____
                       Member of Firm

Address ___P.O. Box 13763, Jackson, MS 39236___

Phone Number ___601-362-1282___ _____ Fax Number ___601-362-7476___

12/92

FADED COPY

EXHIBIT 'A'                                    7022093

THIS EXHIBIT IS ATTACHED TO AND MADE A PART OF THAT DEED OF TRUST DATED NOVEMBER 15, 2006,
AND FURTHER DESCRIBES THE PROPERTY:

BOOK 2122 PAGE 873

COMMENCE AT A CONCRETE MONUMENT MARKING THE NORTHWEST CORNER OF SECTION 25,
TOWNSHIP 7 NORTH, RANGE 1 EAST, MADISON COUNTY, MISSISSIPPI AND RUN THENCE SOUTH
FOR A DISTANCE OF 42.03 FEET TO AN EXISTING CONCRETE MONUMENT (NATCHEZ TRACE
MONUMENT NO. 149) ON THE SOUTH RIGHT-OF-WAY LINE OF THE NATCHEZ TRACE PARKWAY;
RUN THENCE SOUTH 83 DEGREES 09 MINUTES 43 SECONDS EAST FOR A DISTANCE OF 897.10
FEET TO A POINT; RUN THENCE SOUTH 78 DEGREES 07 MINUTES 15 SECONDS EAST FOR A
DISTANCE OF 438.37 FEET TO A FOUND CONCRETE MONUMENT LYING WEST OF BRAME ROAD;
RUN THENCE SOUTH 58 DEGREES 01 SECONDS EAST FOR A DISTANCE OF 42.14 FEET
TO A POINT; CONTINUE SOUTH 78 DEGREES 04 MINUTES 01 SECONDS EAST ALONG SAID SOUTH
RIGHT-OF-WAY LINE OF NATCHEZ TRACE PARKWAY FOR A DISTANCE OF 1362.08 FEET TO A
POINT ON THE WEST LINE OF NATCHEZ TRACE PARKWAY; RUN THENCE SOUTH 00 DEGREES 03
MINUTES 31 SECONDS WEST ALONG SAID WEST RIGHT-OF-WAY LINE OF NATCHEZ TRACE
PARKWAY AND THE WEST RIGHT-OF-WAY LINE OF HIGHLAND COLONY PARKWAY FOR A
DISTANCE OF 224.69 FEET TO A FOUND CONCRETE MONUMENT; RUN THENCE SOUTH 87
DEGREES 37 MINUTES 32 SECONDS EAST ALONG SAID SOUTH RIGHT-OF-WAY LINE OF NATCHEZ
TRACE PARKWAY FOR A DISTANCE OF 136.0 FEET TO THE POINT OF BEGINNING OF THE
FOLLOWING DESCRIBED PARCEL OF LAND; CONTINUE THENCE SOUTH 87 DEGREES 37 MINUTES
32 SECONDS EAST ALONG SAID SOUTH RIGHT-OF-WAY LINE OF THE NATCHEZ TRACE PARKWAY
FOR A DISTANCE OF 102.59 FEET TO A FOUND CONCRETE MONUMENT OF THE WEST RIGHT-OF-
WAY LINE OF NATCHEZ TRACE PARKWAY; RUN THENCE SOUTH 26 DEGREES 15 MINUTES 46
SECONDS EAST ALONG THE SAID WEST RIGHT-OF-WAY LINE OF NATCHEZ TRACE PARKWAY FOR
A DISTANCE OF 303.55 FEET TO A FOUND IRON PIN AT THE NORTHERNMOST CORNER OF THAT
CERTAIN PARCEL OF LAND CONVEYED TO THE CITY OF RIDGELAND, MISSISSIPPI, BY
WARRANTY DEED ON FILE AND OF RECORD IN THE OFFICE OF THE CHANCERY CLERK OF
MADISON COUNTY, MISSISSIPPI, AND RECORDED IN DEED BOOK 360 AT PAGE 632, REFERENCE
TO WHICH IS HEREBY MADE IN AID OF AND AS A PART OF THIS DESCRIPTION; RUN THENCE
SOUTHERLY AND ALONG THE WEST LINE OF SAID PARCEL AS DESCRIBED IN WARRANTY DEED
BOOK 360 AT PAGE 632 AS FOLLOWS; RUN THENCE SOUTH 07 DEGREES 44 MINUTES 24 SECONDS
EAST, A DISTANCE OF 284.34 FEET TO A POINT; RUN THENCE SOUTH 17 DEGREES 58 MINUTES 56
SECONDS EAST, A DISTANCE OF 289.51 FEET TO A POINT; RUN THENCE SOUTH 24 DEGREES 48
MINUTES 08 SECONDS EAST, A DISTANCE OF 402.20 FEET TO A POINT; RUN THENCE 01 DEGREES
16 MINUTES 35 SECONDS WEST, A DISTANCE OF 829.75 FEET TO A POINT ON AN EXISTING FENCE;
LEAVING SAID WEST LINE OF THAT CERTAIN PARCEL OF LAND AS DESCRIBED IN WARRANTY
DEED BOOK 360 AT PAGE 632, AND RUN THENCE NORTH 88 DEGREES 26 MINUTES 50 SECONDS
WEST ALONG SAID EXISTING FENCE FOR A DISTANCE OF 898.05 FEET TO A POINT ON SAID EAST
RIGHT-OF-WAY LINE OF SAID HIGHLAND COLONY PARKWAY AS FOLLOWS; RUN THENCE
NORTHERLY ALONG SAID EAST RIGHT-OF-WAY LINE OF SAID HIGHLAND COLONY PARKWAY AS
FOLLOWS; RUN THENCE NORTH 00 DEGREES 29 MINUTES 44 SECONDS WEST, A DISTANCE OF
19.23 FEET TO A POINT; RUN THENCE NORTH 44 DEGREES 55 MINUTES 40 SECONDS WEST, A
DISTANCE OF 44.43 FEET TO THE POINT OF CURVATURE OF A CURVE TO THE LEFT HAVING A
CENTRAL ANGLE OF 69 DEGREES 50 MINUTES 41 SECONDS AND RADIUS OF 900.00 FEET; RUN
THENCE ALONG SAID CURVE TO THE LEFT FOR AN ARC DISTANCE OF 154.64 FEET (CHORD
BEARING AND DISTANCE) NORTH 05 DEGREES 33 MINUTES 46 SECONDS WEST, A DISTANCE OF
154.45 FEET TO A POINT; RUN THENCE NORTH 10 DEGREES 29 MINUTES 08 SECONDS WEST, A
DISTANCE OF 108.17 FEET TO THE POINT OF CURVATURE OF A CURVE TO THE RIGHT HAVING A
CENTRAL ANGLE OF 10 DEGREES 04 MINUTES 53 SECONDS AND A RADIUS OF 800.00 FEET; RUN
THENCE ALONG SAID CURVE TO THE RIGHT FOR AN ARC DISTANCE OF 150.07 FEET (CHORD
BEARING AND DISTANCE) NORTH 05 DEGREES 66 MINUTES 40 SECONDS WEST, A DISTANCE OF
149.89 FEET TO A POINT; RUN THENCE NORTH 00 DEGREES 15 MINUTES 47 SECONDS EAST 68.52
FEET TO THE POINT OF BEGINNING OF THE PROPERTY DESCRIBED HEREIN; THENCE CONTINUE
NORTH 00 DEGREES 15 MINUTES 47 SECONDS EAST 107.58 FEET; RUN THENCE NORTH 45
DEGREES 20 MINUTES 20 SECONDS EAST 42.37 FEET TO A POINT; THENCE LEAVING SAID
HIGHLAND COLONY PARKWAY RUN SOUTH 89 DEGREES 58 MINUTES 30 SECONDS EAST 824.71
FEET; THENCE SOUTH 18 DEGREES 32 MINUTES 20 SECONDS EAST 101.21 FEET; THENCE SOUTH 04
DEGREES 37 MINUTES 18 SECONDS EAST 65.78 FEET; THENCE NORTH 88 DEGREES 26 MINUTES 50
SECONDS WEST 894.09 FEET TO THE POINT OF BEGINNING. THE ABOVE DESCRIBED PARCEL OF
LAND IS SITUATED IN THE NORTHWEST QUARTER OF THE NORTHEAST QUARTER OF SECTION 25,
TOWNSHIP 7 NORTH, RANGE 1 EAST, RIDGELAND, MADISON COUNTY, MISSISSIPPI, AND
CONTAINS 3.0 ACRES, MORE OR LESS.

EXHIBIT A

INITIAL        INITIAL

MADISON COUNTY MS. This instrument was
filed for record NOV.          2006 at
Book 2121      Page 865
ARTHUR JOHNSTON, C. C.
BY:                D.C.

IMAGED COPY

Case 10-00040-NPO    Doc 339-11    Filed 01/04/11    Entered 01/04/11 16:44:53    Desc
Exhibit 11    Affidavit of Robert B. Jones ·· Page 13 of 32

Case 09-03763-NPO    Doc 78-2    Filed 11/17/09    Entered 11/17/09 16:43:54    Desc
Exhibit B    Page 4 of 4

Subject, however, to the following:

1.  Ad valorem taxes for the year 200𝟞 although not yet due and payable.

2.  Any valid and subsisting recorded oil, gas, or mineral leases, royalty reservations or conveyances affecting the conveyed property.

