UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

In Re Case No. 09-03763-NPO

JON CHRISTOPHER EVANS,

Debtor

---

G&B INVESTMENTS, INC.                                                                    PLAINTIFF

vs.                                                                          ADV. PRO. NO. 10-00040-NPO

DEREK A. HENDERSON, TRUSTEE FOR THE
BANKRUPTCY ESTATE EOF JON CHRISTOPHER
EVANS, ET AL.                                                                         DEFENDANTS

### HERITAGE BANKING GROUP'S RESPONSE IN OPPOSITION TO TITLE COMPANIES' MOTION FOR SUMMARY JUDGMENT AS TO HERITAGE BANKING GROUP'S CROSS-CLAIM

Heritage Banking Group ("Heritage Bank") files this Response in Opposition to the Title Companies' Motion for Summary Judgment as to Heritage Banking Group's Cross-Claim.

Mississippi Valley Title Insurance Company ("MVT") and Old Republic National Title Insurance Company's (collectively, the "Title Companies") Motion for Summary Judgment should be denied. Multiple disputed issues of material fact exist on Heritage Bank's claims.

1. The Title Companies unfairly and wrongly avoided paying Heritage Bank the amount due under the Title Policy by arbitrarily selecting a date for valuing the insured title -- a date not provided for in the Title Policy, and a date contrary to that testified to by their own corporate representative.

2. Had Heritage Bank's claim been paid according to the Title Policy and the

testimony of the Title Companies' corporate representative, the Title Companies' payment would have been $350,061.24 greater.

3.  Alternatively, the absence of a date for valuing the insured title in the Title Policy renders the Title Policy ambiguous such that it must be construed against the Title Companies and in favor of Heritage Bank.

4.  Heritage Bank's breach of the Title Policy claim does not fail because it has not designated an expert witness on value. As set forth in detail in the Memorandum of Law Heritage Bank is filing in support of this Response, which is fully incorporated herein by reference, an appraiser is not necessary to establish both a breach of the Title Policy and the amount of Heritage Bank's damages flowing from the breach.

5.  The Title Companies' breach of the Title Policy was contrary to their duty of good faith and fair dealing, and their payment of Heritage Bank's claim was without an arguable basis. Thus, the Title Companies acted in bad faith, meriting the imposition of punitive damages and attorneys' fees.

6.  Heritage Bank fully incorporates by reference the Memorandum of Law it is filing in support oft this Response.

7.  Additionally, Heritage Bank is attaching the following documents in support of this Response:

    a.  Exhibit 1 -- Cross Claim;

    b.  Exhibit 2 -- Note;

    c.  Exhibit 3 -- Real Estate Deed of Trust;

    d.  Exhibit 4 -- Affidavit of Charles E. Courtney, Jr.;

 e.  Exhibit 5 -- Loan Policy of Title Insurance, Policy Number LP 10759;

 f.  Exhibit 6 -- Letter dated November 20, 2009;

 g.  Exhibit 7 -- Letter dated July 23, 2010;

 h.  Exhibit 8 -- 30(b)(6) Deposition of Mississippi Valley Title Insurance Company Through Its Representative, James D. Partin;

 i.  Exhibit 9 -- Summary appraisal dated January 4, 2010; and

 j.  Exhibit 10 -- Letter dated March 27, 2008.

WHEREFORE, for the the foregoing reasons, as more fully set forth in the incorporated Memorandum of Law filed in support of this Response, Heritage Banking Group respectfully requests that the Court deny the Title Companies' Motion for Summary Judgment [Docket # 273] and award its costs and fees incurred in responding to the motion.

Respectfully submitted this 4th day of January, 2011,

    *s/ Michael D. Simmons*
    Michael D. Simmons, MSB # 9828

    ATTORNEY FOR HERITAGE BANKING GROUP

OF COUNSEL:

COSMICH, SIMMONS & BROWN, PLLC
120 North Congress Street
The Plaza Building, Suite 400 (39201)
Post Office Box 22626
Jackson, Mississippi 39225-2626
T: 601-863-2100
F: 601-863-0078
E: mike@cs-law.com

## CERTIFICATE OF SERVICE

      I hereby certify that on January 4, 2010, I electronically filed and served the above and foregoing pleading with the Clerk of Court using the CM/ECF system which sent notification of such filing to all ECF participants and counsel of record.

                                          *s/ Michael D. Simmons*
                                          Michael D. Simmons