UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

IN RE:

JON CHRISTOPHER EVANS                              CASE NO. 09-03763-NPO

DEBTOR                                             CHAPTER 7

*Jointly Administered with Related Cases*

---

G&B INVESTMENTS, INC.                              PLAINTIFF

versus                                             ADV. PROC. NO. 10-00040-NPO

DEREK A. HENDERSON, TRUSTEE FOR
THE BANKRUPTCY ESTATE OF JON
CHRISTOPHER EVANS, et al.                          DEFENDANTS

---

**BANK OF FOREST'S RESPONSE TO TITLE COMPANIES'
MOTION FOR SUMMARY JUDGMENT**

---

COMES NOW Bank of Forest, through counsel, pursuant to Local Bankruptcy Rule 7056-1, and files this Response to the Title Companies' Motion for Summary Judgment, as follows:

**A. Claims by Bank of Forest against Title Companies**

1. The Cross-Claims filed by the Bank of Forest in this matter involves two loans, the first made to White Oaks Investment Company, LLC ("White Oaks") in July 2008, and the second loan made to White Oaks in August 2009. The Bank's claim under the 2008 loan sounds in contract, and the claims made under the 2009 loan are based in tort.

2. Bank of Forest submits that, with respect to the following Counts enumerated in the Bank's Amended Cross-Claim filed in this matter, there are genuine issues of material fact and the Title Companies are not entitled to judgment as a matter of law:

    a.    Count I: Negligent Misrepresentation;

    b.    Count II: Intentional Misrepresentation and Fraud; and

   c.  Count V: Breach of Contract - Title Policy.

3. Bank of Forest submits that, with respect to the following Counts enumerated in the Bank's Amended Cross-Claim filed in this matter, the Title Companies have not moved for dismissal of the same in their Motion for Summary Judgment, do not take issue with such claims therein, and such claims should not be dismissed:

   a.  Count IX: Extent and Validity of Lien Against Property; and

   b.  Count XII: Attorney's Fees pursuant to Federal Rule of Bankruptcy Procedure 7008 (b).

4. With respect to all remaining claims enumerated as Counts in the Bank's Amended Cross-Claim filed in this matter, the Bank of Forest will not pursue such claims at trial, and they may be dismissed. Such claims are:

   a.  Count III: Negligent Hiring and Retention of Agent;

   b.  Count IV: Breach of Contract - Title Commitment;

   c.  Count VI and VII: Promissory Estoppel;

   d.  Count VIII: Breach of Obligation of Good Faith & Fair Dealing, Claims Handling;

   e.  Count X: Bad Faith; and

   f.  Count XI: Civil Conspiracy.

**B. Material Facts Pertinent to Bank of Forest's *Prima Facie* Claims**

5. The material facts pertinent to *prima facie* claims by the Bank of Forest against the Title Companies, arranged by Count and Claim with citation to factual authority and exhibits, are:

Count II: Intentional Misrepresentation and Fraud

   a.  Schedule A of the 2009 title commitment contains a representation made by the Title Companies on August 26, 2009 that G&B Investments was the fee simple owner of tract T-3. *Ex. 14, 2009 title commitment.*

   b.  The representation on Schedule A of the 2009 title commitment that G&B Investments was the fee simple owner of tract T-3 is a false statement. *Ex. 2, Parish*

*Fortenberry, p. 116-17.*

c.      At the time of the representation referencef in (a) hereinabove, tract T-3 was owned by Hanover Investments. *Ex. 12, Affidavit of Clifton Fowler.*

d.      The representation referenced in (a) hereinabove was material to the Bank of Forest's decision to advance loan funds to White Oaks Investment Company, LLC ("White Oaks"). *Ex. 11, Bank of Forest EUO, p. 57-58, 62; Ex. 8, Bank of Forest Depo, p. 42, 116.*

e.      At the time of the representation referenced in (a) hereinabove, the Title Companies admit that they lacked knowledge of whether such representation was true or false. *Ex. 13, Robert Chipinski, p. 95-97; Ex. 2, Parish Fortenberry, p. 116-17; Ex. 15, Carolyn Freeman, p. 132-33.*

