**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

IN RE:

| | |
|---|---|
| JON CHRISTOPHER EVANS<br>AND JOINTLY ADMINISTERED<br>RELATED CASES | Case No. 09-03763-NPO |
| DEBTORS | Chapter 7 |

| | |
|---|---|
| G&B INVESTMENTS, INC. | PLAINTIFF |
| VS. | ADV. PROC. NO. 10-00040-NPO |
| DEREK A. HENDERSON, TRUSTEE<br>FOR THE BANKRUPTCY ESTATE OF<br>JOHN CHRISTOPHER EVANS, ET AL | DEFENDANTS |

**TITLE COMPANIES' REPLY IN SUPPORT OF MOTION FOR PARTIAL
SUMMARY JUDGMENT AGAINST G&B INVESTMENTS, INC.**

Mississippi Valley Title Insurance Company and Old Republic National Title Insurance Company (the "Title Companies") file this reply in support of their motion for partial summary judgment against G&B Investments, Inc. ("G&B").

### I. CLARIFICATION OF FACTS AND ISSUES

The Title Companies request summary judgment on two main issues – (1) G&B's tort claims, and (2) G&B's agency claims.[1]  G&B's Response seeks to divert the Court's attention away from these two central issues and the undisputed facts relating to these issues.

---

[1] In its Response, G&B expressly incorporated the "Responses filed by Heritage Banking Group, Bank of Forest, and Merchants and Farmers Bank" on both tort and agency issues.  However, Heritage Banking Group voluntarily dismissed with prejudice all of its negligence claims against the Title Companies.  Also, Merchants and Farmers Bank voluntarily dismissed all claims against the Title Companies.  As a result, the responses filed by Heritage Banking Group and Merchants and Farmers Bank do not provide G&B any additional support.

1

Regarding G&B's tort claims, the Title Companies simply argue that a title insurer cannot be liable in tort to its insured because the relationship between the title insurer and the insured is strictly one of contract. This rule is not only the majority view and modern trend but it is also supported by general insurance and contract principles found in Mississippi law. Even if the Court chooses to adopt the minority rule and allow tort liability, G&B has failed to point to **any** legal authority imposing a duty upon title insurers to supervise, control, monitor, and/or audit approved attorneys. Therefore, under either alternative, this Court should reject G&B's tort claims as a matter of law.

As for G&B's agency claims, the undisputed facts establish that Charles Evans dealt with G&B for his own personal reasons and in his own personal capacity. In its Response, G&B failed to present any facts or law that create an agency relationship between the Title Companies and Charles Evans for the G&B transaction. Instead, G&B misdirects the Court by discussing Charles Evans actions as an attorney in separate and distinct transactions with the banks. The Court should reject this attempt and dismiss G&B's agency claims as a matter of law.

G&B's Response to the Title Companies' Motion for Partial Summary Judgment confuses the issues and ignores certain facts. In order to correct G&B's mischaracterization of law and facts, the Title Companies make the following narrow and specific points.

A.  **G&B's Claims are Separate and Distinct From the Claims of the Banks.**

G&B would have this Court ignore the undisputed factual differences between its claims against the Title Companies and the banks' claims against the Title Companies. G&B states that "the claims asserted by G&B against the Title Companies cannot be viewed apart from the claims made by the banks…" (G&B Resp., p.1-2). In other words, G&B would have this Court ignore the following undisputed facts:

- G&B purchased an owner's policy, while the banks purchased lender's policies. As a result, G&B possessed different contractual rights and responsibilities under the owner's policy than the banks under their respective lender's policies. Also, the Title Companies owe G&B certain duties under the owner's policy, while owing the banks differing duties under the lender's policies.

- At all times, Charles Evans interacted with G&B in his own personal capacity. This is markedly different than the situation with the banks where Charles Evans acted in the capacity of an attorney.

These two undisputed facts are critical to a proper understanding of G&B's claims against the Title Companies. Instead of addressing these two undisputed facts or presenting contrary evidence, G&B seeks to impute certain facts inherent to the banks' claims. The Court should reject this attempt.

**B.   The Title Companies are not Liable in Tort to G&B.**

   **1.   G&B failed to adequately respond to the merits of the Title Companies' legal argument that a title insurer cannot be liable in tort to its insured.**

G&B fails to address the merits of the Title Companies argument that a title insurance company cannot be liable in tort. G&B simply makes a conclusory statement that the rule does not apply and then attempts to distinguish two cases that support the majority view. G&B's assertion that the rule promoted by the Title Companies does not apply to G&B's claims for negligent failure to supervise, monitor, and audit ignores the fact that negligence claim is a tort claim. Instead of addressing the merits of the Title Companies legal argument, G&B again attempts to misdirect the Court by discussing the Title Companies' alleged duty to supervise and monitor approved attorneys.[2] The Title Companies' argument is clear, persuasive, and unrebutted by G&B's response.

---

[2] As explained in the Title Companies' memorandum brief and in the sections below, diligent research has revealed no reported cases imposing a common law duty. Indeed, G&B has not pointed to any legal authority supporting such a duty. G&B would have this Court be the first and only court to impose such a duty.

