IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

| | |
|---|---|
| JON CHRISTOPHER EVANS AND JOINTLY ADMINISTERED RELATED CASES | Case No. 09-03763-NPO |
| DEBTORS | Chapter 7 |

| | |
|---|---|
| G&B INVESTMENTS, INC. | PLAINTIFF |
| VS. | ADV. PROC. NO. 10-00040-NPO |
| DEREK A. HENDERSON, TRUSTEE FOR THE BANKRUPTCY ESTATE OF JOHN CHRISTOPHER EVANS, ET AL | DEFENDANTS |

**TITLE COMPANIES' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AGAINST HERITAGE BANKING GROUP**

Heritage Bank's (the "Bank") response limits this Court's analysis to two questions[1]:

- Did the Title Companies satisfy their obligations under the Policy by paying the Bank $430,000.00, the value of the property at the time the Bank made its claim?

- Did the Title Companies act in bad faith with regard to the Bank's title defect on Tract T-6 by paying the Bank $430,000.00 based on an appraisal dated six weeks after the Bank made a claim under the Policy?

The sole contractual dispute asserted by the Bank is over the "value of Title as insured" under the Policy. (Response, p. 7). The Title Companies paid the Bank $430,000.00, the undisputed value of the property as of January 2010—less than six weeks after the Bank made its claim under the Policy. The Bank attempts to distort the plain language of the Policy to suggest that the time of valuation of the property should be based on the hearsay appraisal of someone not

---

[1] All other claims asserted by the Bank were dismissed with prejudice by agreed order. [Dkt. No. 335].

1

designated as an expert and dated March 27, 2008—seven months before the Policy was even issued.[2] Despite the fact that this appraisal is irrelevant in time, it is also inadmissible as hearsay. Fed. R. Evid. 802. The Bank did not designate any experts on the issue of valuation. Thus, the only admissible evidence before the Court on the value of Tract T-6 is the expert appraisal opinion offered by Van Duncan and designated by the Title Companies. This appraisal sets the undisputed value of Tract T-6 at $430,000.00. For this reason alone, summary judgment is proper.

Even if this Court considers the hearsay appraisal offered by the Bank, however, the date of the valuation (March 27, 2008) offered by the Bank is irrelevant based on the clear and unambiguous terms of the Policy. The Policy states that the insurer's maximum liability is the lesser of either the full policy amount or the amount of the insured's "actual monetary loss or damage sustained". (Dkt. No. 273-5, p. 5, ¶8(a)(iii)). Actual loss has been defined by the majority of cases as the value of the property as determined on the date of discovery of the defect in the title.[3] The Seventh Circuit rejected the misplaced logic of the Bank by holding that "[a] decline in the value of the [property] between [one date] and [another date] cannot be attributed to a problem in title…. The … 'actual loss' is no greater than the price such interests would have fetched if unimpaired." *Allison v. Ticor Title Ins. Co.*, 907 F.2d 645, 651 (7th Cir. 1990). The

---

[2] The Bank repeatedly asserts that the Policy was drafted by the Title Companies, which is incorrect. The Fifth Circuit has stated that title insurance policies are arms-length transactions because the policies are drafted and promulgated by the American Land and Title Association ("ALTA"). *First Am. Title Ins. Co. v. First Trust Nat'l Ass'n (In re Biloxi Casino Belle Inc.)*, 368 F.3d 491, 496-97, FN5 (5th Cir. 2004)(citing Michael F. Jones & Rebecca R. Messall, *Mechanic's Lien Title Insurance Coverage for Construction Projects: Lenders and Insurers Beware*, 16 REAL EST. L.J. 291, 306-07 (1988)).

[3] *Hartman v. Shambaugh*, 96 N.M. 359, 363 (N.M. 1981); *R.W. Linder v. Ticor Title Ins. Co. of California, Inc.*, 647 N.E.2d 37, 39 (Ind. App. 1995) (interpreting the exact same language and finding it to be unambiguous); *Overholtzer v. Northern Counties Title Ins. Co.*, 253 P.2d 116, 125 (Cal. App. 1953) (a title policy necessarily looks to a loss that might occur in the future); *Happy Canyon Inv. v. Title Ins. Co. of Minn.*, 560 P.2d 839 (Co. App. 1976); *Sullivan v. Transamerica Title Insurance Company*, 532 P.2d 356 (Co. App. 1975); *RTC Mortg. Trust 1994 N-1 v. Fidelity Nat'l Title Ins. Co.*, 58 F. Supp. 2d 503, 534-35 (D.N.J. 1999).

Bank failed to produce any authority (controlling or persuasive) on this issue.

The Policy is clear. The Bank did not suffer a loss until it became aware of a defect in its title or sought to take action under its deed of trust. The Bank first made a claim under the Policy on November 20, 2009. (Dkt. No. 340-4, ¶ 10). The Title Companies investigated and paid the Bank $430,000.00 for its loss under the Policy. The Bank has provided no admissible or relevant evidence as to the value of Tract T-6.

Because the Title Companies have fully complied with the terms of the Policy, they cannot be found to have acted in bad faith. At a minimum, the Title Companies are entitled to summary judgment on the bad faith claims because the only arguable dispute is over the valuation of damage—not the extent of damage.[4] *Fonte v. Audubon Ins. Co.*, 8 So. 3d 161, 168 (Miss. 2009); *State Farm Mut. Auto. Ins. Co. v. Roberts*, 379 So. 2d 321, 322 (Miss. 1980).

As set forth in the memorandum brief submitted by the Title Companies and for the reasons stated herein, the Title Companies are entitled to judgment as a matter of law on all claims asserted by the Bank against the Title Companies because no genuine issues of material fact remain.

---

[4] The Bank states that "[t]he parties agree that the value of the property subject to the title defect is zero." The dispute is simply over the "value of Title as insured." (Response, p. 7).

**RESPECTFULLY SUBMITTED,** this the 10th day of January 2011.

                                          MISSISSIPPI VALLEY TITLE INSURANCE
COMPANY and OLD REPUBLIC TITLE
INSURANCE COMPANY

BY: /s/ *William C. Brabec*
       William C. Brabec (MSB No. 4240)
       M. Scott Jones (MSB No. 102239)
       **ADAMS AND REESE LLP**
       111 E. Capitol Street, Suite 350 (39201)
       Post Office Box 24297
       Jackson, MS  39225-4297
       Telephone:     601-353-3234

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, a copy of the foregoing has been served by electronic filing through the ECF System, which provides electronic notice to all parties of record, including the following:

| | |
|---|---|
| William Liston<br>wlist3@aol.com | Terry Levy<br>tlevy@danielcoker.com |
| Lawrence Deas<br>ldeas@aol.com | Richard Bradley<br>rbradley@danielcoker.com |
| Kristina Johnson<br>kjohnson@watkinsludlam.com | Jeffrey Tyree<br>jktyree@harrisgeno.com |
| Dale Danks<br>ddanks@dmc-law.net | Jeff Rawlings<br>rrm_h@bellsouth.net |
| Michael Cory<br>mc@dmc-law.net | Mike MacInnis<br>mikems@bellsouth.net |
| Michael Simmons<br>mike@cs-law.com | Derek Henderson<br>d_henderson@bellsouth.net |

This the 10th day of January 2011.

                                          /s/ *M. Scott Jones*
                                          M. Scott Jones