UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

JON CHRISTOPHER EVANS,                                         CASE NO. 09-03763-NPO

                                                               JOINTLY ADMINISTERED WITH RELATED CASES
          DEBTOR.                                              CHAPTER 7

G&B INVESTMENTS, INC.                                          PLAINTIFF

V.                                                             ADV. PROC. NO. 10-00040-NPO

DEREK A. HENDERSON, TRUSTEE, ET AL.                            DEFENDANTS

**MEMORANDUM OPINION GRANTING PARTIAL
SUMMARY JUDGMENT AGAINST G&B INVESTMENTS, INC.**

This matter came before the Court for consideration on the Title Companies' Motion for Partial Summary Judgment against G&B Investments, Inc. (the "Motion") (Adv. Dkt. No. 275) and Title Companies' Memorandum in Support of Motion for Partial Summary Judgment against G&B Investments, Inc. (the "Brief") (Adv. Dkt. No. 276); G&B Investments, Inc.'s Response to Title Companies' Motion for Partial Summary Judgment (the "Response") (Adv. Dkt. No. 339); and Title Companies' Reply in Support of Motion for Partial Summary Judgment against G&B Investments, Inc. (the "Reply") (Adv. Dkt. No. 352) in the above-styled adversary proceeding (the "Adversary"). In this matter within the Adversary, Mississippi Valley Title Insurance Company and Old Republic National Title Insurance Company (the "Title Companies") are represented by William C. Brabec and M. Scott Jones. G&B Investments, Inc. ("G&B") is represented by Dale Danks, Jr. Having considered the pleadings, the Court finds that the Motion is well-taken and should be granted as set forth herein. Specifically, the Court finds as follows:[1]

---

[1] This Memorandum Opinion constitutes the Court's findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52, made applicable by Fed. R. Bankr. P. 7052.

## Jurisdiction

This Court has jurisdiction over the subject matter of and the parties to this proceeding pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K).

## Summary Judgment Standard

Summary judgment under Fed. R. Civ. P. 56(c) is appropriate when viewing the evidence in the light most favorable to the nonmoving party, the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, if any, show that no genuine issue as to any material fact exists, and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c)(2); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Amazing Spaces, Inc. v. Metro Mini Storage, 608 F.3d 225, 234 (5th Cir. June 2, 2010).

Defense of a proper summary judgment motion requires more from the non-moving party than mere allegations or denials of its pleadings. Fed. R. Civ. P. 56(e)(2) provides, in relevant part:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial.

Fed. R. Civ. P. 56(e)(2). "[O]nce the moving party meets its initial burden of pointing out the absence of a genuine issue for trial, the burden is on the nonmoving party to come forward with competent summary judgment evidence establishing the existence of a material factual dispute." Versai Mgmt. Corp. v. Clarendon America Ins. Co., F.3d 729, 735 (5th Cir. 2010) (quoting Clark v. America's Favorite Chicken Co., 110 F.3d 295, 297 (5th Cir. 1997)). A party may not "defeat

summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co., 530 F.3d 395, 399 (5th Cir. 2008) (citing Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)). Summary judgment is "proper if the party opposing the motion fails to establish an essential element of his case." Bradley v. Allstate Ins. Co., 606 F.3d 215, 222 (5th Cir. 2010) (quoting Celotex, 477 U.S. at 322-23).

In any event, "[t]he movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir 1985). Nevertheless, where there is no opposition to the motion, the court may accept as undisputed the facts set forth in support of the motion for summary judgment, and may grant the motion when the movant's submittals make a prima facie showing of entitlement to judgment as a matter of law. *See* Eversley, 843 F.2d at 174; U.S. v. Gustafson, 2010 WL 3167783, *4 (S.D. Tex. Aug. 10, 2010).

### Facts

In December of 2007, G&B entered into a contract ("Real Estate Contract")[2] to sell approximately 104 acres referred to in this Adversary as "Tract 4" to 463 Development Company, LLC ("463 Development").[3] (Ex. A).[4] Prior to the closing of this transaction, 463 Development

---

[2] Charles Evans signed the Real Estate Contract as an "authorized agent" of 463 Development. (Ex. A).

