UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

JON CHRISTOPHER EVANS,                                    CASE NO. 09-03763-NPO

                                                          JOINTLY ADMINISTERED WITH RELATED CASES
DEBTOR.                                                   CHAPTER 7

G&B INVESTMENTS, INC.                                     PLAINTIFF

V.                                                        ADV. PROC. NO. 10-00040-NPO

DEREK A. HENDERSON, TRUSTEE, ET AL.                       DEFENDANTS

MEMORANDUM OPINION DENYING
TITLE COMPANIES' MOTION FOR SUMMARY JUDGMENT
AS TO HERITAGE BANKING GROUP'S CROSS-CLAIM

This matter came before the Court for consideration on the Title Companies' Motion for Summary Judgment as to Heritage Banking Group's Cross-Claim (the "Motion") (Adv. Dkt. No. 273) and the Title Companies' Memorandum in Support of Motion for Summary Judgment as to Heritage Banking Group's Cross-Claim (the "Brief") (Adv. Dkt. No. 274); Heritage Banking Group's Response in Opposition to Title Companies' Motion for Summary Judgment as to Heritage Banking Group's Cross-Claim (the "Response") (Adv. Dkt. No. 340) and the Memorandum of Law in Support of Heritage Banking Group's Response in Opposition to Title Companies' Motion for Summary Judgment as to Heritage Banking Group's Cross-Claim (the "Response Brief") (Adv. Dkt. No. 341); and the Title Companies' Reply in Support of Motion for Summary Judgment against Heritage Banking Group (the "Reply") (Adv. Dkt. No. 353) in the above-styled adversary proceeding (the "Adversary"). In this matter within the Adversary, Mississippi Valley Title Insurance Company and Old Republic National Title Insurance Company (the "Title Companies") are represented by

William C. Brabec and M. Scott Jones. Heritage Banking Group (the "Bank") is represented by Michael D. Simmons. Having considered the pleadings, the Court finds that the Motion is not well-taken and should be denied. Specifically, the Court finds as follows:[1]

## Jurisdiction

This Court has jurisdiction over the subject matter of and the parties to this proceeding pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K).

## Summary Judgment Standard

Summary judgment under Fed. R. Civ. P. 56(c) is appropriate when viewing the evidence in the light most favorable to the nonmoving party, the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, if any, show that no genuine issue as to any material fact exists, and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c)(2); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Amazing Spaces, Inc. v. Metro Mini Storage, 608 F.3d 225, 234 (5th Cir. 2010).

Defense of a proper summary judgment motion requires more from the non-moving party than mere allegations or denials of its pleadings. Fed. R. Civ. P. 56(e)(2) provides, in relevant part:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial.

Fed. R. Civ. P. 56(e)(2). "[O]nce the moving party meets its initial burden of pointing out the

---

[1] This Memorandum Opinion constitutes the Court's findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52, made applicable by Fed. R. Bankr. P. 7052.

absence of a genuine issue for trial, the burden is on the nonmoving party to come forward with competent summary judgment evidence establishing the existence of a material factual dispute." Versai Mgmt. Corp. v. Clarendon America Ins. Co., F.3d 729, 735 (5th Cir. 2010) (quoting Clark v. America's Favorite Chicken Co., 110 F.3d 295, 297 (5th Cir. 1997)). A party may not "defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co., 530 F.3d 395, 399 (5th Cir. 2008) (citing Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)). Summary judgment is "proper if the party opposing the motion fails to establish an essential element of his case." Bradley v. Allstate Ins. Co., 606 F.3d 215, 222 (5th Cir. 2010) (quoting Celotex, 477 U.S. at 322-23).

In any event, "[t]he movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir 1985). Nevertheless, where there is no opposition to the motion, the court may accept as undisputed the facts set forth in support of the motion for summary judgment, and may grant the motion when the movant's submittals make a prima facie showing of entitlement to judgment as a matter of law. *See* Eversley, 843 F.2d at 174; U.S. v. Gustafson, 2010 WL 3167783, *4 (S.D. Tex. Aug. 10, 2010).

**Facts**

On July 18, 2008, the Bank made a loan in the amount of $781,980.00 to Twinbrook Run Development Company, LLC ("Twinbrook Run").[2] (Heritage Bank's Cross-Claim against the Title

---

[2] These undisputed facts are taken from the Brief unless noted otherwise.

Companies and Derek A. Henderson, Trustee for the Bankruptcy Estate of Twinbrook Run Development Co. LLC (the "Cross-Claim" ¶ 6) (Adv. Dkt. No. 195); Ex. A; Ex. B p. 19)).[3] The Bank disbursed loan proceeds to Twinbrook Run and Charles Evans on the same day. The Bank permitted Charles Evans to close the loan. (Ex. B p. 66).

The Title Companies did not issue a title commitment to the Bank. Despite asserting otherwise in the Cross-Claim, the Bank admitted in a deposition that the Title Companies did not issue a title commitment to the Bank. (Ex. B pp. 48, 50-51, 55-56, 62-63, 107-109). The document referenced in the Cross-Claim at paragraph 8 is a certificate of title provided by Charles Evans to the Bank and does not identify or refer to the Title Companies. (Ex. C).

Over three months after the Bank closed the loan with Twinbrook Run and disbursed the loan proceeds, the Title Companies received an application and attorney's final certificate from Charles Evans seeking a lender's title insurance policy on or about October 28, 2008. (Ex. D). On October 28, 2008, the Title Companies issued a lender's title insurance policy to the Bank (the "Title Policy"). (Ex. E).