3.  Terms and conditions of that certain covenants or restrictions recorded in Book 360 at Page 632.

4.  Terms and conditions of that certain right of way and easement reserved on the right of way plans of the "South Madison County Parkway" in the office of the Chancery Clerk of Madison County at Canton, Mississippi. This parkway is now the Highland Colony Parkway.

5.  Terms and conditions of that certain right of way in favor of Entergy Mississippi, Inc., dated November 10, 2002, and recorded in Book 527 at Page 465.

6.  Terms and conditions of that certain easement to the City of Ridgeland dated August 5, 1995, and recorded in Book 360 at Page 626.

7.  Terms and conditions of the conveyance of abutter's rights as contained in Book 79 at Page 89.

EXHIBIT "B"

IMAGED COPY

Case 10-00040-NPO   Doc 339-11   Filed 01/04/11   Entered 01/04/11 16:44:53   Desc
Exhibit 11   Affidavit of Robert B. Jones   Page 14 of 32

Case 09-03763-NPO   Doc 78-3   Filed 11/17/09   Entered 11/17/09 16:43:54   Desc
Exhibit C   Page 1 of 3

MISSISSIPPI VALLEY TITLE   V135207 / CP107014
Insurance Company

OLD REPUBLIC
National Title Insurance Company

APPLICATION AND ATTORNEY'S FINAL CERTIFICATE

Use this form for all cases where transaction is closed and papers recorded.
If new construction within statutory period for liens, attach an Owner's and Contractor's affidavit.

The undersigned certifies that he does not know of any unrecorded liens or claims affecting the title, and based on a
personal examinations of all applicable public records (or of abstracts described below), undersigned certifies that the title
is out of the sovereign and beginning with a good deed not less than fifty years ago, and subject to the exceptions noted
in Schedule 'B' hereof, the marketable fee simple title to the real estate described herein is vested in:

Westwoods Investments LLC

Complete Sections I and II if both mortgagee's and owner's policy desired

I. FOR MORTGAGEE'S POLICY:
 1. Is a Short Form Policy to be issued?  no  . If so, what is the Street Address? _____
    Zip Code? _____ , Loan Number _____
 2. Is loan Conventional?  Yes         PHA?  no         VA?  no
 3. Is instrument deed of trust or mortgage?  Deed of Trust        dated  05-29-08
 4. Does it secure construction financing?  no  _____ or permanent financing?  yes
 5. Mortgagors  Westwoods Investments LLC
 6. Trustee  Robert W. Lawrence
 7. Mortgagee  Metropolitan Bank
 8. Filed updated Deed of Trust for record in the office of the  Chancery Clerk  of  Madison  County,
    State of  MS  on  06-02 __ , 08  at  10:16  o'clock  A.  M.,
    recorded Book  2321  Page  707  , Final Maturity  06-01-2018
 9. Amount of debt $  677,180.00 _____
 10. Assigned by instrument dated  n/a  _____ to _____ , executed by _____
    _____ to _____
    filed for record _____ at _____ o'clock ___ M., recorded in said
    County in Book _____ , Page _____

II. FOR OWNER'S POLICY:
    (a) Kind of instrument  n/a  _____ dated _____
    (b) Grantors _____
    (c) Grantees _____
    Filed for record in office of _____ of _____
    County, State of _____ on _____ at _____ o'clock ___ M.,
    recorded in Book _____ Page _____
    (d) Consideration $ _____ , Estate of Grantees _____ (fee, years, leasehold)

SCHEDULE A.

Insert below verbatim copy of description as contained in deed or mortgage to be insured.

Situated in  Ridgeland  County of  Madison  , State of  MS  to-wit:

(See Exhibit A)



**EXHIBIT**

C

IMAGED COPY

Case 10-00040-NPO    Doc 339-11    Filed 01/04/11    Entered 01/04/11 16:44:53    Desc
Exhibit 11    Affidavit of Robert B. Jones    Page 15 of 32

Case 09-03763-NPO    Doc 78-3    Filed 11/17/09    Entered 11/17/09 16:43:54    Desc
Exhibit C    Page 2 of 3

**FINAL CERTIFICATE**

SCHEDULE "B"
(Attach rider if space is not sufficient)

**1. TAXES AND SPECIAL ASSESSMENTS:**
(a) All paid through year ___2007___
(b) Unpaid taxes __2008__
(c) Special Assessments payable in future ___no___
(d) Are there improvements declared necessary or begun for which no assessment has been made?__no__
(e) Is land located in a drainage district? ___none___ ,Name: __n/a__
If so, bonds outstanding $ __n/a__

**2. MORTGAGES, DEEDS OF TRUST, VENDORS LIENS AND UNREDEEMED TAX SALES:**
(Give names of all parties, amounts, dates, book and page, where recorded, with like information about any assignments)

Mortgagor: Westwoods Investments LLC
Mortgagee: Robert W. Lawrence
Trustee: Metropolitan Bank
Amount: $577,100.00
Date of Deed of Trust: 05-29-08
Book 2321 Page 707
Updated Deed of Trust was recorded on 06-02-08 at 10:15 A.M. in Book 2321 Page 707

**3. RESTRICTIONS AND COVENANTS:** (See Exhibit B)
Are there any? __X__ (Attach verbatim copy), Recorded Book _____ Page _____ Filed _____
(a) State whether violated or not _____
(b) Do restrictions contain a reversionary or forfeiture clause? _____
(c) If so, has above been released? _____ (Attach release instrument showing book and page where recorded).

**4. BUILDING RESTRICTION LINES OR EASEMENTS SHOWN ON RECORDED PLAT:**
If any define:

(See Exhibit B)

**5. OIL AND MINERAL RIGHTS AND LEASES OUTSTANDING:**
If any list:

n/a

(a) Have you examined the title to minerals beginning with the date of original entry? __n/a__
If not, our commitment and policy will contain an appropriate exception.
(b) Mineral interests, if any, to be reserved by seller __n/a__

**6. OTHER DEFECTS, LIENS AND OBJECTIONS:**
(Where any, check items and describe below or on rider attached). Undersigned certifies items not checked are clear.

| | | | |
|---|---|---|---|
| (a) ___ Mechanic's and Materialman's Liens of record | | (g) ___ Federal Tax Liens |
| (b) ___ Judgments | | (h) ___ Recorded or known unrecorded leases |
| (c) ___ Estates and Decedent's Debts | | (i) ___ Encroachments |
| (d) _X_ Easements and Party Wall Agreements | | (j) ___ Matters not listed |
| (e) ___ Bankruptcy Proceedings | | (k) ___ Violation of zoning ordinances |
| (f) ___ Lis Pendens of Record | | (l) ___ Violation of Building setback lines |

(See Exhibit B)

The undersigned certifies that the title does not depend upon the sale of the property for either taxes or assessments and so far as known there is no dispute among attorneys as to validity of title.

This title certified down to ___June 2___ , 2008 at 10:15 A. M.

Approved Attorney ___Charles H. Evans___ ___525041___

By ___Charles H Evans___
Member of Firm

Address ___P.O. Box 13763, Jackson, MS 39236___

Phone Number __601/362-1282__ Fax Number __601/713-2106__

IMAGED COPY

Subject, however, to the following:

1.   Ad valorem taxes for the year 2008 although not yet due and payable.

2.   Any valid and subsisting recorded oil, gas, or mineral leases, royalty reservations or conveyances affecting the conveyed property.

3.   Terms and conditions of that certain covenants or restrictions recorded in Book 360 at Page 632.

4.   Terms and conditions of that certain right of way and easement reserved on the right of way plans of the "South Madison County Parkway" in the office of the Chancery Clerk of Madison County at Canton, Mississippi. This parkway is now the Highland Colony Parkway.

5.   Terms and conditions of that certain right of way in favor of Entergy Mississippi, Inc., dated November 10, 2002, and recorded in Book 527 at Page 465.

6.   Terms and conditions of that certain easement to the City of Ridgeland dated August 5, 1995, and recorded in Book 360 at Page 626.

7.   Terms and conditions of the conveyance of abutter's rights as contained in Book 79 at Page 89.

**Exhibit B**

IMAGED COPY

V135280        LP107019

**MISSISSIPPI VALLEY TITLE**
Insurance Company

**OLD REPUBLIC**
National Title Insurance Company

### APPLICATION AND ATTORNEY'S FINAL CERTIFICATE

Use this form for all cases where transaction is closed and papers recorded.
If new construction within statutory period for liens, attach an Owner's and Contractor's affidavit.