f.      The Title Companies intended, and expected, that the Bank of Forest would act upon the representation referenced in (a) hereinabove in a manner contemplated by advancing funds to White Oaks. *Ex. 17, Mississippi Agents Manual; Ex. 4, Affidavit of Brad Jones, ¶ 13.*

g.      The Bank of Forest did not know that the representation referenced in (a) hereinabove was false. *Ex. 12, Affidavit of Clifton Fowler.*

h.      Clifton Fowler, acting on behalf of the Bank of Forest, read the representation referenced in (a) hereinabove before closing on the White Oaks loan, and he relied on the truth of the representation by advancing $451,450.00 in loan funds to White Oaks. *Ex. 8, Bank of Forest Depo, p. 40, 97-98, 108-09, 114-15, 188-89; Ex. 12, Affidavit of Clifton Fowler.*

i.      The Bank of Forest had the right to rely on the representation referenced in (a) hereinabove. *Ex. 17, Mississippi Agents Manual; Ex. 4, Affidavit of Brad Jones, ¶13.*

j.      As a proximate result of the Bank of Forest's reliance on the representation referenced in (a) hereinabove, the Bank sustained injury and damages, including but not limited to, loss of its loan funds in the amount of $451,450.00 and other related damages. *Ex. 12, Affidavit of Clifton Fowler.*

Count II: Imputed Fraud Claim based upon Actual or Apparent Authority

a.      Charles Evans was an approved attorney for the Title Companies. *Ex. 4, Affidavit of Brad Jones, ¶ 8; Ex. 5, Brad Jones, p. 111-12.*

b.      The Title Companies authorized Charles Evans to examine and research titles and land records. *Ex. 2, Parish Fortenberry, p. 65-66; Ex. 13, Robert Chipinski, p. 33-34.*

c.      The Title Companies authorized Charles Evans to certify title to the Title Companies. *Ex. 13, Robert Chipinski, p. 43-44; Ex. 2, Parish Fortenberry, p. 32-33, 67.*

d.      The Title Companies authorized Charles Evans to submit applications for issuance of title commitments and title policies to the Title Companies. *Ex. 13, Robert*

*Chipinski, p. 43-44; Ex. 2, Parish Fortenberry, p. 67.*

e. Charles Evans was authorized by the Title Companies to deliver issued title commitments and title policies to insureds or prospective insureds. *Ex. 13, Robert Chipinski, p. 43-44; Ex. 2, Parish Fortenberry, p. 70.*

f. The Title Companies authorized Charles Evans to collect fees and premiums for title commitments and title policies and remit the same to the Title Companies. *Ex. 13, Robert Chipinski, p. 43-44; Ex. 2, Parish Fortenberry, p. 67-70.*

g. The Title Companies authorized Charles Evans to communicate with insureds or prospective insureds on behalf of the Title Companies. *Ex. 2, Parish Fortenberry, p. 67-70.*

h. In 2008 the Bank of Forest witnessed Charles Evans perform the acts which the Title Companies authorized him to do, and such acts resulted in issuance of a title commitment and title policy. *Ex. 8, Bank of Forest Depo, p. 36, 48; Ex. 16, Emails between Bank and Charles Evans.*

i. The Title Companies never gave the Bank of Forest any notice of any restriction or limitation on Charles Evans' authority to act for the Title Companies. *Ex. 2, Parish Fortenberry, p. 62-64.*

j. The Bank of Forest reasonably relied on the acts which the Title Companies had authorized Charles Evans to do when seeking to procure a title commitment and title policy through Charles Evans in 2009. *Ex. 8, Bank of Forest Depo, p. 36, 190-91; Ex. 16, Emails between Bank and Charles Evans.*

k. As a result of the Bank of Forest's reliance on the acts which the Title Companies authorized Charles Evans to perform, the Bank was injured and damaged in 2009 through a fraudulent misrepresentation that resulted in loss of the Bank's funds loaned to White Oaks. *Ex. 12, Affidavit of Clifton Fowler.*