3

Mississippi law recognizes that the relationship between the insurer and insured is "one of contract, measured by the terms of the policy." *Equitable Life Assurance Soc. of the U.S. v. Weil*, 60 So. 133, 134 (Miss. 1912); *Szumigala v. Nationwide Mut. Ins. Co.*, 853 F.2d 274, 280, n.7 (5th Cir. 1988); *Sessoms v. Allstate Ins. Co.*, 634 So. 2d 516, 519 (Miss. 1993). While Mississippi has yet to specifically apply this rule to the title insurance industry, the majority of jurisdictions have determined that the relationship between the title insurer and its insured is one of contract. As explained in the Title Companies' memorandum brief,[3] the majority view and modern trend is that a title insurer is not liable in tort to the insured for duties performed under the contract. The only relationship between the Title Companies and G&B is manifested in the owner's title policy issued to G&B. It is undisputed that the Title Companies did not assume any other duty outside this contract. The Title Companies urge this Court to follow the majority view and adopt this well-reasoned and legally sound approach.

2. **Even if the Court adopts the minority rule and allows tort liability, G&B has failed to provide any supporting legal authority that imposes upon a title insurance company a duty to retain, supervise, monitor, control, or audit its approved attorneys.**

Even if the Court allows tort liability, the Title Companies possessed no legal duty owed to G&B to supervise, monitor, control, or audit Charles Evans. G&B's twenty-seven page response contains no legal authority, whether from Mississippi or otherwise, that supports imposing upon a title insurance company a duty owed to its insured to retain, supervise, monitor, control, or audit its approved attorneys. The only information offered by G&B is support of its negligence claim is the purported expert opinion of George Pierson. This opinion is improper and invades the province of the Court. As this Court is well-aware, "whether a duty exists in a negligence case is a question of law to be determined by the court." *Brown v. J.J. Ferguson Sand*

---

[3] This argument is located on pages 6 through 13 of the Title Companies' Memorandum in Support.

4

*and Gravel Co.*, 858 So. 2d 129, 131 (Miss. 2003). G&B would have this Court be the lone pioneer in this area of the law.

In its memorandum brief, the Title Companies cited a number of cases[4] addressing the elements and required proof for negligent hiring, negligent retention, negligent training, and negligent supervision. It is evident from these cases that negligent hiring, negligent retention, negligent training, and negligent supervision are causes of actions that apply in the employer-employee context. It is undisputed that Charles Evans was not an employee of the Title Companies. Therefore, these claims are not proper against the Title Companies. G&B attempts to distinguish the cases cited, and in so doing, completely misses the simple point that the Title Companies did not employ Charles Evans.

Regarding a duty to audit, the Title Companies have diligently researched and found no reported cases where any court has imposed upon a title insurer a tort duty owed to its insured to audit its approved attorneys.[5] Likewise, G&B has failed to produce such legal authority. It is axiomatic that where no duty exists, there can be no breach and therefore no negligence. This Court should dismiss G&B's tort claims as a matter of law.

### 3. G&B erroneously attempts to rely upon subsequent remedial measures taken by the Title Companies in order to establish liability.

G&B again attempts to divert the Court's attention from the critical issues and undisputed facts by continually referring to procedures that the Title Companies have instituted since discovering improper conduct of Charles Evans. The Federal Rules of Evidence prevent the use of "Subsequent Remedial Measures" to prove the liability of the Title Companies. Fed. R. Evid.

---

[4] *Jones v. Toy*, 476 So. 2d 30 (Miss. 1985); *Raiola v. Chevron U.S.A., Inc.*, 872 So. 2d 79, 86 (Miss. App. 2004); *Holmes v. Campbell Props.*, 2010 Miss. App. LEXIS 243, at *18 (Miss. App. May 18, 2010); *Baker Donelson Bearman Caldwell & Berkowitz, P.C. v. Seay*, 42 So. 3d 474, 489 (Miss. 2010).

[5] This argument is located on pages 16 and 17 of the Title Companies' memorandum brief.

407. Because such measures are strictly inadmissible at trial to prove liability, they certainly cannot be used to create a genuine issue of material fact in order to get to trial. *Young v. Crowley Liner Services, Inc.*, 2009 U.S. Dist. LEXIS 22746, at *5-8 (denying plaintiffs request for more discovery because the evidence sought pertained to subsequent remedial measures and such evidence "would not be admissible at the summary judgment stage" under Rule 407 of Federal Rules of Evidence). Therefore, the Court should strike and ignore all G&B references to subsequent remedial measures instituted by the Title Companies after discovery of the fraud committed by Charles Evans.

**C.     Charles Evans was not an Agent for the Title Companies.**

    **1.     G&B cannot point to any facts or evidence that indicate Charles Evans acted as agent for the Title Companies during the G&B Transaction.**

In its Response, G&B completely and unequivocally failed to establish any facts or law that suggest Charles Evans acted on behalf of the Title Companies during the G&B Transaction. In fact, G&B does not dispute that Charles Evans entered into the G&B Transaction on his own accord, for his own purposes, and in his own personal capacity. Due to this undisputed fact, the Court should render summary judgment in favor of the Title Companies.