[3] These undisputed facts are taken from the Brief.

[4] All exhibits referred to herein are attached to the Motion unless otherwise noted.

assigned its rights under the Real Estate Contract to Hanover Investments, LLC ("Hanover").[5] (Assignment Agreement Ex. B to the Motion). 463 Development and Hanover were represented by the Watkins & Eager law firm in this transaction. (Ex. C). G&B was represented by the McGlinchey Stafford law firm. This transaction will be referred to as the "G&B and Hanover Transaction."

The Real Estate Contract shows the following:

1.  The total purchase price for the 104 acres was $16 million.
2.  463 Development was required to pay $5 million cash at closing and provide a promissory note in favor of G&B for the remaining $11 million along with a purchase money deed of trust.
3.  Upon the payment of the $5 million cash at closing, G&B agreed to convey outright 28 of the 104 acres to 463 Development.

(Ex. A).

On July 23, 2008, Hanover exercised its right to purchase Tract 4 from G&B. (Second Amended Complaint ¶ 25, Adv. Dkt. No. 88). Hanover paid G&B $5 million cash at the closing and executed a promissory note worth $11 million and a purchase money deed of trust in favor of G&B. (Second Amended Complaint ¶ 25). Charles Evans signed the closing statement, promissory note, and purchase money deed of trust on behalf of Hanover. (Exs. C, D, and E).

The Title Companies issued an owner's title insurance policy to G&B on July 22, 2008, bearing policy number OP-109631 (the "Owner's Policy"). (Ex. F, Ex. G p. 11). The Owner's Policy was issued by the Title Companies through Watkins & Eager, a title agent. (Ex. F, Ex. H pp. 17-18). At the time of the G&B and Hanover Transaction, G&B was not aware that Charles Evans was an approved attorney for the Title Companies. (Ex. H pp. 17-18). The fact that the Owner's Policy was the only communication between G&B and the Title Companies is undisputed. (Ex. G pp. 23-24;

---

[5] Charles Evans signed the Assignment Agreement as both a member of 463 Development and a member of Hanover. (Ex. B).

Ex. H p. 46). The fact that Charles Evans acted solely in his capacity as the representative of the purchaser in the transaction is also undisputed. (Ex. H pp. 17-18).

## Issue

Are the Title Companies entitled to summary judgment on the tort claims asserted by G&B in Count Three, Four, and Seven of the Second Amended Complaint (Adv. Dkt. No. 88) ("G&B's Tort Claims")?

## Discussion

**The Title Companies are entitled to summary judgment on G&B's Tort Claims.**

G&B's Tort Claims against the Title Companies are comprised of three separate causes of action. In Count Three, G&B alleges that the Title Companies should be held liable for their negligent failure to monitor/supervise/audit their approved attorney, Charles Evans. In Count Four, G&B alleges that the Title Companies should be held liable for negligent misrepresentation and failure to disclose. In Count Seven, G&B alleges that, based on agency principles, the Title Companies should be held liable for the tortious acts of Charles Evans since Charles Evans was an approved attorney of the Title Companies.

In this instance, this Court is bound to apply Mississippi substantive law to determine whether the Title Companies are entitled to summary judgment on G&B's Tort Claims. Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938) ("Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state."). The Title Companies suggest that because the issue of a title company's tort liability is one of first impression in Mississippi, this Court must make an "*Erie* guess" to determine how the Mississippi Supreme Court would resolve the issue if presented with the same case. (Brief pp. 6-7). The Title Companies,

however, have drawn too narrowly the issues in this case. This Court does not need to determine the issue of a title company's tort liability to determine that G&B's tort claims fail under established Mississippi law. *See* Louque v. Allstate Ins. Co., 314 F.3d 776, 781 (5th Cir. 2002) (where the Fifth Circuit declined to make an *Erie* guess as to a particular point of law because it determined that the matter could be resolved on established state law). Mississippi law is clear that the "plaintiff bears the burden of producing evidence sufficient to establish the existence of the conventional tort elements of duty, breach of duty, proximate causation, and injury." Prewitt v. Vance, 16 So. 3d 37, 40 (Miss. App. 2009) (quoting Palmer v. Biloxi Reg'l Med. Ctr., 564 So. 2d 1346, 1355 (Miss. 1990)). In this Adversary, G&B has not borne its burden to produce sufficient evidence or legal authorities to establish that the Title Companies owed G&B a legal duty upon which to base G&B's Tort Claims.