By letter dated November 4, 2008, Charles Evans provided to the Bank: (1) a certificate of title from Charles Evans to the Bank; (2) the Title Policy; and (3) the deed of trust purportedly securing the Bank's first priority security lien on the subject property. (Brief p. 4). The Bank admits that it did not and could not have relied on any representations or documents from the Title Companies for purposes of making the loan on July 18, 2008, because it did not seek to obtain a title insurance policy until October 28, 2008. (Ex. B pp. 88-89).

---

[3] The exhibits referred to herein are exhibits to the Motion unless noted otherwise.

After learning of a potential title defect in the title covered by the Title Policy, the Title Companies investigated and concluded that the Bank was not in a first priority secured lien position with respect to "Tract T-6." The Title Companies obtained an appraisal on the property from Duncan & Associates, LTD., and Mr. Van Duncan, an MAI appraiser, who appraised the property at $430,000.00. (Ex. G). Based on this appraisal, the Title Companies tendered payment to the Bank in the amount of $430,000.00. (Ex. B pp. 21, 55, 73-74). Mr. Duncan has been designated as an expert in this matter and has offered an opinion that the value of Tract T-6 is $430,000. He is the only expert who will testify before the Court on Tract T-6. The Bank did not designate any experts.

According to the Agreed Order ("Agreed Order") (Adv. Dkt. No. 335) and the Response Brief, the Bank's Cross-Claim stands as reflected in the chart below:

| | | |
|---|---|---|
| Count I: | Vicarious Liability/ Respondeat Superior | Abandoned by the Bank |
| Count II: | Breach of Contract- Title Commitment | Abandoned by the Bank |
| Count III: | Breach of Contract- Title Policy | Included in the Motion |
| Count IV: | Breach of the Covenant of Good Faith and Fair Dealing | Included in the Motion |
| Count V: | Negligent Misrepresentation | Abandoned by the Bank |
| Count VI: | Intentional Misrepresentation/ Fraud | Abandoned by the Bank |
| Count VII: | Negligent Hiring, Training, And Supervision | Abandoned by the Bank |
| Count VIII: | Bad Faith | Included in the Motion |
| Count IX: | Punitive Damages and Attorneys' Fees | Included in the Motion[4] |

(Response Brief pp. 1-2; Agreed Order). Therefore, this Memorandum Opinion will only discuss

---

[4] The discussion of "Count IX: Punitive Damages and Attorney's Fees" in both the Brief and the Response Brief appear to be inseparable from the discussion of tort claims, which have now been abandoned by the Bank, and "Count VIII: Bad Faith."

the Motion with respect to Counts III, IV, VIII, and IX of the Cross-Claim. This Memorandum Opinion will not discuss any of the claims that have been abandoned by the Bank according to the Response Brief.

In Count III of the Cross-Claim, the Bank asserts that the Title Companies breached the Title Policy by "grossly underpaying [the Bank's] claim under the policy." (Response Brief p. 2; *see also* Cross-Claim p. 5). In Count IV of the Cross-Claim, the Bank further asserts that the Title Companies "breached the covenant of good faith and fair dealing implied by law in the [Title Policy by grossly underpaying the Bank's claim under the Title Policy]." (Response Brief p. 2; *see also* Cross-Claim pp. 5-6).[5] In Count VIII of the Cross-Claim, the Bank argues that "[t]he Title Companies' acts and omissions with respect to their adjustment and payment of [the Bank's] claim under the [Title P]olicy were without a reasonable or arguable basis so as to constitute bad faith, malice, and other independent torts." (Cross-Claim p. 9; *see also* Response Brief p. 2). In Count IX of the Cross-Claim, the Bank states that "[b]ased on the [Title Companies'] acts and omissions, [tort claims which have now been abandoned by the Bank], and bad faith complained of herein, Twinbrook Run and the Title Companies are liable for punitive damages. . . ." (Cross-Claim p. 9).[6] The Title Companies maintain that they have fully satisfied their obligations under the terms of the insurance policy by paying "the difference between the value of the property and the value of [the] Bank's lien position." (Brief p. 18; *see also* Ex. E).

---

[5] The claims made in Counts III and IV of the Cross-Claim will be referred to herein as the "Bank's Contract Claims."

[6] The claims made in Counts VIII and IX of the Cross-Claim will be referred to herein as the "Bank's Bad Faith Claim."

**Issue**

Are the Title Companies entitled to summary judgment on the Bank's Contract Claims as set forth in Counts III and IV or the Bank's Bad Faith Claim as set out in Counts VIII and IX of the Cross-Claim?

**Discussion**

**The Title Companies are neither entitled to summary judgment on the Bank's Contract Claims as set forth in Counts III and IV, nor the Bank's Bad Faith Claim as set forth in Counts VIII and IX of the Cross-Claim.**

The Court finds that the Bank has adequately demonstrated in the Response Brief that genuine issues of material fact exist with regard to Counts III, IV, VIII, and IX of the Cross-Claim. Accordingly, the Court finds that the Title Companies are not entitled to summary judgment on Counts III, IV, VIII, or IX of the Cross-Claim. The Court also notes that it has the discretion to deny motions for summary judgment and allow parties to proceed to trial so that the record might be more fully developed for the trier of fact. Kunin v. Feofanov, 69 F.3d 59, 62 (5th Cir. 1995); Black v. J.I. Case Co., 22 F.3d 568, 572 (5th Cir. 1994); Veillon v. Exploration Services, Inc., 876 F.2d 1197, 1200 (5th Cir. 1989).

**Conclusion**

Accordingly, for the reasons set forth herein, the Court finds that the Motion is not well-taken and should be denied. A separate order consistent with this Memorandum Opinion will be entered by this Court in accordance with Federal Rules of Bankruptcy Procedure 7054 and 7058.

_____
Neil P. Olack
United States Bankruptcy Judge
Dated: February 18, 2011