The undersigned certifies that he does not know of any unrecorded liens or claims affecting the title, and based on a personal examination of all applicable public records (or of abstracts described below), undersigned certifies that the title is out of the sovereign and beginning with a good deed not less than fifty years ago, and subject to the exceptions noted in Schedule "B" hereof, the marketable fee simple title to the real estate described herein is vested in:

*Holmes County Bank & Trust Company*

Complete Sections I and II if both mortgagee's and owner's policy desired

**I. FOR MORTGAGEE'S POLICY:**
1. Is a Short Form Policy to be issued? *no* If so, what is the Street Address? ___
   Zip Code? ___ Loan Number ___
2. Is loan Conventional? *yes* FHA? ___ VA? ___
3. Is instrument deed of trust or mortgage? *deed of trust* dated ___
4. Does it secure construction financing? *no* or permanent financing *yes*
5. Mortgagors *North Place Commons, LLC*
6. Trustee *Marshall Holt Smith, Jr.*
7. Mortgagee *Holmes County Bank & Trust Company*
8. Filed for record in the office of the *Chancery Clerk* of *Madison* County,
   State of *MS* on *4-28-2008* at *9:50* o'clock *A* M,
   recorded Book *2309* Page *667*
9. Amount of debt $ *780,127.00* Final Maturity *4-22-09*
10. Assigned by instrument dated ___ to ___, executed by ___
   filed for record ___ at ___ o'clock ___ M, recorded in said
   County in Book ___ Page ___

**II. FOR OWNER'S POLICY:** *no*
   (a) Kind of instrument ___ dated ___
   (b) Grantors ___
   (c) Grantees ___
   Filed for record in office of ___ of ___
   County, State of ___ on ___ at ___ o'clock ___ M,
   recorded in Book ___ Page ___
   (d) Consideration $ ___ Estate of Grantees ___ (fee, years, leasehold)

### SCHEDULE A

Insert below verbatim copy of description as contained in deed or mortgage to be insured.

Situated in *Ridgeland* County of *Madison* State of *MS* to-wit:

See Exhibit A



EXHIBIT
D

FINAL CERTIFICATE

SCHEDULE "B"
(Attach rider if space is not sufficient)

1. TAXES AND SPECIAL ASSESSMENTS:
    (a) All paid through year? 2007
    (b) Unpaid taxes  2008
    (c) Special Assessments payable in future  none
    (d) Are there improvements declared necessary or begun for which no assessment has been made?  no
    (e) Is land located in a drainage district?  no  Name:
    If so, bonds outstanding $

2. MORTGAGES, DEEDS OF TRUST, VENDORS LIENS AND UNREDEEMED TAX SALES:
(Give names of all parties, amounts, dates, book and page, where recorded, with like information about any assignments)
Mortgagor: Park Place Commons LLC.
Trustee: Marshall Holt Smith, Jr.
Mortgagee: Holmes County Bank & Trust Company
Date: 4-22-08
Amount: $780,127.00
BK: 2309 Pg: 667
Date Recorded: 4-28-08 at 9:50 A.M

3. RESTRICTIONS AND COVENANTS:  See Exhibit B
    Are there any?  (Attach verbatim copy). Recorded Book  Page  Filed
    (a) State whether violated or not
    (b) Do restrictions contain a reversionary or forfeiture clause?
    (c) If so, has same been released?  (Attach release instrument showing book and page where recorded).

4. BUILDING RESTRICTION LINES OR EASEMENTS SHOWN ON RECORDED PLAT:
    If any define:  See Exhibit B

5. OIL AND MINERAL RIGHTS AND LEASES OUTSTANDING:
    If any list:  n/a

    (a) Have you examined the title to minerals beginning with the date of original entry? no
    If not, our commitment and policy will contain an appropriate exception.
    (b) Mineral interests, if any, to be reserved by seller

6. OTHER DEFECTS, LIENS AND OBJECTIONS:
(Where any, check items and describe below or on rider attached). Undersigned certifies items not checked are clear.
    (a)  Mechanic's and Materialmen's Liens of record        (g)  Federal Tax Liens
    (b)  Judgments                                            (h)  Recorded or known unrecorded leases
    (c)  Estates and Decedent's Debts                         (i)  Encroachments
    (d) X Easements and Party Wall Agreements.                (j)  Matters not listed
    (e)  Bankruptcy Proceedings                               (k)  Violation of zoning ordinances
    (f)  Lis Pendens of Record                                (l)  Violation of Building setback lines

    See Exhibit "B"

The undersigned certifies that the title does not depend upon the sale of the property for either taxes or assessments and so far as known there is no dispute among attorneys as to validity of title.

This title certified down to  July 8  2008 at 2:10 P.M.
Approved Attorney  Charles H. Evans  525541
By  Charles N Evans  Name of Firm
Address  P.O. Box 13783  Jackson  MS  39236
Phone Number  601 713-2106  Fax Number  601 713-2106
362 1282

12/92                                                    IMAGED COPY

COMMENCE AT A CONCRETE MONUMENT MARKING THE NORTHWEST CORNER OF SECTION 25, TOWNSHIP 7 NORTH, RANGE 1 EAST, MADISON COUNTY, MISSISSIPPI AND RUN THENCE SOUTH FOR A DISTANCE OF 42.03 FEET TO AN EXISTING CONCRETE MONUMENT (NATCHEZ TRACE MONUMENT NO. 149) ON THE SOUTH RIGHT-OF-WAY LINE OF THE NATCHEZ TRACE PARKWAY; RUN THENCE SOUTH 83 DEGREES 09 MINUTES 43 SECONDS EAST FOR A DISTANCE OF 897.10 FEET TO A POINT; RUN THENCE SOUTH 78 DEGREES 07 MINUTES 15 SECONDS EAST FOR A DISTANCE OF 438.37 FEET TO A FOUND CONCRETE MONUMENT LYING WEST OF BRAME ROAD; RUN THENCE SOUTH 78 DEGREES 04 MINUTES 01 SECONDS EAST FOR A DISTANCE OF 42.14 FEET TO A POINT; CONTINUE SOUTH 78 DEGREES 04 MINUTES 01 SECONDS EAST ALONG SAID SOUTH RIGHT-OF-WAY LINE OF NATCHEZ TRACE PARKWAY FOR A DISTANCE OF 1562.08 FEET TO A POINT ON THE WEST LINE OF NATCHEZ TRACE PARKWAY; RUN THENCE SOUTH 00 DEGREES 03 MINUTES 31 SECONDS WEST ALONG SAID WEST RIGHT-OF-WAY LINE OF NATCHEZ TRACE PARKWAY AND THE WEST RIGHT-OF-WAY LINE OF HIGHLAND COLONY PARKWAY FOR A DISTANCE OF 224.69 FEET TO A FOUND CONCRETE MONUMENT; RUN THENCE SOUTH 87 DEGREES 37 MINUTES 32 SECONDS EAST ALONG SAID SOUTH RIGHT-OF-WAY LINE OF NATCHEZ TRACE PARKWAY FOR A DISTANCE OF 136.0 FEET TO THE POINT OF BEGINNING OF THE FOLLOWING DESCRIBED PARCEL OF LAND: CONTINUE THENCE SOUTH 87 DEGREES 37 MINUTES 32 SECONDS EAST ALONG SAID SOUTH RIGHT-OF-WAY LINE OF THE NATCHEZ TRACE PARKWAY FOR A DISTANCE OF 470.59 FEET TO A FOUND CONCRETE MONUMENT ON THE WEST RIGHT-OF WAY LINE OF NATCHEZ TRACE PARKWAY; RUN THENCE SOUTH 26 DEGREES 15 MINUTES 46 SECONDS EAST ALONG THE SAID WEST RIGHT-OF-WAY LINE OF NATCHEZ TRACE PARKWAY FOR A DISTANCE OF 903.55 FEET TO A FOUND IRON PIN AT THE NORTHERNMOST CORNER OF THAT CERTAIN PARCEL OF LAND CONVEYED TO THE CITY OF RIDGELAND, MISSISSIPPI, BY WARRANTY DEED ON FILE AND OF RECORD IN THE OFFICE OF THE CHANCERY CLERK OF MADISON COUNTY, MISSISSIPPI, AND RECORDED IN DEED BOOK 960 AT PAGE 632, REFERENCE TO WHICH IS HEREBY MADE IN AID OF AND AS A PART OF THIS DESCRIPTION; RUN THENCE SOUTHERLY AND ALONG THE WEST LINE OF SAID PARCEL AS DESCRIBED IN WARRANTY DEED BOOK 960 AT PAGE 632 AS FOLLOWS; RUN THENCE SOUTH 07 DEGREES 44 MINUTES 24 SECONDS EAST, A DISTANCE OF 284.34 FEET TO A POINT; RUN THENCE SOUTH 17 DEGREES 58 MINUTES 35 SECONDS EAST, A DISTANCE OF 289.51 FEET TO A POINT; RUN THENCE SOUTH 24 DEGREES 48 MINUTES 08 SECONDS EAST, A DISTANCE OF 402.20 FEET TO A POINT; RUN THENCE 01 DEGREES 16 MINUTES 95 SECONDS WEST, A DISTANCE OF 829.75 FEET TO A POINT ON AN EXISTING FENCE, LEAVING SAID WEST LINE OF THAT CERTAIN PARCEL OF LAND AS DESCRIBED IN WARRANTY DEED BOOK 960 AT PAGE 632, AND RUN THENCE NORTH 88 DEGREES 26 MINUTES 50 SECONDS WEST ALONG SAID EXISTING FENCE FOR A DISTANCE OF 698.05 FEET TO A POINT ON SAID EAST RIGHT-OF-WAY LINE OF SAID HIGHLAND COLONY PARKWAY AS FOLLOWS; RUN THENCE NORTHERLY ALONG SAID EAST RIGHT-OF-WAY LINE OF SAID HIGHLAND COLONY PARKWAY AS FOLLOWS; RUN THENCE NORTH 00 DEGREES 29 MINUTES 44 SECONDS WEST, A DISTANCE OF 19.23 FEET TO A POINT; RUN THENCE NORTH 44 DEGREES 55 MINUTES 40 SECONDS WEST, A DISTANCE OF 44.43 FEET TO THE POINT OF CURVATURE OF A CURVE TO THE LEFT HAVING A CENTRAL ANGLE OF 09 DEGREES 50 MINUTES 41 SECONDS AND RADIUS OF 900.00 FEET; RUN THENCE ALONG SAID CURVE TO THE LEFT FOR AN ARC DISTANCE OF 154.64 FEET (CHORD BEARING AND DISTANCE) NORTH 05 DEGREES 33 MINUTES 46 SECONDS WEST, A DISTANCE OF 154.45 FEET TO A POINT; RUN THENCE NORTH 10 DEGREES 29 MINUTES 08 SECONDS WEST, A DISTANCE OF 108.17 FEET TO THE POINT OF CURVATURE OF A CURVE TO THE RIGHT HAVING A CENTRAL ANGLE OF 10 DEGREES 44 MINUTES 53 SECONDS AND A RADIUS OF 800.00 FEET; RUN THENCE ALONG SAID CURVE TO THE RIGHT FOR AN ARC DISTANCE OF 150.07 FEET (CHORD BEARING AND DISTANCE) NORTH 05 DEGREES 06 MINUTES 40 SECONDS WEST, A DISTANCE OF 149.89 FEET TO A POINT; RUN THENCE NORTH 00 DEGREES 15 MINUTES 47 SECONDS EAST 68.52 FEET TO THE POINT OF BEGINNING OF THE PROPERTY DESCRIBED HEREIN; THENCE CONTINUE NORTH 00 DEGREES 15 MINUTES 47 SECONDS EAST 107.58 FEET; RUN THENCE NORTH 45 DEGREES 20 MINUTES 29 SECONDS EAST 42.97 FEET TO A POINT; THENCE LEAVING SAID HIGHLAND COLONY PARKWAY RUN SOUTH 89 DEGREES 53 MINUTES 50 SECONDS EAST 824.71 FEET; THENCE SOUTH 18 DEGREES 32 MINUTES 20 SECONDS EAST 101.21 FEET; THENCE SOUTH 04 DEGREES 57 MINUTES 18 SECONDS EAST 65.78 FEET; THENCE NORTH 88 DEGREES 26 MINUTES 50 SECONDS WEST 894.09 FEET TO THE POINT OF BEGINNING. THE ABOVE DESCRIBED PARCEL OF LAND IS SITUATED IN THE NORTHWEST QUARTER OF THE NORTHEAST QUARTER OF SECTION 25, TOWNSHIP 7 NORTH, RANGE 1 EAST, RIDGELAND, MADISON COUNTY, MISSISSIPPI, AND CONTAINS 3.0 ACRES, MORE OR LESS.