l. Charles Evans committed a fraud against the Bank of Forest in 2009 in connection with the loan to White Oaks and delivery to the Bank of a title commitment which he knew was fraudulent. *Ex. 2, Parish Fortenberry, p. 140; Ex. 3, James Partin, p. 109.*

m. Charles Evans' fraudulent acts against the Bank of Forest occurred within the scope of the activities which the Title Companies had expressly or impliedly authorized Charles Evans to perform. *Ex. 13, Robert Chipinski, p. 43-44; Ex. 2, Parish Fortenberry, p. 67-70.*

Count I: Negligent Misrepresentation

a. The 2009 title commitment issued to the Bank of Forest contained a misrepresentation that the fee simple owner of the property was G&B Investments. *Ex. 14, 2009 title commitment; Ex. 2, Parish Fortenberry, p. 116-17.*

b. The misrepresentation in the 2009 title commitment was material. *Ex. 11, Bank of Forest EUO, p. 57-58, 62; Ex. 8, Bank of Forest Depo, p. 42, 116.*

c. The Title Companies failed to exercise any degree of diligence or expertise with regard to confirming the accuracy of information in the title certificates submitted by Charles Evans. *Ex. 2, Parish Fortenberry, p. 57.*

d. The public had a right to expect that the Title Companies would exercise an appropriate degree of diligence and expertise with regard to the accuracy of title certifications by approved attorneys. *Ex. 17, Mississippi Agents Manual*

e. The Bank of Forest reasonably relied upon the misrepresentation in the 2009 title commitment that the property was owned by G&B Investments. *Ex. 17, Mississippi Agents Manual; Ex. 4, Affidavit of Brad Jones, ¶13; Ex. 8, Bank of Forest Depo, p. 40, 97-98, 108-09, 114-15, 188-89.*

f. The Bank of Forest sustained damages as a result of its reliance on the misrepresentation in the 2009 title commitment. *Ex. 12, Affidavit of Clifton Fowler.*

Count V: Breach of Contract - Title Policy

a. The Title Companies issued the 2008 Loan Policy to Bank of Forest. *Ex. 19, Loan Policy No. LP 107024 ("2008 title policy").*

b. The Title Companies have breached the 2008 Loan Policy by refusing to indemnify Bank of Forest for is losses and damages under the policy. *Title Companies' Summary Judgment Motion, ¶5.*

c. The 2008 Loan Policy provides coverage for indemnity for actual monetary loss and damages. *Ex. 19, Loan Policy No. LP 107024 ("2008 title policy").*

d. The 2008 Loan Policy provides that coverage under the policy shall continue in force for so long as the insured holds an interest in the land. *Ex. 19, Loan Policy No. LP 107024 ("2008 title policy").*

e. The Title Companies authorized Bank of Forest to hire attorneys as separate counsel and incur attorneys fees in defense of its liens on Tracts T-4 and T-5. *Ex. 18, Correspondence between Counsel.*

f. The Title Companies have breached the 2008 Loan Policy by refusing to pay Bank of Forest anything further under the policy, including but not limited to, attorney's fees. *Title Companies' Summary Judgment Motion, ¶5.*

**C.   Memorandum and Exhibits**

6. Bank of Forest hereby incorporates in this Response its Memorandum Brief filed on even date herewith and the following exhibits attached hereto:

Exhibit "1": Charles Evans Examination Under Oath

Exhibit "2": Parish Fortenberry deposition excerpts

Exhibit "3": James Partin deposition excerpts

Exhibit "4": Affidavit of Brad Jones

Exhibit "5": Brad Jones deposition excerpts

Exhibit "6": September 26, 2009 Application and Attorney First Certificate

Exhibit "7": Purchase Agreements

Exhibit "8": Bank of Forest deposition excerpts

Exhibit "9": 2008 Multipurpose Note and Land Deed of Trust

Exhibit "10: 2009 Multipurpose Note and Land Deed of Trust

Exhibit "11": Bank of Forest Examination Under Oath

Exhibit "12": Affidavit of Clifton Fowler

Exhibit "13": Robert Chipinski deposition excerpts

Exhibit "14": Title Commitment No. V177829 (2009)