    **2.     G&B's attempt to impute Charles Evans' status as approved attorney in separate and independent transactions with the banks fails as a matter of law because G&B had no knowledge of Charles Evans' status as approved attorney and therefore could not rely on such status.**

Even if the Court allows G&B to impute Charles Evans' status as an approved attorney in other, unrelated transactions, G&B cannot show that Charles Evans had either apparent or actual authority for the G&B Transaction. *Andrew Jackson Life Ins. Co. v. Williams*, 566 So. 2d 1172, 1180 (Miss. 1990). Apparent authority requires that G&B must establish (1) acts or conduct on the part of the principal indicating the agent's authority, (2) reasonable reliance on those acts, *and*

6

(3) a detrimental change in position as a result of such reliance. *Id*. at 1181. (emphasis added). G&B admits that it did not know Charles Evans was an approved attorney at any time during the G&B transaction. (Exhibit "H"[6], G&B EUO, page 17-18). G&B also admits that it did not rely on anything that the Title Companies did to go through with the agreement. (Exhibit "H", G&B EUO, page 46). These critical admissions coupled with G&B's omission of evidence or facts to the contrary necessarily means that G&B cannot meet the elements of apparent authority.

As for actual authority, G&B must prove some type of actual agreement, whether oral or written, that creates an agency relationship between Charles Evans and the Title Companies. *Butler v. Bunge Corp.*, 329 F. Supp. 47, 55 (N.D. Miss. 1971). G&B has not come forward with any evidence of such an agreement. Therefore, any actual agency claim should be denied.

In Section III, A of its Response, G&B cites numerous cases for varying propositions, but it fails to cite to the record or otherwise present evidence that Charles Evans was an agent of the Title Companies. G&B's simple and conclusory statements are not enough. Indeed, reliance on unsubstantiated assertions, improbable inferences, or unsupported speculation is not competent summary judgment evidence. *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

The Title Companies not only set forth clear and undisputed facts but also substantiated the facts with the proper evidence.[7] Therefore, this Court should dismiss G&B's claims as a matter of law.

**D.     Contrary to the Rules of Procedure, G&B Attempts to Assert a New Cause of Action Against the Title Companies in its Response.**

In its Response, G&B alleges that the Title Companies were negligent in issuing G&B an owner's policy rather than a lender's policy. This is the first time that G&B has made such an

---

[6] All exhibits referenced in this brief are the same exhibits referenced in the Title Companies' memorandum brief and attached to the Title Companies' Motion for Partial Summary Judgment.

[7] This argument is located on pages 19 and 24 of the Title Companies' memorandum brief.

allegation and the timing is improper. G&B did not make such an allegation in its original complaint, first amended complaint, or second amended complaint. G&B's attempt to include new allegations in its response is contrary to the basic rules of procedure and should be denied.

## II. CONCLUSION

FOR THESE REASONS, the Title Companies respectfully request that this Court grant their motion for partial summary judgment, award expenses and attorney fees to Title Companies, and grant any additional relief deemed appropriate by this Court.

**RESPECTFULLY SUBMITTED,** this the 10th day of January 2011.

>MISSISSIPPI VALLEY TITLE INSURANCE
>COMPANY and OLD REPUBLIC TITLE
>INSURANCE COMPANY
>
>BY:  /s/ *William C. Brabec*
>      William C. Brabec (MSB No. 4240)
>      M. Scott Jones (MSB No. 102239)
>      Lindsey N. Oswalt (MSB No. 103329)
>      Benjamin B. Morgan (MSB No. 103663)
>      **ADAMS AND REESE LLP**
>      111 E. Capitol Street, Suite 350 (39201)
>      Post Office Box 24297
>      Jackson, MS  39225-4297
>      Telephone:     601-353-3234
>      Facsimile:      601-355-9708

8

**CERTIFICATE OF SERVICE**

      I hereby certify that on this day, a copy of the foregoing has been served by electronic filing through the ECF System, which provides electronic notice to all parties of record, including the following:

| | |
|---|---|
| William Liston<br>wlist3@aol.com | Terry Levy<br>tlevy@danielcoker.com |
| Lawrence Deas<br>ldeas@aol.com | Richard Bradley<br>rbradley@danielcoker.com |
| Kristina Johnson<br>kjohnson@watkinsludlam.com | Jeffrey Tyree<br>jktyree@harrisgeno.com |
| Dale Danks<br>ddanks@dmc-law.net | Jeff Rawlings<br>rrm_h@bellsouth.net |
| Michael Cory<br>mc@dmc-law.net | Mike MacInnis<br>mikems@bellsouth.net |
| Michael Simmons<br>mike@cs-law.com | Derek Henderson<br>d_henderson@bellsouth.net |

      This the 10th day of January 2011.

                                                      *s/ M. Scott Jones*
                                                      M. Scott Jones