### A. Count Three: The Title Companies owed no legal duty to G&B to monitor, supervise, or audit Charles Evans since Charles Evans was not an employee or agent of the title Companies in the G&B and Hanover Transaction.

In Count Three of the Amended Complaint, G&B alleges that the Title Companies had a duty to "all of the insured parties that rely on [their] insurance policies":

1. ensure that their approved attorneys properly manage their business bank accounts;
2. regularly conduct onsite inspections and audits of their approved attorneys;
3. ensure that their approved attorneys are conforming with prudent business practices; and
4. properly supervise and oversee the work of their approved attorneys.

(Second Amended Complaint ¶¶ 52-54). G&B has not asserted, however, that Charles Evans was an employee or agent of the Title Companies in connection with the G&B and Hanover Transaction. Furthermore, it is undisputed that Charles Evans acted solely in his capacity as the representative of

the purchaser, and not as an approved attorney, in the G&B and Hanover Transaction. (Ex. H pp. 17-18). G&B cites no legal authority to support its allegation that the Title Companies owed a duty to G&B to monitor, supervise, or audit Charles Evans under these facts. Likewise, this Court has found no legal authority that such a duty exists here. Therefore, G&B has failed to bear its burden to produce sufficient evidence or legal authorities to establish a legal duty on which to base this claim. *See* Prewitt, 16 So. 3d at 40. Accordingly, the Title Companies are entitled to summary judgment on Count Three of the Second Amended Complaint.

### B. Count Four: G&B's negligent misrepresentation / failure to disclose claim fails as a matter of law based on the undisputed facts.

In Count Four of the Second Amended Complaint, G&B asserts that the Title Companies made negligent misrepresentations or were otherwise negligent in failing to disclose their dealings with other parties and the issuance of other title commitments and policies regarding Tract 4. (Second Amended Complaint ¶¶ 62-64). In the Motion, the Title Companies assert that they could find no cases to support G&B's negligent misrepresentation / failure to disclose claim. (Brief p. 16). Likewise, this Court could find no cases to support G&B's position. Moreover, G&B did not provide any supporting legal authority in the Response to support its position that the Title Companies owed G&B a duty to disclose their dealings with other parties and the issuance of other title commitments and policies regarding Tract 4. Therefore, G&B has failed to bear its burden to produce sufficient evidence or legal authorities to establish a legal duty on which to base its Count Four claim. Id. Therefore, the Court finds that the claim fails as a matter of law, and the Title Companies are entitled to summary judgment as to Count Four of the Second Amended Complaint.

**C.	Count Seven: The Title Companies are entitled to summary judgment on G&B's agency claim.**

In Count Seven of the Second Amended Complaint, G&B alleges that, based on agency principles, the Title Companies should be held liable for the tortious acts of Charles Evans since Charles Evans was an approved attorney of the Title Companies. As to G&B, this claim is wholly without merit. It is undisputed that Charles Evans acted solely as the representative of the buyer in the G&B and Hanover Transaction. G&B's attempts to bootstrap Charles Evans's status as an approved attorney for the Title Companies on other transactions, for the purpose of creating liability on the part of the Title Companies in favor of G&B, is illogical. Moreover, even though G&B has the burden to do so, it has not provided sufficient evidence or legal authorities to establish the existence of a legal duty on the part of the Title Companies to G&B under these facts. Id. Therefore, the Court finds that G&B's agency claim fails as a matter of law, and the Title Companies are entitled to summary judgment on Count Seven of the Second Amended Complaint.

## Conclusion

Accordingly, for the reasons set forth herein, the Court finds that the Motion is well-taken and should be granted as set forth herein. A separate order consistent with this Memorandum Opinion will be entered by this Court in accordance with Federal Rules of Bankruptcy Procedure 7054 and 7058.

Neil P. Olack
United States Bankruptcy Judge
Dated: February 9, 2011