EXHIBIT A

IMAGED COPY

Case 10-00040-NPO    Doc 339-11    Filed 01/04/11    Entered 01/04/11 16:44:53    Desc
Exhibit 11    Affidavit of Robert B. Jones    Page 20 of 32

Case 09-03763-NPO    Doc 78-4    Filed 11/17/09    Entered 11/17/09 16:43:54    Desc
Exhibit D    Page 4 of 4

Subject, however, to the following:

1.  Ad valorem taxes for the year 2008 although not yet due and payable.

2.  Any valid and subsisting recorded oil, gas, or mineral leases, royalty reservations or conveyances affecting the conveyed property.

3.  Terms and conditions of that certain covenants or restrictions recorded in Book 360 at Page 632.

4.  Terms and conditions of that certain right of way and easement reserved on the right of way plans of the "South Madison County Parkway" in the office of the Chancery Clerk of Madison County at Canton, Mississippi. This parkway is now the Highland Colony Parkway.

5.  Terms and conditions of that certain right of way in favor of Entergy Mississippi, Inc., dated November 10, 2002, and recorded in Book 527 at Page 465.

6.  Terms and conditions of that certain easement to the City of Ridgeland dated August 5, 1995, and recorded in Book 360 at Page 626.

7.  Terms and conditions of the conveyance of abutter's rights as contained in Book 79 at Page 89.


**Exhibit B**

Case 10-00040-NPO    Doc 339-11    Filed 01/04/11    Entered 01/04/11 16:44:53    Desc
Exhibit 11    Affidavit of Robert B. Jones    Page 21 of 32

Case 09-03763-NPO    Doc 78-5    Filed 11/17/09    Entered 11/17/09 16:43:54    Desc
Exhibit E    Page 1 of 3

**MISSISSIPPI VALLEY TITLE** Insurance Company

**OLD REPUBLIC** National Title Insurance Company

V135288    LP107023

APPLICATION AND ATTORNEY'S FINAL CERTIFICATE

Use this form for all cases where transaction is closed and papers recorded.
If new construction within statutory period for liens, attach an Owner's and Contractor's affidavit.

The undersigned certifies that he does not know of any unrecorded liens or claims affecting the title, and based on a personal examination of all applicable public records (or of abstracts described below), undersigned certifies that the title is out of the sovereign and beginning with a good deed not less than fifty years ago, and subject to the exceptions noted in Schedule "B" hereof, the marketable fee simple title to the real estate described herein is vested in:

*Westwoods Investments, LLC*

Complete Sections I and II if both mortgagee's and owner's policy desired

**I. FOR MORTGAGEE'S POLICY:**
1. Is a Short Form Policy to be issued? *no.* If so, what is the Street Address? _____
   Zip Code? ___, Loan Number ___
2. Is loan Conventional? *yes* FHA? ___ VA? ___
3. Is instrument deed of trust or mortgage? *deed of trust* dated *8 Mk-08*
4. Does it secure construction financing? *no* or permanent financing? *yes*
5. Mortgagors *Westwoods Investments, LLC*
6. Trustee *Scott R. Hendrix*
7. Mortgagee *BancorpSouth Bank*
8. Filed for record in the office of the *Chancery Clerk* of *Madison* County, State of *MS* on *4-2-2008* at *2:30* o'clock *P* M, recorded Book *2802* Page *372*
9. Amount of debt $ *781,950.00*, Final Maturity *4-5-2012*
10. Assigned by instrument dated ___ to ___, executed by ___
    Filed for record ___ 'nt ___ o'clock ___ M, recorded in said County in Book ___, Page ___

**II. FOR OWNER'S POLICY:** *no*
   (a) Kind of instrument ___ dated ___
   (b) Grantors ___
   (c) Grantees ___
   Filed for record in office of ___ of ___
   County, State of ___ on ___ at ___ o'clock ___ M, recorded in Book ___ Page ___
   (d) Consideration $ ___, Estate of Grantees ___ (fee, years, leasehold)

**SCHEDULE A**

Insert below verbatim copy of description as contained in deed or mortgage to be insured.

Situated in *Ridgeland* County of *Madison*, State of *MS* to-wit:

See Exhibit A

**EXHIBIT E**

MVT 92-33

BILLED COPY

COMMENCE AT A CONCRETE MONUMENT, MARKING THE NORTHWEST CORNER SECTION 25, TOWNSHIP 7 NORTH, RANGE 1 EAST, MADISON COUNTY, MISSISSIPPI AND RUN THENCE SOUTH FOR A DISTANCE OF 42.03 FEET TO AN EXISTING CONCRETE MONUMENT (NATCHEZ TRACE MONUMENT NO. 149) ON THE SOUTH RIGHT-OF-WAY LINE OF THE NATCHEZ TRACE PARKWAY; RUN THENCE SOUTH 83 DEGREES 09 MINUTES 43 SECONDS EAST FOR A DISTANCE OF 897.10 FEET TO A POINT; RUN THENCE SOUTH 78 DEGREES 07 MINUTES 15 SECONDS EAST FOR A DISTANCE OF 438.37 FEET TO A FOUND CONCRETE MONUMENT LYING WEST OF BRAME ROAD; RUN THENCE SOUTH 78 DEGREES 04 MINUTES 01 SECONDS EAST FOR A DISTANCE OF 42.14 FEET TO A POINT; CONTINUE SOUTH 78 DEGREES 04 MINUTES 01 SECONDS EAST ALONG SAID SOUTH RIGHT-OF-WAY LINE OF NATCHEZ TRACE PARKWAY FOR A DISTANCE OF 1362.08 FEET TO A POINT ON THE WEST LINE OF NATCHEZ TRACE PARKWAY; RUN THENCE SOUTH 00 DEGREES 03 MINUTES 31 SECONDS WEST ALONG SAID WEST RIGHT-OF-WAY LINE OF NATCHEZ TRACE PARKWAY AND THE WEST RIGHT-OF-WAY LINE OF HIGHLAND COLONY PARKWAY FOR A DISTANCE OF 224.69 FEET TO A FOUND CONCRETE MONUMENT; RUN THENCE SOUTH 87 DEGREES 57 MINUTES 32 SECONDS EAST ALONG SAID SOUTH RIGHT-OF-WAY LINE OF NATCHEZ TRACE PARKWAY FOR A DISTANCE OF 136.0 FEET TO THE POINT OF BEGINNING OF THE FOLLOWING DESCRIBED PARCEL OF LAND: CONTINUE THENCE SOUTH 87 DEGREES 57 MINUTES 32 SECONDS EAST ALONG SAID SOUTH RIGHT-OF-WAY LINE OF THE NATCHEZ TRACE PARKWAY FOR A DISTANCE OF 470.59 FEET TO A FOUND CONCRETE MONUMENT OF THE WEST RIGHT-OF WAY LINE OF NATCHEZ TRACE PARKWAY; RUN THENCE SOUTH 26 DEGREES 15 MINUTES 46 SECONDS EAST ALONG THE SAID WEST RIGHT-OF-WAY LINE OF NATCHEZ TRACE PARKWAY FOR A DISTANCE OF 303.55 FEET TO A FOUND IRON PIN AT THE NORTHERNMOST CORNER OF THAT CERTAIN PARCEL OF LAND CONVEYED TO THE CITY OF RIDGELAND, MISSISSIPPI, BY WARRANTY DEED ON FILE AND OF RECORD IN THE OFFICE OF THE CHANCERY CLERK OF MADISON COUNTY, MISSISSIPPI, AND RECORDED IN DEED BOOK 360 AT PAGE 632, REFERENCE TO WHICH IS HEREBY MADE IN AID OF AND AS A PART OF THIS DESCRIPTION; RUN THENCE SOUTHERLY AND ALONG THE WEST LINE OF SAID PARCEL AS DESCRIBED IN WARRANTY DEED BOOK 360 AT PAGE 632 AS FOLLOWS; RUN THENCE SOUTH 07 DEGREES 44 MINUTES 24 SECONDS EAST, A DISTANCE OF 284.34 FEET TO A POINT; RUN THENCE SOUTH 17 DEGREES 58 MINUTES 56 SECONDS EAST, A DISTANCE OF 289.51 FEET TO A POINT; RUN THENCE SOUTH 24 DEGREES 48 MINUTES 08 SECONDS EAST, A DISTANCE OF 402.20 FEET TO A POINT; RUN THENCE 01 DEGREES 16 MINUTES 35 SECONDS WEST A DISTANCE OF 823.75 FEET TO A POINT ON AN EXISTING FENCE; LEAVING SAID WEST LINE OF THAT CERTAIN PARCEL OF LAND AS DESCRIBED IN WARRANTY DEED BOOK 360 AT PAGE 632, AND RUN THENCE NORTH 88 DEGREES 26 MINUTES 50 SECONDS WEST ALONG SAID EXISTING FENCE FOR A DISTANCE OF 898.05 FEET TO A POINT ON SAID EAST RIGHT-OF-WAY LINE OF SAID HIGHLAND COLONY PARKWAY AS FOLLOWS; RUN THENCE NORTHERLY ALONG SAID EAST RIGHT-OF-WAY LINE OF SAID HIGHLAND COLONY PARKWAY AS FOLLOWS; RUN THENCE NORTH 00 DEGREES 29 MINUTES 44 SECONDS WEST, A DISTANCE OF 19.23 FEET TO A POINT; RUN THENCE NORTH 44 DEGREES 55 MINUTES 40 SECONDS WEST, A DISTANCE OF 44.49 FEET TO THE POINT OF CURVATURE OF A CURVE TO THE LEFT HAVING A CENTRAL ANGLE OF 09 DEGREES 50 MINUTES 41 SECONDS AND RADIUS OF 900.00 FEET; RUN THENCE ALONG SAID CURVE TO THE LEFT FOR AN ARC DISTANCE OF 154.64 FEET (CHORD BEARING AND DISTANCE: NORTH 05 DEGREES 33 MINUTES 46 SECONDS WEST, A DISTANCE OF 154.45 FEET TO A POINT); RUN THENCE NORTH 10 DEGREES 29 MINUTES 08 SECONDS WEST, A DISTANCE OF 108.17 FEET TO THE POINT OF CURVATURE OF A CURVE TO THE RIGHT HAVING A CENTRAL ANGLE OF 10 DEGREES 44 MINUTES 53 SECONDS AND A RADIUS OF 800.00 FEET; RUN THENCE ALONG SAID CURVE TO THE RIGHT FOR AN ARC DISTANCE OF 150.07 FEET (CHORD BEARING AND DISTANCE: NORTH 05 DEGREES 06 MINUTES 40 SECONDS WEST, A DISTANCE OF 149.89 FEET TO A POINT); RUN THENCE NORTH 00 DEGREES 15 MINUTES 47 SECONDS EAST 167.10 FEET; RUN THENCE NORTH 45 DEGREES 20 MINUTES 20 SECONDS EAST 42.37 FEET TO THE POINT OF BEGINNING OF THE PARCEL OF LAND HEREIN DESCRIBED; THENCE NORTH 00 DEGREES 15 MINUTES 47 SECONDS EAST 43.00 FEET; RUN THENCE NORTH 32 DEGREES 14 MINUTES 15 SECONDS WEST 55.83 FEET; RUN THENCE NORTH 00 DEGREES 15 MINUTES 47 SECONDS EAST 70.66 FEET TO A POINT; THENCE LEAVING SAID HIGHLAND COLONY PARKWAY RUN SOUTH 89 DEGREES 52 MINUTES 07 SECONDS EAST 775.90 FEET; THENCE SOUTH 29 DEGREES 01 MINUTES 49 SECONDS EAST 120.09 FEET; THENCE SOUTH 18 DEGREES 32 MINUTES 20 SECONDS EAST 61.23 FEET; THENCE NORTH 89 DEGREES 58 MINUTES 50 SECONDS WEST 824.71 FEET TO THE POINT OF BEGINNING. THE ABOVE DESCRIBED PARCEL OF LAND IS SITUATED IN THE SOUTHWEST QUARTER OF THE NORTHEAST QUARTER OF SECTION 25, TOWNSHIP 7 NORTH, RANGE 1 EAST, RIDGELAND, MADISON COUNTY, MISSISSIPPI, AND CONTAINS 3.0 ACRES, MORE OR LESS.

## EXHIBIT A

IMAGED COPY

Subject, however, to the following:

1.  Ad valorem taxes for the year 2008 although not yet due and payable.

2.  Any valid and subsisting recorded oil, gas, or mineral leases, royalty
    reservations or conveyances affecting the conveyed property.

3.  Terms and conditions of that certain covenants or restrictions recorded in
    Book 360 at Page 632.

4.  Terms and conditions of that certain right of way and easement reserved on
    the right of way plans of the "South Madison County Parkway" in the office
    of the Chancery Clerk of Madison County at Canton, Mississippi. This
    parkway is now the Highland Colony Parkway.

5.  Terms and conditions of that certain right of way in favor of Entergy
    Mississippi, Inc., dated November 10, 2002, and recorded in Book 527 at
    Page 465.

6.  Terms and conditions of that certain easement to the City of Ridgeland dated
    August 5, 1995, and recorded in Book 360 at Page 626.

7.  Terms and conditions of the conveyance of abutter's rights as contained in
    Book 79 at Page 89.

**Exhibit B**

IMAGED COPY

V-154173                          L P 107085

**MISSISSIPPI VALLEY TITLE**
Insurance Company

**OLD REPUBLIC**
National Title Insurance Company

APPLICATION AND ATTORNEY'S FINAL CERTIFICATE

Use this form for all cases where transaction is closed and papers recorded.
If new construction within statutory period for liens, attach an Owner's and Contractor's affidavit.

The undersigned certifies that he does not know of any unrecorded liens or claims affecting the title, and based on a personal examination of all applicable public records (or of abstracts described below), undersigned certifies that the title is out of the sovereign and beginning with a good deed not less than fifty years ago, and subject to the exceptions noted in Schedule "B" hereof, the marketable fee simple title to the real estate described herein is vested in:

_Nottaway ~~==~~ Pointe LLC_

Complete Sections I and II if both mortgagee's and owner's policy desired

**I. FOR MORTGAGEE'S POLICY:**

1. Is a Short Form Policy to be issued? _no_ . If so, what is the Street Address? _____
   Zip Code? _—_ , Loan Number _____
2. Is loan Conventional? _yes_                FHA? _no_    VA? _no_
3. Is instrument deed of trust or mortgage? _deed of trust_ dated _2-11-09_
4. Does it secure construction financing? _no_ or permanent financing? _yes_
5. Mortgagors _Nottaway Pointe LLC_
6. Trustee _Marshall Holt Smith, Jr._
7. Mortgagee _Holmes County Bank & Trust Company_
8. Filed for record in the office of the _Chancery Clerk_ of _Madison_ County,
   State of _MS_ on _2-12-2009_ at _2:00_ o'clock _P._ M.,
   recorded Book _2395_ Page _284_
9. Amount of debt $ _800,292.00_ , Final Maturity _2-11-2010_
10. Assigned by Instrument dated _____ , executed by _____
    _____ to _____
    filed for record _—_ _____ at _—_ o'clock _—_ M., recorded in said
    County in Book _—_ , Page _—_

**II. FOR OWNER'S POLICY:** _no_
   (a) Kind of Instrument _____ , dated _—_
   (b) Grantors _—_
   (c) Grantees _____
   Filed for record in office of _____ of _____
   County, State of _—_ on _—_ at _—_ o'clock _—_ M.,
   recorded in Book _—_ Page _—_
   (d) Consideration $ _—_ Estate of Grantees _—_ (fee, years, leasehold)

**SCHEDULE A**

Insert below verbatim copy of description as contained in deed or mortgage to be insured.