Exhibit "15": Carolyn Freeman deposition excerpts

Exhibit "16": Emails between Bank and Charles Evans

Exhibit "17": Mississippi Agents Manual excerpts

Exhibit "18": Correspondence between Counsel

Exhibit "19": Loan Policy No. LP 107024 (2008)

Exhibit "20": Affidavit of Kristina M. Johnson

**D.    Relief Requested**

6.    As demonstrated hereinabove, there are genuine issues of material fact in this matter with regard to the *prima facie* claims made by the Bank of Forest and the Title Companies are not entitled to judgment as a matter of law.

WHEREFORE, PREMISES CONSIDERED, Bank of Forest respectfully submits that the Motion for Summary Judgment filed against Bank of Forest by the Title Companies in this matter is not-well taken and should be denied.

Dated: January 4, 2010.

                                                s/William Liston, III
                                                WILLIAM LISTON, III (MSB#8482)
                                                LISTON/LANCASTER PLLC
                                                P. O. Box 14127
                                                Jackson, MS 39236
                                                Tel. (601) 981-1636
                                                Fax. (601) 982-0371
                                                Email: wlist3@aol.com

                                                ATTORNEY FOR CROSS-CLAIMANT,
                                                BANK OF FOREST

Of Counsel:

W. LAWRENCE DEAS
DEAS & DEAS
P. O. Box 7282
Tupelo, MS 38802
Tel. (662) 842-4546
Fax. (662) 844-4551
Email: Ldeas@aol.com

## Certificate of Service

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the parties set forth in the Electonic Mail Notice List as of the date hereof, including the following:

R. Michael Bolen, Esq.
USTPRegion05.JA.ECF@usdoj.gov

Derek A. Henderson, Trustee
d henderson@bellsouth.net

M. Scott Jones, Esq.
scott.jones@arlaw.com

David W. Clark, Esq.
dclark@babc.com

Gene D. Berry, Esq.
genedberry@berryfirm.net

William C. Brabec, Esq.
bill.brabec@arlaw.com

G. Todd Burwell, Esq.
tburwell@gtbpa.com

John G. Corlew, Esq.
jcorlew@cmslawyers.com

Michael V. Cory, Esq.
mc@dmc-law.net

Kristina M. Johnson, Esq.
kjohnson@watkinsludlam.com

Tylvestor O. Goss, Esq.
bankruptcy@dgwlaw.com

John G. Holaday, Esq.
john@msattys.com

Lucy Elizabeth Johnson, Esq.
bankruptcy@msattys.com

Michael S. MacInnis, Esq.
Mikems@bellsouth.net

Richard A. Montague, Esq.
rmontague@wellsmoore.com

Jeff D. Rawlings, Esq.
rrm_h@bellsouth.net

Kathy K. Smith, Esq.
ksmith@cmslawyers.com

R. Paul Randle, Jr., Esq.
prandall@randallsegrest.com

Michael D. Simmons, Esq.
mike@cs-law.com

      Additionally, I mailed by United States mail, postage prepaid, a true and correct copy of the foregoing document to:

Stephen Smith, Trustee
Shelton & Smith, PC
5 Old River Place, Suite 107
Jackson, MS 39202

Community Bank
Patrick F. McAllister, Esq.
Williford McAllister & Jacobus
303 Highland Park Cove, Suite A
Ridgeland, MS 39157-6059

Terry R. Levy, Esq.
P. O. Box 1084
Jackson, MS 39215-1084

Jeffrey K. Tyree, Esq.
P. O. Box 3380
Ridgeland, MS 39158-3380

Thomas R. Hudson, Esq.
BankPlus
1068 Highland Colony Parkway, Suite 200
Ridgeland, MS 39157-8807

So certified this the 4th day of January, 2011.

                                                           s/William Liston, III
                                                         William Liston, III