Situated in _Ridgeland_ County of _Madison_ , State of _MS_ to-wit:

See Exhibit A

┌─────────────────┐
│    **EXHIBIT**   │
│       F         │
└─────────────────┘

MVT 02-33

Evans - MVT          IMAGED COPY
AE 000170

Case 10-00040-NPO    Doc 339-11    Filed 01/04/11    Entered 01/04/11 16:44:53    Desc
Exhibit 11    Affidavit of Robert B. Jones    Page 25 of 32

Case 09-03763-NPO    Doc 78-6    Filed 11/17/09    Entered 11/17/09 16:43:54    Desc
Exhibit F    Page 2 of 4

FINAL CERTIFICATE

SCHEDULE "B"
(Attach rider if space is not sufficient)

1. TAXES AND SPECIAL ASSESSMENTS:
    (a) All paid through year? _200?_
    (b) Unpaid taxes _____ 2009
    (c) Special Assessments payable in future _none_
    (d) Are there improvements declared necessary or begun for which no easement has been made? _no_
    (e) Is land located in a drainage district? _no_ Name: _____
    If so, bonds outstanding $ _____

2. MORTGAGES, DEEDS OF TRUST, VENDORS LIENS AND UNREDEEMED TAX SALES:
(Give names of all parties, amounts, dates, book and page, where recorded, with like information about any assignments)

Mortgagor: Nottaway Pointe, LLC
Trustee: Marshall Holt Smith, Jr.
Mortgagee: Holmes County Bank & Trust Co.
Date: 2-11-09
Amount: $800,292.00
BK: 2395 Pg: 284
Date Recorded: 2-12-09 at 2:00 P.M.

3. RESTRICTIONS AND COVENANTS: See Exhibit B
    Are there any? (Attach verbatim copy), Recorded Book _____ Page _____ Filed _____
    (a) State whether violated or not _____
    (b) Do restrictions contain a reversionary or forfeiture clause? _____
    (c) If so, has above been released? _____ (Attach release instrument showing book and page where recorded).

4. BUILDING RESTRICTION LINES OR EASEMENTS SHOWN ON RECORDED PLAT:
    If any define: See Exhibit B

5. OIL AND MINERAL RIGHTS AND LEASES OUTSTANDING:
    If any list: n/a

    (a) Have you examined the title to minerals beginning with the date of original entry? _no_
    If not, our commitment and policy will contain an appropriate exception.
    (b) Mineral interests, if any, to be reserved by seller _____

6. OTHER DEFECTS, LIENS AND OBJECTIONS:
(Where any, check items and describe below or on rider attached). Undersigned certifies items not checked are clear.

| | | |
|---|---|---|
| (a) ___ Mechanic's and Materialmen's Liens of record | (g) ___ Federal Tax Liens | |
| (b) ___ Judgments | (h) ___ Recorded or known unrecorded leases | |
| (c) ___ Estates and Decedent's Debts | (i) ___ Encroachments | |
| (d) _X_ Easements and Party Wall Agreements | (j) ___ Matters not listed | |
| (e) ___ Bankruptcy Proceedings | (k) ___ Violation of zoning ordinances | |
| (f) ___ Lis Pendens of Record | (l) ___ Violation of Building setback lines | |

See Exhibit "B"

The undersigned certifies that the title does not depend upon the sale of the property for either taxes or assessments and so far as known there is no dispute among attorneys as to validity of title.

This title certified down to ~~July~~ ~~3~~ 2-12-09 ~~2008~~ at ~~2:0~~ 200 P.M.

Approved Attorney C.O. Charles H. Evans

By _Charles H. Evans_

Name of Firm

Address _P. O. Box 13783    Jackson    MS    39236_

Phone Number _601 ~~713 2106~~_ Fax Number _601  713-2106_
    362 1282

12/92

Evans - MVT
AE 000171

IMAGED COPY

Case 10-00040-NPO    Doc 339-11    Filed 01/04/11    Entered 01/04/11 16:44:53    Desc
Exhibit 11    Affidavit of Robert B. Jones    Page 26 of 32

Case 09-03763-NPO    Doc 78-6    Filed 11/17/09    Entered 11/17/09 16:43:54    Desc
Exhibit F    Page 3 of 4

COMMENCE AT A CONCRETE MONUMENT MARKING THE NORTHWEST COR@EEI97825, TOWNSHIPMJNORTH, RANGE 1 EAST, MADISON COUNTY, MISSISSIPPI AND RUN THENCE SOUTH FOR A DISTANCE OF 42.03 FEET TO AN EXISTING CONCRETE MONUMENT (NATCHEZ TRACE MONUMENT NO. 149) ON THE SOUTH RIGHT-OF-WAY LINE OF THE NATCHEZ TRACE PARKWAY; RUN THENCE SOUTH 83 DEGREES 09 MINUTES 43 SECONDS EAST FOR A DISTANCE OF 897.10 FEET TO A POINT; RUN THENCE SOUTH 78 DEGREES 07 MINUTES 15 SECONDS EAST FOR A DISTANCE OF 438.37 FEET TO A FOUND CONCRETE MONUMENT LYING WEST OF BRAMB ROAD; RUN THENCE SOUTH 78 DEGREES 04 MINUTES 01 SECONDS EAST FOR A DISTANCE OF 42.14 FEET TO A POINT; CONTINUE SOUTH 78 DEGREES 04 MINUTES 01 SECONDS EAST ALONG SAID SOUTH RIGHT-OF-WAY LINE OF NATCHEZ TRACE PARKWAY FOR A DISTANCE OF 1362.08 FEET TO A POINT ON THE WEST LINE OF NATCHEZ TRACE PARKWAY; RUN THENCE SOUTH 00 DEGREES 03 MINUTES 31 SECONDS WEST ALONG SAID WEST RIGHT-OF-WAY LINE OF NATCHEZ TRACE PARKWAY AND THE WEST RIGHT-OF-WAY LINE OF HIGHLAND COLONY PARKWAY FOR A DISTANCE OF 224.69 FEET TO A FOUND CONCRETE MONUMENT; RUN THENCE SOUTH 87 DEGREES 32 SECONDS EAST ALONG SAID SOUTH RIGHT-OF-WAY LINE OF NATCHEZ TRACE PARKWAY FOR A DISTANCE OF 136.0 FEET TO THE POINT OF BEGINNING OF THE FOLLOWING DESCRIBED PARCEL OF LAND; CONTINUE THENCE SOUTH 87 DEGREES 37 MINUTES 32 SECONDS EAST ALONG SAID SOUTH RIGHT-OF-WAY LINE OF THE NATCHEZ TRACE PARKWAY FOR A DISTANCE OF 470.59 FEET TO A FOUND CONCRETE MONUMENT OF THE WEST RIGHT-OF WAY LINE OF NATCHEZ TRACE PARKWAY; RUN THENCE SOUTH 26 DEGREES 15 MINUTES 46 SECONDS EAST ALONG THE SAID WEST RIGHT-OF-WAY LINE OF NATCHEZ TRACE PARKWAY FOR A DISTANCE OF 303.55 FEET TO A FOUND IRON PIN AT THE NORTHERNMOST CORNER OF THAT CERTAIN PARCEL OF LAND CONVEYED TO THE CITY OF RIDGELAND, MISSISSIPPI, BY WARRANTY DEED ON FILE AND OF RECORD IN THE OFFICE OF THE CHANCERY CLERK OF MADISON COUNTY, MISSISSIPPI, AND RECORDED IN DEED BOOK 960 AT PAGE 632, REFERENCE TO WHICH IS HEREBY MADE IN AID OF AND AS A PART OF THIS DESCRIPTION; RUN THENCE SOUTHERLY AND ALONG THE WEST LINE OF SAID PARCEL AS DESCRIBED IN WARRANTY DEED BOOK 960 AT PAGE 632 AS FOLLOWS; RUN THENCE SOUTH 07 DEGREES 44 MINUTES 24 SECONDS EAST, A DISTANCE OF 284.34 FEET TO A POINT; RUN THENCE SOUTH 17 DEGREES 58 MINUTES 56 SECONDS EAST, A DISTANCE OF 289.51 FEET TO A POINT; RUN THENCE SOUTH 24 DEGREES 48 MINUTES 08 SECONDS EAST, A DISTANCE OF 402.20 FEET TO A POINT; RUN THENCE 01 DEGREES 16 MINUTES 35 SECONDS WEST A DISTANCE OF 823.75 FEET TO A POINT ON AN EXISTING FENCE; LEAVING SAID WEST LINE OF THAT CERTAIN PARCEL OF LAND AS DESCRIBED IN WARRANTY DEED BOOK 960 AT PAGE 632, AND RUN THENCE NORTH 68 DEGREES 26 MINUTES 50 SECONDS WEST ALONG SAID EXISTING FENCE FOR A DISTANCE OF 896.03 FEET TO A POINT ON SAID EAST RIGHT-OF-WAY LINE OF SAID HIGHLAND COLONY PARKWAY AS FOLLOWS; RUN THENCE NORTHERLY ALONG SAID EAST RIGHT-OF-WAY LINE OF SAID HIGHLAND COLONY PARKWAY AS FOLLOWS; RUN THENCE NORTH 00 DEGREES 29 MINUTES 44 SECONDS WEST, A DISTANCE OF 19.23 FEET TO A POINT; RUN THENCE NORTH 44 DEGREES 55 MINUTES 40 SECONDS WEST, A DISTANCE OF 44.43 FEET TO THE POINT OF CURVATURE OF A CURVE TO THE LEFT HAVING A CENTRAL ANGLE OF 09 DEGREES 50 MINUTES 41 SECONDS AND RADIUS OF 900.00 FEET; RUN THENCE ALONG SAID CURVE TO THE LEFT FOR AN ARC DISTANCE OF 154.64 FEET (CHORD BEARING AND DISTANCE: NORTH 05 DEGREES 33 MINUTES 46 SECONDS WEST, A DISTANCE OF 154.45 FEET TO A POINT; RUN THENCE NORTH 10 DEGREES 29 MINUTES 08 SECONDS WEST, A DISTANCE OF 108.17 FEET TO THE POINT OF CURVATURE OF A CURVE TO THE RIGHT HAVING A CENTRAL ANGLE OF 10 DEGREES 44 MINUTES 53 SECONDS AND A RADIUS OF 800.00 FEET; RUN THENCE ALONG SAID CURVE TO THE RIGHT FOR AN ARC DISTANCE OF 150.07 FEET (CHORD BEARING AND DISTANCE: NORTH 05 DEGREES 06 MINUTES 40 SECONDS WEST, A DISTANCE OF 149.89 FEET TO A POINT); RUN THENCE NORTH 00 DEGREES 15 MINUTES 47 SECONDS EAST 167.10 FEET; RUN THENCE NORTH 45 DEGREES 20 MINUTES 20 SECONDS EAST 42.37 FEET TO THE POINT OF BEGINNING OF THE PARCEL OF LAND HEREIN DESCRIBED; THENCE NORTH 00 DEGREES 15 MINUTES 47 SECONDS EAST 43.00 FEET; RUN THENCE NORTH 32 DEGREES 14 MINUTES 35 SECONDS WEST 55.83 FEET; RUN THENCE NORTH 00 DEGREES 15 MINUTES 47 SECONDS EAST 70.66 FEET TO A POINT; THENCE LEAVING SAID HIGHLAND COLONY PARKWAY RUN SOUTH 89 DEGREES 52 MINUTES 07 SECONDS EAST 775.90 FEET; THENCE SOUTH 29 DEGREES 01 MINUTES 49 SECONDS EAST 120.09 FEET; THENCE SOUTH 18 DEGREES 52 MINUTES 20 SECONDS EAST 61.23 FEET; THENCE NORTH 89 DEGREES 58 MINUTES 50 SECONDS WEST 824.71 FEET TO THE POINT OF BEGINNING. THE ABOVE DESCRIBED PARCEL OF LAND IS SITUATED IN THE SOUTHWEST QUARTER OF THE NORTHEAST QUARTER OF SECTION 25, TOWNSHIP 7 NORTH, RANGE 1 EAST, RIDGELAND, MADISON COUNTY, MISSISSIPPI, AND CONTAINS 3.0 ACRES, MORE OR LESS.

## EXHIBIT A

Evans - MVT
AE 000172

IMAGED COPY

Case 10-00040-NPO    Doc 339-11    Filed 01/04/11    Entered 01/04/11 16:44:53    Desc
Exhibit 11    Affidavit of Robert B. Jones    Page 27 of 32

Case 09-03763-NPO    Doc 78-6    Filed 11/17/09    Entered 11/17/09 16:43:54    Desc
Exhibit F    Page 4 of 4

Subject, however, to the following:

1. Ad valorem taxes for the year 2008 although not yet due and payable.

2. Any valid and subsisting recorded oil, gas, or mineral leases, royalty reservations or conveyances affecting the conveyed property.

3. Terms and conditions of that certain covenants or restrictions recorded in Book 360 at Page 632.

4. Terms and conditions of that certain right of way and easement reserved on the right of way plans of the "South Madison County Parkway" in the office of the Chancery Clerk of Madison County at Canton, Mississippi. This parkway is now the Highland Colony Parkway.

5. Terms and conditions of that certain right of way in favor of Entergy Mississippi, Inc., dated November 10, 2002, and recorded in Book 527 at Page 465.

6. Terms and conditions of that certain easement to the City of Ridgeland dated August 5, 1995, and recorded in Book 360 at Page 626.

7. Terms and conditions of the conveyance of abutter's rights as contained in Book 79 at Page 89.

**Exhibit B**

Evans - MVT    IMAGED COPY
AE 000173

Case 10-00040-NPO    Doc 339-11    Filed 01/04/11    Entered 01/04/11 16:44:53    Desc
Exhibit 11    Affidavit of Robert B. Jones    Page 28 of 32

Case 09-03763-NPO    Doc 78-7    Filed 11/17/09    Entered 11/17/09 16:43:54    Desc
Exhibit G    Page 1 of 5

6017132105
09/19/2008  15:44    6017132106                    HIGHLAND BLUFF                 PAGE  01/05

**MVT Binder #**
**V135289**

***
**MISSISSIPPI VALLEY TITLE**
Insurance Company

**OLD REPUBLIC**
National Title Insurance Company
***

APPLICATION AND ATTORNEY'S FINAL CERTIFICATE

Use this form for all cases where transaction is closed and papers recorded.
If new construction within statutory period for liens, attach an Owner's and Contractor's affidavit.

The undersigned certifies that he does not know of any unrecorded liens or claims affecting the title, and based on a personal examination of all applicable public records (or of abstracts described below), undersigned certifies that the title is out of the sovereign and beginning with a good deed not less than fifty years ago, and subject to the exceptions noted in Schedule "B" hereof, the marketable fee simple title to the real estate described herein is vested in:

**White Oaks Investment Company LLC**

Complete Sections I and II if both mortgagee's and owner's policy desired

**I. FOR MORTGAGEE'S POLICY:**
1. Is a Short Form Policy to be issued? **NO** . If so, what is the Street Address? ____
   Zip Code? ____ , Loan Number ____
2. Is loan Conventional? **yes** FHA? **No** VA? **No**
3. Is instrument deed of trust or mortgage? **deed of trust** dated **7-21-08**
4. Does it secure construction financing? **No** or permanent financing? **yes**
5. Mortgagors **White Oaks Investment Company, LLC**
6. Trustee **Oliver B. Triplett III**
7. Mortgagee **Bank of Forest**
8. Filed for record in the office of the **Chancery Clerk** of **Madison** County,
   State of **MS** on **9-19-08** , at **11:10** o'clock **A** M.,
   recorded Book **2354** Page **391**
9. Amount of debt $ **1,296,500.** Final Maturity **7-21-2010**
10. Assigned by instrument dated ____ , ____ executed by ____
    ____ to ____
    filed for record ____ , nt ____ o'clock ____ M., recorded in said
    County in Book ____ , Page ____

**II. FOR OWNER'S POLICY:** **No**
   (a) Kind of instrument ____ dated ____
   (b) Grantors ____
   (c) Grantees ____
   Filed for record in office of ____ of ____
   County, State of ____ on ____ at ____ o'clock ____ M.,
   recorded in Book ____ Page ____
   (d) Consideration $ ____ . Estate of Grantees ____ (fee, years, leasehold)

**SCHEDULE A**

Insert below verbatim copy of description as contained in deed or mortgage to be insured.

Situated in **City of Madison** County of **Madison**, State of **MS** to-wit:

**See Exhibits A & B**

EXHIBIT
**G**

MVT 92-33

Evans - MVT
AE 000671
IMAGED COPY

Case 10-00040-NPO    Doc 339-11    Filed 01/04/11    Entered 01/04/11 16:44:53    Desc
Exhibit 11    Affidavit of Robert B. Jones    Page 29 of 32

Case 09-03763-NPO    Doc 78-7    Filed 11/17/09    Entered 11/17/09 16:43:54    Desc
Exhibit G    Page 2 of 5

09/19/2008  15:44    6017132105    HIGHLAND BLUFF    PAGE  02/03

FINAL CERTIFICATE

SCHEDULE "B"
(Attach rider if space is not sufficient)

1. TAXES AND SPECIAL ASSESSMENTS:
   (a) All paid through year? 2007
   (b) Unpaid taxes 2008 none
   (c) Special Assessments payable in future none
   (d) Are there improvements declared necessary or begun for which no assessment has been made? No
   (e) Is land located in a drainage district? no    Name:
       If so, bonds outstanding $

2. MORTGAGES, DEEDS OF TRUST, VENDORS LIENS AND UNREDEEMED TAX SALES:
   (Give names of all parties, amounts, dates, book and page, where recorded, with like information about any assignments)
   Mortgagor: White Oaks Investment Company, LLC
   Trustee: Oliver B. Triplett III
   Mortgagee: Bank of Forest
   Date: 9-21-08
   Amount: $1,296,500.00
   BK: 2354 Pg: 391
   Date Recorded: 9-17-08 at 11:10 A.M.

3. RESTRICTIONS AND COVENANTS: See Exhibit #C
   Are there any? _____ (Attach verbatim copy) Recorded Book ___ Page ___ Filed ___
   (a) State whether violated or not ___
   (b) Do restrictions contain a reversionary or forfeiture clause? ___
   (c) If so, has above been released? ___ (Attach release instrument showing book and page where recorded).

4. BUILDING RESTRICTION LINES OR EASEMENTS SHOWN ON RECORDED PLAT:
   If any define: See Exhibit #C

5. OIL AND MINERAL RIGHTS AND LEASES OUTSTANDING:
   If any list: n/a

   (a) Have you examined the title to minerals beginning with the date of original entry? No
       If not, our commitment and policy will contain an appropriate exception.
   (b) Mineral interests, if any, to be reserved by seller ___

6. OTHER DEFECTS, LIENS AND OBJECTIONS:
   (Where any, check items and describe below or on rider attached. Undersigned certifies items not checked are clear.

   (a) ___ Mechanic's and Materialmen's Liens of record          (g) ___ Federal Tax Liens
   (b) ___ Judgments                                              (h) ___ Recorded or known unrecorded leases
   (c) ___ Estates and Decedent's Debts                          (i) ___ Encroachments
   (d) _X_ Easements and Party Wall Agreements                   (j) ___ Matters not listed
   (e) ___ Bankruptcy Proceedings                                (k) ___ Violation of zoning ordinances
   (f) ___ Lis Pendens of Record                                 (l) ___ Violation of Building setback lines

       See Exhibit "B" C

The undersigned certifies that the title does not depend upon the sale of the property for either taxes or assessments and
so far as known there is no dispute among attorneys as to validity of title.                                11:10 AM

This title certified down to  ~~July~~  ~~21~~  9-17  ~~,~~  2008 at  ~~2:10~~  ~~P.~~ M.

Approved Attorney  A Charles H Evans

By  Charles H Evans
                                                    Name of firm
Address  P.O. Box 13783  Jackson  MS  39236

Phone Number  601  ~~713 2106~~    Fax Number  601  713-2106
                        362  1282

12/92

Evans - MVT                                    IMAGED COPY
AE 000672

Case 10-00040-NPO    Doc 339-11    Filed 01/04/11    Entered 01/04/11 16:44:53    Desc
Exhibit 11    Affidavit of Robert B. Jones    Page 30 of 32

Case 09-03763-NPO    Doc 78-7    Filed 11/17/09    Entered 11/17/09 16:43:54    Desc
Exhibit G    Page 3 of 5

09/19/2008  16:44    6017132186                    HIGHLAND BLUFF                           PAGE  03/05

BOOK 2 3 5 4 PAGE 0 3 9 4 ½

EXHIBIT  A

LEGAL DESCRIPTION OF NORTH 2.2305-ACRE TRACT

A CERTAIN PARCEL OF LAND LYING AND BEING SITUATED IN SECTION 12,
TOWNSHIP 7 NORTH, RANGE 3 EAST, MADISON COUNTY, MISSISSIPPI AND,
BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

COMMENCING AT THE SOUTHWEST CORNER OF TRACT 2 AS SHOWN ON
BENCHMARK ENGINEERING PLAT, DATED JAN, 25, 2008 AND BEING 1325.18
FEET WEST OF AND 32.66 FEET NORTH OF THE SOUTHEAST CORNER OF THE
NORTHEAST QUARTER OF THE NORTHWEST QUARTER OF SAID SECTION 12
AND RUN NORTH 60 DEGREES 37 MINUTES 39 SECONDS EAST 364.79 FEET
TO THE POINT OF BEGINNING; THENCE CONTINUE NORTH 60 DEGREES 37
MINUTES 39 SECONDS EAST 304.31 FEET; THENCE SOUTH 88 DEGREES 02
MINUTES 22 SECONDS EAST 315.34 FEET TO THE WEST RIGHT OF WAY OF A
PUBLIC ROAD; THENCE THE FOLLOWING BEARING AND DISTANCES
ALONG SAID WEST RIGHT OF WAY: THENCE SOUTH 09 DEGREES 36
MINUTES 56 SECONDS WEST ALONG THE CHORD OF A CURVE BEARING TO
THE LEFT HAVING A RADIUS OR 830.0 FEET, A DISTANCE OF 138.33 FEET TO
THE POINT OF TANGENCY OF SAID CURVE; THENCE SOUTH 04 DEGREES 56
MINUTES 34 SECONDS WEST 54.72 FEET TO THE POINT OF CURVATURE OF A
CURVE BEARING TO THE LEFT HAVING A RADIUS OF 820.0 FEET; THENCE
SOUTHERLY ALONG SAID CURVE A CHORD BEARING AND DISTANCE OF
SOUTH 00 DEGREES 15 MINUTES 56 SECONDS EAST 149.04 FEET; THENCE
SOUTH 94 DEGREES 31 MINUTES 13 SECONDS WEST 80.0 FEET; THENCE
LEAVING SAID WEST RIGHT OF WAY NORTH 75 DEGREES 38 MINUTES 45
SECONDS WEST 218.56 FEET TO THE POINT OF BEGINNING, CONTAINING
2.2305 ACRES, MORE OR LESS

Signed for identification.
WHITE OAKS INVESTMENT COMPANY LLC

_Jim C Evans_                          _7-31-08_
Jim C Evans, Member                     Date

_____               _____
                          Date                                   Date

_____               _____
                          Date                                   Date

EXHIBIT A  Rev. 10/9/03

Evans - MVT            IMAGED COPY
AE 000673

Case 10-00040-NPO    Doc 339-11    Filed 01/04/11    Entered 01/04/11 16:44:53    Desc
Exhibit 11    Affidavit of Robert B. Jones    Page 31 of 32

Case 09-03763-NPO    Doc 78-7    Filed 11/17/09    Entered 11/17/09 16:43:54    Desc
Exhibit G    Page 4 of 5

09/19/2008  15:44    6017132105           HIGHLAND BLUFF                    PAGE  04/05

BOOK 2354 PAGE 0395

## EXHIBIT B

LEGAL DESCRIPTION OF SOUTH 2.2105-ACRE TRACT

A CERTAIN PARCEL OF LAND LYING AND BEING SITUATED IN SECTION 12,
TOWNSHIP 7 NORTH, RANGE 1 EAST, MADISON COUNTY, MISSISSIPPI AND
BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT THE SOUTHWEST CORNER OF TRACT 2 AS SHOWN ON
BENCHMARK ENGINEERING PLAT, DATED JAN. 23, 2008 AND BEING 1325.18
FEET WEST OF AND 32.66 FEET NORTH OF SOUTHEAST CORNER OF THE
NORTHEAST QUARTER OF THE NORTHWEST QUARTER OF SAID SECTION 12
AND RUN NORTH 00 DEGREES 37 MINUTES 39 SECONDS EAST 364.79 FEET;
THENCE SOUTH 75 DEGREES 38 MINUTES 45 SECONDS EAST 218.56 FEET TO
THE WEST RIGHT OF WAY OF A PUBLIC STREET; THENCE THE FOLLOWING
BEARINGS AND DISTANCES ALONG SAID RIGHT OF WAY; SOUTH 09
DEGREES 54 MINUTES 16 SECONDS EAST ALONG A CURVE BEARING TO THE
LEFT HAVING A RADIUS OF 900.01 FEET FOR A DISTANCE OF 138.17 FEET;
THENCE NORTH 75 DEGREES 20 MINUTES 43 SECONDS EAST FOR A
DISTANCE OF 40.0 FEET; THENCE SOUTH ALONG A CURVE BEARING TO THE
LEFT HAVING A RADIUS OF 820.0 FEET A CHORD DISTANCE AND BEARING
OF SOUTH 21 DEGREES 30 MINUTES 07 SECONDS EAST 303.67 FEET; THENCE
LEAVING SAID RIGHT OF WAY SOUTH 89 DEGREES 35 MINUTES 39 SECONDS
WEST 392.40 FEET TO THE POINT OF BEGINNING, CONTAINING 2.2105 ACRES,
MORE OR LESS.

MADISON COUNTY MS  This instrument was
filed for record SEPT. 17, 2008 at 11:10 A.
Book 2354  Page 391
ARTHUR JOHNSTON, C.C.,
BY: _____ D.C

Signed for identification.
WHITE OAKS INVESTMENT COMPANY LLC
_____    7-21-08
Jeff O Evans, Member           Date

_____           _____
           Date                              Date

_____           _____
           Date                              Date

EXHIBITA  Rev. (9/8/05)

Evans - MVT        FADED COPY
AE 000674

09/15/2008   16:44   6017132185                          HIGHLAND BLUFF                          PAGE  05/05

1. That certain Pipe Line right of way to Texas Eastern Transmission Corporation, dated 3/28/55, recorded in Book 61, Page 269.

2. That certain Pipe Line right of way to Texas Eastern Transmission Corporation, dated 4/6/55, recorded in Book 61, Page 407.

3. That certain easement to the City of Madison for a sanitary sewer line running with the foregoing pipe line right of way.

4. All ad valorem taxes for the year 2008 which are not yet due or payable.

5. Corrective Permanent Easement and Right of Way in favor of Madison County, Mississippi, dated April 21, 2008 and recorded in Book 2307 at page 925, as corrected in Book 2319 at page 872.

EXHIBIT  C

Evans - MVT
AE 000675